IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JUSTIN PULLIAM,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| **COUNTY OF FORT BEND, TEXAS;** | § | **CIVIL ACTION NO.: 4:22-cv-04210** |
| **SHERIFF ERIC FAGAN, in his individual capacity; OFFICER ROBERT HARTFIELD, in his individual capacity; OFFICER JONATHAN GARCIA, in his individual capacity; OFFICER TAYLOR ROLLINS, in his individual capacity; and OFFICER RICKY RODRIGUEZ, in his individual capacity,** | § § § § § § § § § § § | |
| *Defendants.* | § | |

**COUNTY OF FORT BEND, TEXAS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED
PURSUANT TO RULE 12(B)(6), F.R.C.P. OR, ALTERNATIVELY, MOTION FOR
MORE DEFINITE STATEMENT PURSUANT TO
RULE 12(c), F.R.C.P.**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant County of Fort Bend, Texas, ("Fort Bend") moves to dismiss for failure to state a claim or, alternatively for a more definite statement as follows:

1. A municipality like Fort Bend cannot be held liable under section 1983 unless the following elements are present: (1) a policymaker, (2) an official policy or custom; and (3) a violation of constitutional rights whose moving force is the policy or custom. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Proof of a policy or custom normally requires more than a showing of isolated acts. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir.

1

2003). Ratification is only available as a theory to hold a municipality liable in extreme factual situations. *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998). Those situations are not present here.

2.  Plaintiff's claims against Fort Bend County are based upon two incidents: (1) Plaintiff was asked to move to a nearby area to film a press conference, and (2) Plaintiff was arrested (and charged by indictment) for interference with public duties, in a case currently pending as Cause No. 21-CCR-225419 in County Court at Law Number 3 of Fort Bend County. As discussed below, Plaintiff's claims do not allege a specific policy or custom that gives rise to liability on the part of Fort Bend. Instead, Plaintiff only alleges two isolated acts.

3.  Plaintiff's allegations of official policy or custom are contained in paragraphs 157, 163, 175, and 185 of his complaint. Plaintiff's allegations of official policy or custom are inadequate to state a claim upon which relief can be granted, therefore Plaintiff's claims against the County should be dismissed under rule 12(b)(6), or alternatively, Plaintiff should be required to re-plead.

4.  In paragraph 157 relating to Count 1, Plaintiff states:

> "Further, the officers' retaliatory animus was embodied in an official County policy or practice, and the retaliatory actions taken against Justin were attributable to County policy makers. Specifically, the Sheriff is a final policymaker of Fort Bend County on law-enforcement matters. And the Sheriff made a deliberate choice to have Justin removed from the press conference and thus prevent Justin from recording. The County's policy, then – as promulgated by the Sheriff just before Justin's removal – was the moving force behind the Defendants' violation of Justin's constitutional rights."

Plaintiff's allegations are insufficient to state a claim against the County for four reasons: (1) Plaintiff pleads conclusions without facts about "retaliatory animus" and "retaliatory actions," without stating facts underlying his conclusions; (2) Plaintiff does not link Sheriff Fagan's being "a final policy maker . . . on law enforcement matters" to allegedly removing Plaintiff from a press conference; (3) Plaintiff does not allege facts sufficient to transform Sheriff Fagan's alleged one-

time decision to "have Justin removed from the press conference" into (a) a County policy to remove Plaintiff from press conferences, or (b) being the moving force behind Defendants' alleged violation of Plaintiff's Constitutional rights; and (4) Plaintiff does not allege facts sufficient to overcome the individual defendants' qualified immunity.  Therefore, Plaintiff's first count against Fort Bend should be dismissed for failure to state a claim on which relief can be granted, or alternatively, Plaintiff should be ordered to replead to address the four deficiencies noted above.

