IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JUSTIN PULLIAM,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| **COUNTY OF FORT BEND, TEXAS;** § | **CIVIL ACTION NO.: 4:22-cv-04210** |
| **SHERIFF ERIC FAGAN, in his individual** § | |
| **capacity; OFFICER ROBERT** § | |
| **HARTFIELD, in his individual capacity;** § | |
| **OFFICER JONATHAN GARCIA, in his** § | |
| **individual capacity; OFFICER TAYLOR** § | |
| **ROLLINS, in his individual capacity; and** § | |
| **OFFICER RICKY RODRIGUEZ, in his** § | |
| **individual capacity,** § | |
| § | |
| *Defendants.* § | |

### DEPUTY CONSTABLE JONATHAN GARCIA'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 12(B)(6), F.R.C.P. OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(c), F.R.C.P.

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Deputy Constable Jonathan Garcia, ("Garcia") moves to dismiss for failure to state a claim or, alternatively for a more definite statement as follows:

### BACKGROUND

1. Plaintiff makes claims against Dep. Garcia based upon two incidents: (1) Plaintiff was asked to move to a nearby area to film a press conference on or about July 12, 2021, and (2) Plaintiff was arrested (and charged by indictment) for interference with public duties on or about December 21, 2021, in a case currently pending as Cause No. 21-CCR-225419 in County Court at

1

Law Number 3 of Fort Bend County. Dep. Garcia was not present or involved in the arrest of Plaintiff, yet Plaintiff seeks damages from him for his arrest. (Complaint §§ 164, 176, and 187). As discussed below, Plaintiff's claims do not allege a specific policy or custom or specific facts that gives rise to liability on the part of Dep. Garcia. Instead, Plaintiff alleges two isolated acts, from which he attempts to create a custom or policy. Plaintiff does not allege facts sufficient to overcome the qualified immunity of Dep. Garcia, which he asserts.

2. Plaintiff was moved to a nearby location to film the press conference on or about July 12, 2021 as a result of an earlier physical altercation Plaintiff had with a member of the deceased's family. Although Plaintiff states the conclusion that he was unable to hear what the Sheriff was saying (Complaint § 64), or ask additional questions (Complaint § 68), he does not allege that he told any Defendant, much less Dep. Garcia, that he was unable to hear or ask questions. He does not allege that he attempted to ask the Sheriff questions during the news conference. He does not allege that he was told by Dep. Garcia, or anyone else, that he could not ask questions. His allegation that he was moved in order to prevent him from asking questions lacks plausibility under these circumstances. Likewise, Plaintiff merely concludes that he was unable to film the news conference, he does not state facts (for example, an obstruction of his view) that prevented him from filming the news conference as alleged. (Complaint § 67). His allegation that he was moved in order to prevent him from filming lacks plausibility under these circumstances. Plaintiff does not, and cannot, allege a clearly established right to stand wherever he wants during a news conference. The bare allegation that Plaintiff was asked to move to a nearby location to film does not plausibly state a claim against Dep. Garcia, especially in light of the legitimate purpose to prevent further physical altercations.

3. The second factual basis of Plaintiff's claims that he asserts against Dep. Garcia center around his arrest for interference with public duties on or about December 21, 2021, in a case currently pending as Cause No. 21-CCR-225419 in County Court at Law Number 3 of Fort Bend County.  Plaintiff does not allege that Dep. Garcia was present at the arrest, nor was he involved. Likewise, Plaintiff admits that he was subsequently indicted by a grand jury for the charges made the basis of the foregoing case. (Complaint § 115).  Plaintiff's allegations that he was arrested, and certain property was taken as evidence, in retaliation for his exercise of his First Amendment rights lack plausibility in this situation, especially against Dep. Garcia; in which a grand jury evaluated the evidence that Plaintiff had committed a crime and indicted him for that crime.

