**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JUSTIN PULLIAM,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **COUNTY OF FORT BEND, TEXAS;** | § | **CIVIL ACTION NO.: 4:22-cv-04210** |
| **SHERIFF ERIC FAGAN, in his individual** | § | |
| **capacity; OFFICER ROBERT** | § | |
| **HARTFIELD, in his individual capacity;** | § | |
| **OFFICER JONATHAN GARCIA, in his** | § | |
| **individual capacity; OFFICER TAYLOR** | § | |
| **ROLLINS, in his individual capacity; and** | § | |
| **OFFICER RICKY RODRIGUEZ, in his** | § | |
| **individual capacity,** | § | |
| | § | |
| *Defendants.* | § | |

**DEPUTY SHERIFF TAYLOR ROLLINS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED
PURSUANT TO RULE 12(B)(6), F.R.C.P. OR, ALTERNATIVELY, MOTION FOR
MORE DEFINITE STATEMENT PURSUANT TO
RULE 12(c), F.R.C.P.**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Deputy Sheriff Taylor Rollins, ("Rollins") moves to dismiss for failure to state

a claim or, alternatively for a more definite statement as follows:

BACKGROUND

1.      Plaintiff makes claims against Dep. Rollins based upon two incidents: (1) Plaintiff was

asked to move to a nearby area to film a press conference on or about July 12, 2021, and (2)

Plaintiff was arrested (and charged by indictment) for interference with public duties on or about

December 21, 2021, in a case currently pending as Cause No. 21-CCR-225419 in County Court at

1

Law Number 3 of Fort Bend County.  Dep. Rollins was not present or involved in asking Plaintiff

to relocate to a nearby location at a press conference, yet Plaintiff seeks damages from him for his

relocation. (Complaint §§ 158, 164, 176, and 187). As discussed below, Plaintiff's claims do not

allege a specific policy or custom or specific facts that gives rise to liability on the part of Dep.

Rollins. Instead, Plaintiff alleges two isolated acts, from which he attempts to create a custom or

policy. Plaintiff does not allege facts sufficient to overcome the qualified immunity of Dep.

Rollins, which he asserts.

2.      Plaintiff was moved to a nearby location to film the press conference on or about July 12,

2021 as a result of an earlier physical altercation Plaintiff had with a member of the deceased's

family.  Although Plaintiff states the conclusion that he was unable to hear what the Sheriff was

saying (Complaint § 64), or ask additional questions (Complaint § 68), he does not allege that he

told any Defendant, much less Dep. Rollins (who was not even present),  that he was unable to

hear or ask questions.  He does not allege that he attempted to ask the Sheriff questions during the

news conference.  He does not allege that he was told by Dep. Rollins, or anyone else, that he

could not ask questions.  His allegation that he was moved in order to prevent him from asking

questions lacks plausibility under these circumstances.  Likewise, Plaintiff merely concludes that

he was unable to film the news conference, he does not state facts (for example, an obstruction of

his view) that prevented him from filming the news conference as alleged. (Complaint § 67).  His

allegation that he was moved in order to prevent him from filming lacks plausibility under these

circumstances. Plaintiff does not, and cannot, allege a clearly established right to stand wherever

he wants during a news conference.  The bare allegation that Plaintiff was asked to move to a

nearby location to film does not plausibly state a claim against Dep. Rollins (who was not even

there), especially in light  of the legitimate purpose to prevent further physical altercations.

3.      The second factual basis of Plaintiff's claims that he asserts against Dep. Rollins center around his arrest for interference with public duties on or about December 21, 2021, in a case currently pending as Cause No. 21-CCR-225419 in County Court at Law Number 3 of Fort Bend County.  Dep. Rollins was establishing a perimeter around a location in which it was reported that a mentally ill man was inside a structure with a rifle. Plaintiff interfered with Dep. Rollins establishing the perimeter.  Even Plaintiff admits that he was subsequently indicted by a grand jury for the charges made the basis of the foregoing case. (Complaint § 115).  Plaintiff's allegations that Dep. Rollins arrested him, and that certain property was taken as evidence in retaliation for his exercise of his First Amendment rights lack plausibility in this situation, in which a grand jury evaluated the evidence that Plaintiff had committed a crime and indicted him for that crime.

