# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JUSTIN PULLIAM,<br><br>*Plaintiff*,<br><br>v.<br><br>COUNTY OF FORT BEND, TEXAS; SHERIFF ERIC FAGAN, in his individual capacity; OFFICER ROBERT HARTFIELD, in his individual capacity; OFFICER JONATHAN GARCIA, in his individual capacity; OFFICER TAYLOR ROLLINS, in his individual capacity; and OFFICER RICKY RODRIGUEZ, in his individual capacity,<br><br>*Defendants*. | Civil Action No. 4:22-cv-4210 |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

1. The meeting of the parties required by Rule 26(f) was held on February 3, 2023, over the telephone. Counsel Victoria Clark and Jeffrey Rowes attended on behalf of Plaintiff Justin Pulliam. Kevin Hedges attended on behalf of Defendants Fort Bend County, Sheriff Eric Fagan, Officer Robert Hartfield, Officer Jonathan Garcia, Officer Taylor Rollins, and Officer Ricky Rodriguez.

2. List the cases related to this one that are pending in any state or federal court with the case number and court:

   ***State of Texas v. Justin Reid Pulliam*, 21-CCR-225419 (Fort Bend County, Texas, County Court at Law)**: Plaintiff's criminal prosecution related to the

December 2021 incident alleged in the complaint. Complaint (Dkt. 1) at ¶¶ 72–111.

3. <u>Briefly</u> describe what this case is about:

   **Plaintiff:** This is a civil-rights case. Plaintiff asserts that Defendants violated his First and Fourteenth Amendment rights by excluding him from a press conference at a public park, and, in a separate incident, arresting him for filming police during a mental-health call. Plaintiff is suing under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

   **Defendants:** Defendants claim that the individual are protected from liability by qualified immunity and Plaintiff has not alleged facts sufficient to subject the County to *Monell* liability. Plaintiff was not "excluded" from a press conference, however he was told to stand nearby as a result of an earlier altercation that he had with a family member of a decedent. Plaintiff was not arrested for filming police, but rather was arrested (and indicted) for interfering with a sheriff deputy's public duties.

4. Specify the allegation of federal jurisdiction.

   This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and civil-rights jurisdiction under 28 U.S.C. § 1343.

5. Name the parties who disagree and the reasons.

   None

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None

7. List anticipated interventions.

   None

8. Describe class-action issues:

   None

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Neither party has made the initial disclosures required by Rule 26(a). The parties propose to exchange initial disclosures no later than March 2, 2023.

10. Describe the proposed agreed discovery plan, including:

    As a preliminary statement, Plaintiff believes that he will file an amended complaint, which will moot previously filed 12(b)(6) motions. In that event, Defendants would file a joint 12(b)(6) motion to any amended complaint, if appropriate, and the parties would ask for a new briefing schedule for Plaintiff's response and Defendants' reply, if any.

    **A. Responses to Rule 26(f)(3) matters:**

**26(f)(3)(A):**

   The parties do not believe any changes are required to the procedures for initial disclosures. As mentioned above, the parties propose exchanging initial disclosures by March 2, 2023.

**26(f)(3)(B):**

   **Plaintiff**: Generally, Plaintiff will seek discovery on Defendants' evidence of compelling government reasons for its actions during the July and December 2021 incidents; Defendants' evidence on its motivations for arresting Justin in December 2021; and County policies and past practices with regard to these incidents.

   **Defendants**: Defendants will seek discovery on Plaintiff's liability and damage claims.

   The parties propose to engage in staged discovery, first relating to Defendants' claims of qualified immunity, and then, after that issue is

resolved, relating to general liability and damages. The parties believe that they can complete discovery on all issues within seven (7) months of the issue of qualified immunity being resolved.

**26(f)(3)(C):**

The parties will preserve all electronically stored evidence and do not anticipate any special issues related to such evidence.

**26(f)(3)(D):**

The parties do not anticipate any special issues related to privilege or protection of trial materials.

**26(f)(3)(E):**

The parties do not anticipate any need to reduce or enlarge the basic approach to discovery contemplated by the federal and local rules.

**26(f)(3)(F):**

The parties do not anticipate any need for additional court orders under Rule 26(c) and Rule 16(b)–(c).

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates serving interrogatories on all Defendants after initial disclosures are served.

**C. When and to whom the defendants anticipate they may send interrogatories.**

Defendants anticipate serving written discovery including interrogatories, upon Plaintiff.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking at least one oral deposition pursuant to Rule 30(b)(6) and will depose the individual Defendants in their individual capacities. Plaintiffs will take an oral deposition of any expert witness that Defendants may designate. Such depositions will occur after initial disclosures are due and before the end of discovery.

**E. Of whom and by when the defendants anticipate taking oral depositions.**

Defendant will depose Plaintiff and Plaintiff's expert witnesses, if any, and may also depose fact witnesses to each alleged basis of liability.