5.     In paragraph 163 relating to Count 2, Plaintiff pleads:

> "Defendant Fort Bend County, specifically the FBCSO, had a widespread policy, practice or custom of discriminating against Justin and his viewpoint, as evidenced by:
> a. Justin's removal from the July 2021 press conference, which the Sheriff himself personally ordered;
> b. The Sheriff's personal visit to Justin in jail, where the Sheriff and at least one other FBCSO official impliedly expressed disapproval of Justin's First Amendment protected activities;
> c. The unidentified officer's statement during Justin's intake process that they should "teach [Justin] for fucking with us]", and
> d. The fact that Justin's prosecution for exercising his First Amendment rights has continued with the FBCSO's apparent cooperation."

Although Plaintiff says the words "policy, practice or custom," he does not identify the specific policy, practice or custom to which he refers.   None of the four stated categories of "evidence" Plaintiff cites for the existence of such policy, practice or custom identify any such policy well enough to identify it.  The problems with Plaintiff's allegation in "a" are addressed in paragraph 4 above.  Plaintiff admits that his allegations in "b" are an implication or inference that he has drawn, not facts. Category "c" is based on an alleged statement by an unknown officer, who is not alleged to be a policy maker for the County. Finally, Plaintiff's allegation in category "d" relies on conduct for which he was indicted and has criminal charges pending.  It is simply no evidence of any policy, practice or custom.    Therefore, Plaintiff's second count against Fort Bend should be dismissed for failure to state a claim on which relief can be granted, or alternatively, Plaintiff

should be ordered to replead to specifically identify the policies, practices or customs he bases count 2 upon.

6. In paragraph 175, relating to Count 3, Plaintiff alleges:

> "The Sheriff, the final policy maker for the County on law-enforcement matters, ratified Justin's arrest and the basis for it (i.e. his recording at the time of his arrest and his journalistic activities more generally), as evidenced by:
> a. The Sheriff's visit to Justin shortly after Justin's arrival; and
> b. The Sheriff's apparent knowledge of the basis for Justin's arrest (i.e., the Sheriff asking Justin if he knew why he (Justin) was there)."

Ratification liability is only available in extreme factual situations. A useful discussion of ratification as a basis of municipal liability and its disfavored nature is found in *Jennings v. Brazoria County*, 2018 WL 7625012, *5 (S.D. Texas 2018)(Not reported in Fed. Supp.). Therefore, Plaintiff's third count against Fort Bend should be dismissed for failure to state a claim on which relief can be granted, or alternatively, Plaintiff should be ordered to replead in order to state a claim.

7. In paragraph 185, relating to Count 4, Plaintiff alleges

> "As elaborated elsewhere in this complaint, the retaliatory animus was embodied in an official County policy or practice, and the retaliatory actions taken against Justin were attributable to County policymakers. Specifically, the Sheriff – as a final policymaker of Fort Bend County – made a deliberate choice to have Justin removed from the press conference."

Again, although Plaintiff says the words "policy or practice," he does not identify the specific policy or practice to which he refers. Fort Bend is entitled to know the specific policy or practice about which Plaintiff complains. Therefore, Plaintiff's fourth count against Fort Bend should be dismissed for failure to state a claim on which relief can be granted, or alternatively, Plaintiff should be ordered to replead in order to identify the specific policy or practice on which he relies in seeking to hold Fort Bend liable for Count 4.

8.      Wherefore, premises considered, Defendant County of Fort Bend respectfully prays that Plaintiff's claims against it be dismissed for failure to state a claim on which relief can be granted, or in the alternative, that Plaintiff be required to re-plead the with specificity the policies customs and practices on which he bases his claims against Fort Bend and for such other and further relief to which it has shown itself to be justly entitled.

Dated: January 4, 2023               Respectfully Submitted,

*/s/ Kevin Hedges*
Kevin Hedges, Attorney-in-Charge
Assistant Fort Bend County Attorney
SBN: 09370100
Federal ID No. 9939
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Kevin.Hedges@fbctx.gov
Attorney-In-Charge for Defendant
County of Fort Bend, Texas

## CERTIFICATE OF SERVICE

  I hereby certify that on January 4, 2023 that the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Kevin Hedges*
Kevin Hedges