## 12(b)(6) ANALYSIS

4      To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5. "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quotation and alteration omitted).  "If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more

definite statement under Rule 12(e)." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

6. As to Dep. Garcia and the other individual defendants, each individual defendant's alleged failure to comply with the policy or engage in the custom must be pleaded with sufficient specificity to overcome that individual defendant's assertion of qualified immunity. A court considers whether "the facts alleged show the officer's conduct violated a constitutional right," and whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court may dismiss the claim against the governmental actor based on either step in the qualified-immunity analysis. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009). For the above-stated reasons, Dep. Garcia respectfully requests that the Court dismiss Plaintiff's claims against him or order a more definite statement under Rule 12(e) in the alternative.

7. As pleaded, the complaint's § 1983 claims should be dismissed because there is not a sufficient allegation of pattern or practice to allow for single-incident *Monell* or direct § 1983 liability against Dep. Garcia, nor do Plaintiff's factual allegations state a plausible claim against Dep. Garcia under § 1983.

<u>Plaintiff Does Not Allege a Sufficient Pre-Existing Pattern of Constitutional Violations</u>.

8. For purposes of establishing direct § 1983 liability, Plaintiff is required to plead facts establishing the following elements: (1) a policymaker, (2) an official policy or custom; and (3) a violation of constitutional rights whose moving force is the policy or custom. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Proof of a policy or custom normally requires more than a showing of isolated acts. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). Yet, two isolated acts, one of which did not personally involve Dep. Garcia, are exactly

4

what Plaintiff alleges. Plaintiff's allegations, accordingly, fail to demonstrate the requisite pattern and practice necessary to plausibly establish liability on the part of Dep. Garcia.

### ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

9.  Alternatively, and to whatever extent the Court does not grant Dep. Garcia's Rule 12(b)(6) motion, the Court should grant a Rule 12(e) motion for a more definite statement. *See Beanal*, 197 F.3d at 164 ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e).").

10. A well-pleaded § 1983 allegation contains three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). While "[o]fficial policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations," it "may also be evidenced by custom." *Id.* at 579.

11. As to Fort Bend County, Plaintiff must plead that the County had some inadequate custom or policy that acted as the moving force behind a constitutional violation. *Forgan v. Howard Cnty., Tex.*, 494 F.3d 518, 522 (citing *Monell*, 436 U.S. at 690–91 (1978). Such a pleading should "specifically identif[y]" the policy or custom that caused the deprivation of Plaintiff's rights. As to Dep. Garcia and the other individual defendants, each individual defendant's alleged failure to comply with the policy or engage in the custom must be pleaded with sufficient specificity to overcome that individual defendant's assertion of qualified immunity. A court considers whether "the facts alleged show the officer's conduct violated a constitutional right," and whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Saucier v. Katz*,

5

533 U.S. 194, 201 (2001). The Court may dismiss the claim against the governmental actor based on either step in the qualified-immunity analysis. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009). For the above-stated reasons, Dep. Garcia respectfully requests that the Court order a more definite statement under Rule 12(e) in the alternative.

Wherefore, premises considered, Defendant Deputy Constable Jonathan Garcia respectfully prays that Plaintiff's claims against him be dismissed for failure to state a claim on which relief can be granted, or in the alternative, that Plaintiff be required to re-plead the with specificity the facts, policies, customs, and practices on which he bases his claims against Dep. Garcia and for such other and further relief to which he has shown himself to be justly entitled.

Dated: January 10, 2023

Respectfully Submitted,

/s/ Kevin Hedges
Kevin Hedges, Attorney-in-Charge
Assistant Fort Bend County Attorney
SBN: 09370100
Federal ID No. 9939
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Kevin.Hedges@fbctx.gov
Attorney-In-Charge for Defendants
County of Fort Bend, Texas,
Sheriff Eric Fagan and Deputy Constable
Jonathan Garcia

### CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2023 that the foregoing document was served on all counsel of record via CM/ECF.

/s/ Kevin Hedges
Kevin Hedges