12(b)(6) ANALYSIS

4.      To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5.      "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quotation and alteration omitted).  "If a complaint is ambiguous or does not contain sufficient

3

information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

6.       As to Dep. Rollins and the other individual defendants, each individual defendant's alleged failure to comply with the policy or engage in the custom must be pleaded with sufficient specificity to overcome that individual defendant's assertion of qualified immunity.  A court considers whether "the facts alleged show the officer's conduct violated a constitutional right," and whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The Court may dismiss the claim against the governmental actor based on either step in the qualified-immunity analysis. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009).  For the above-stated reasons, Dep. Rollins respectfully requests that the Court dismiss Plaintiff's claims against him or order a more definite statement under Rule 12(e) in the alternative.

7.       As pleaded, the complaint's § 1983 claims should be dismissed because there is not a sufficient allegation of pattern or practice to allow for single-incident *Monell* or direct § 1983 liability against Dep. Rollins, nor do Plaintiff's factual allegations state a plausible claim against Dep. Rollins under § 1983.

                Plaintiff Does Not Allege a Sufficient Pre-Existing Pattern of Constitutional Violations.

8.       For purposes of establishing direct § 1983 liability,  Plaintiff is required to plead facts establishing the following elements: (1) a policymaker, (2) an official policy or custom; and (3) a violation of constitutional rights whose moving force is the policy or custom. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).  Proof of a policy or custom normally requires more than a showing of isolated acts. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th

Cir. 2003).  Yet, two isolated acts, one of which did not personally involve Dep. Rollins at all, are exactly what Plaintiff alleges.  Plaintiff's allegations, accordingly, fail to demonstrate the requisite pattern and practice necessary to plausibly establish liability on the part of Dep. Rollins.

### ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

9.      Alternatively, and to whatever extent the Court does not grant Dep. Rollins' Rule 12(b)(6) motion, the Court should grant a Rule 12(e) motion for a more definite statement.  *See Beanal*, 197 F.3d at 164 ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e).").

10.      A well-pleaded § 1983 allegation contains three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  While "[o]fficial policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations," it "may also be evidenced by custom." *Id.* at 579.

11.      As to Fort Bend County, Plaintiff must plead that the County had some inadequate custom or policy that acted as the moving force behind a constitutional violation. *Forgan v. Howard Cnty., Tex.*, 494 F.3d 518, 522 (citing *Monell*, 436 U.S. at 690–91 (1978).  Such a pleading should "specifically identif[y]" the policy or custom that caused the deprivation of Plaintiff's rights.  As to Dep. Rollins and the other individual defendants, each individual defendant's alleged failure to comply with the policy or engage in the custom must be pleaded with sufficient specificity to overcome that individual defendant's assertion of qualified immunity.  A court considers whether "the facts alleged show the officer's conduct violated a constitutional right," and whether the

right was "clearly established" at the time of the defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court may dismiss the claim against the governmental actor based on either step in the qualified-immunity analysis. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009). For the above-stated reasons, Dep. Rollins respectfully requests that the Court order a more definite statement under Rule 12(e) in the alternative.

Wherefore, premises considered, Defendant Deputy Sheriff Taylor Rollins respectfully prays that Plaintiff's claims against him be dismissed for failure to state a claim on which relief can be granted, or in the alternative, that Plaintiff be required to re-plead the with specificity the facts, policies, customs, and practices on which he bases his claims against Dep. Rollins and for such other and further relief to which he has shown himself to be justly entitled.

Dated: January 25, 2023

Respectfully Submitted,

*/s/ Kevin Hedges*
Kevin Hedges, Attorney-in-Charge
Assistant Fort Bend County Attorney
SBN: 09370100
Federal ID No. 9939
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Kevin.Hedges@fbctx.gov
Attorney-In-Charge for Defendants
County of Fort Bend, Texas,
Sheriff Eric Fagan, Deputy Constable
Jonathan Garcia, Deputy Sheriff Ricky
Rodriguez, Detective Robert Hartfield and
Deputy Sheriff Taylor Rollins

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2023 that the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Kevin Hedges*
Kevin Hedges