**F. When the plaintiff will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

All initial expert disclosures and reports will be served no later than sixty (60) days before the close of discovery. All rebuttal disclosures and reports will be served no later than twenty-one (21) days after the initial expert disclosures and reports are served.

**G. List expert depositions the plaintiff anticipates taking and their anticipated completion date.** *See* Rule 26(a)(2)(B) (expert report).

Plaintiff will depose any experts disclosed by Defendants and will complete such depositions by the close of discovery.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date.**

Defendants will depose any experts disclosed by Plaintiff and will complete such depositions by the close of discovery.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    The parties agree on the discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None

13. State the date the planned discovery can reasonably be completed.

    The parties believe that they can complete discovery on all issues within seven (7) months of the issue of qualified immunity being resolved.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties have fully shared their views about settlement. Plaintiff does not anticipate settlement because he believes Defendants violated his constitutional rights, and he is not prepared to settle unless Defendants publicly acknowledge these violations and make changes to ensure they do not happen in the future. Moreover, the Fort Bend County District Attorney's Office is currently prosecuting Plaintiff for one of the incidents that is the subject of this lawsuit, and Plaintiff does not believe that settlement is possible while the prosecution is ongoing. That said, the parties discussed, and will continue to discuss, ways to reduce the burdens of discovery, such as through stipulations, and bring the case to resolution as expeditiously as possible. Plaintiff's counsel has agreed to speak to their client in good faith about a demand.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    As noted, the parties discussed, and will continue to discuss, ways to reduce the burdens of discovery, such as through stipulations, and bring the case to resolution as expeditiously as possible. Plaintiff's counsel has agreed to speak to their client in good faith about a demand.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

For the reasons described above, the parties do not believe that alternative dispute resolution will be helpful. If Plaintiff makes a demand, Defendants believe that mediation with a third party mediator may be appropriate.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   The parties do not consent to trial before a magistrate.

18. State whether a jury demand has been made and if it was made on time.

   No jury demand made.

19. Specify the number of hours it will take to present the evidence in this case.

   2–3 days or 16–24 hours

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   None

21. List other motions pending.
   A. Defendant Fort Bend County's motion to dismiss (Dkt. 15)
   B. Defendant Fagan's motion to dismiss (Dkt. 19)
   C. Defendant Garcia's motion to dismiss (Dkt. 21)
   D. Defendant Rodriguez's motion to dismiss (Dkt. 23)
   E. Defendant Hartfield's motion to dismiss (Dkt. 26)
   F. Defendant Rollins's motion to dismiss (Dkt. 27)

22. Indicate other matters particular to this case, including discovery, that deserve the special attention of the court at the conference.

   Plaintiff may amend the complaint to address issues raised in the motions to dismiss and to add a claim. In that event, Defendants would file, if appropriate, a joint 12(b)(6) motion, and the parties would ask for a new briefing schedule for Plaintiff's response and Defendants' reply, if any.

23. Names, bar numbers, addresses and telephone numbers of counsel are as follows:

**Counsel for Plaintiff:**
Victoria Clark, Attorney-in-Charge
Texas Bar No. 24109731
Federal ID No. 3749010
Jeffrey Rowes*, of counsel
TX Bar No. 24104956
**INSTITUTE FOR JUSTICE**
816 Congress Ave., Suite 960
Austin, TX 78701
Tel: (512) 480-5936
Fax: (512) 480-5937
Email: tclark@ij.org
          jrowes@ij.org

**Counsel for Defendants:**
Kevin Hedges, Attorney-in-Charge
Assistant Fort Bend County Attorney
Texas Bar No.: 09370100
Federal ID No. 9939
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
Tel.: (281) 341-4555
Fax: (281) 341-4557
Email: Kevin.Hedges@fbctx.gov

Dated: February 6, 2023

/s/ Victoria Clark
Victoria Clark, Attorney-in-Charge
Texas Bar No. 24109731
Federal ID No. 3749010
Jeffrey Rowes*, of counsel
TX Bar No. 24104956
**INSTITUTE FOR JUSTICE**
816 Congress Ave., Suite 960
Austin, TX 78701
Tel: (512) 480-5936

Fax: (512) 480-5937
Email: tclark@ij.org
      jrowes@ij.org

*Counsel for Plaintiff Justin Pulliam*
*Admitted *pro hac vice*

Dated: February 6, 2023

/s/ Kevin Hedges
Kevin Hedges, Attorney-in-Charge
Assistant Fort Bend County Attorney
Texas Bar No.: 09370100
Federal ID No. 9939
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
Tel.: (281) 341-4555
Fax: (281) 341-4557
Email: Kevin.Hedges@fbctx.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system and served by the CM/ECF system to all counsel of record.

/s/ Victoria Clark
Victoria Clark, Attorney-in-Charge
*Counsel for Plaintiff*
