IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JUSTIN PULLIAM,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **COUNTY OF FORT BEND,** | § | CIVIL ACTION NO. 4:22-cv-4210 |
| **TEXAS; SHERIFF ERIC FAGAN,** | § | |
| in his individual capacity; **OFFICER** | § | |
| **ROBERT HARTFIELD,** in his | § | |
| individual capacity; **OFFICER** | § | |
| **JONATHAN GARCIA,** in his | § | |
| individual capacity; **OFFICER** | § | |
| **TAYLOR ROLLINS,** in his | § | |
| individual capacity; and **OFFICER** | § | |
| **RICKY RODRIGUEZ,** in his | § | |
| individual capacity, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE
GRANTED PURSUANT TO RULE 12(B)(6), F.R.C.P.**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants County of Fort Bend, Texas ("Fort Bend"), Sheriff Eric Fagan, ("Fagan"), Officer Robert Hartfield ("Hartfield"), Officer Jonathan Garcia ("Garcia"), Officer Taylor Rollins ("Rollins"), and Officer Ricky Rodriguez

1

("Rodriguez") move to dismiss Plaintiff's First Amended Complaint for failure to state a claim as follows:

## BACKGROUND

1. Plaintiff's claims against all Defendants are based upon two incidents: (1) Plaintiff was asked to move to a nearby area to film a press conference on or about July 12, 2021[1], and (2) Plaintiff was arrested (and charged by indictment) for interference with public duties on or about December 21, 2021, in a case currently pending as Cause No. 21-CCR-225419 in County Court at Law Number 3 of Fort Bend County.[2] Additionally, Plaintiff makes a claim against Fort Bend (Count V) for alleged defects in a search warrant executed in connection with Cause No. 21-CCR-225419. Every individual Defendant asserts the defense of Qualified Immunity. Fort Bend asserts that it does not have *Monell* liability on the facts alleged by Plaintiff, nor does Plaintiff's "Search Warrant" claim (Count V) state a claim on which relief can be granted.

## 12(b)(6) ANALYSIS

2. To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

---

[1] Plaintiff asserts claims against Fort Bend, Fagan, Hartfield, and Garcia (Counts I and IV) arising out of his Press Conference Allegations.
[2] Plaintiff asserts claims against Fort Bend, Fagan, Rollins and Rodriguez (Counts II and III) arising out of his Arrest Allegations.

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3. "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quotation and alteration omitted).

4. For purposes of establishing direct § 1983 liability against Fort Bend, Plaintiff is required to plead facts establishing the following three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). While "[o]fficial policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations," it "may also be evidenced by custom." *Id.* at 579. Proof of a policy or custom normally requires more than a showing of isolated

acts. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). As to Fort Bend County, Plaintiff must plead that the County had some inadequate custom or policy that acted as the moving force behind a constitutional violation. *Forgan v. Howard Cnty., Tex.*, 494 F.3d 518, 522 (citing *Monell*, 436 U.S. at 690–91 (1978). Such a pleading should "specifically identif[y]" the policy or custom that caused the deprivation of Plaintiff's clearly established Constitutional rights.

5. As to the individual defendants, each individual defendant's alleged compliance with the defective policy or engagement in the defective custom must be pleaded with sufficient specificity to overcome that individual defendant's assertion of qualified immunity. A court considers whether "the facts alleged show the officer's conduct violated a constitutional right," and whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court may dismiss the claim against the governmental actor based on either step in the qualified-immunity analysis. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009).

6. As pleaded, the complaint's § 1983 claims should be dismissed because there is not a sufficient allegation of pattern or practice to allow for single-incident *Monell* or direct § 1983 liability, nor do Plaintiff's factual allegations state a plausible claim under § 1983.

## PLAINTIFF'S COUNTS I AND IV RELATING TO HIS PRESS CONFERENCE ALLEGATIONS DO NOT STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

7.      Plaintiff was moved to a nearby location to film the press conference on or about July 12, 2021 as a result of an earlier physical altercation Plaintiff had with a member of the deceased's family.  Plaintiff does not, and cannot, allege a clearly established Constitutional right to stand wherever he wants during a press conference.

8.      Although Plaintiff states the conclusion that he was unable to hear what the Sheriff was saying (Amended Complaint § 64), or ask additional questions (Amended Complaint § 68), he does not allege that he told any Defendant that he was unable to hear or ask questions.  He does not allege that he attempted to ask the Sheriff questions during the news conference.  He does not allege that he was told that he could not ask questions.  His allegation that he was moved in order to prevent him from asking questions lacks plausibility under these circumstances.  Likewise, Plaintiff merely concludes that he was unable to film the news conference, he does not state facts (for example, an obstruction of his view) that prevented him from filming the news conference as alleged. (See Amended Complaint § 67).   His allegation that he was moved in order to prevent him from filming lacks plausibility under these circumstances. The bare allegation that Plaintiff was asked to move to a nearby location to film does not plausibly state a claim against Defendants.

9. Plaintiffs' Counts I and IV fail because (1) There is no clearly established right for a person, whether media or not, to stand wherever he wants during a press conference, (2) Plaintiff does not allege that he communicated his claimed inability to see or hear the press conference to any Defendant before filing this lawsuit, so that they could correct any real problem that existed, and (3) Plaintiff's earlier physical altercation with a member of the deceased's family provides a legitimate and compelling reason to have Plaintiff stand at a location a short distance away from the Sheriff and other participants in the press conference.

## PLAINTIFF'S COUNTS II AND III RELATING TO HIS ARREST ALLEGATIONS DO NOT STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

10. The second factual basis of Plaintiff's claims against Defendants centers around Plaintiff's arrest for interference with public duties on or about December 21, 2021, in a case currently pending as Cause No. 21-CCR-225419 in County Court at Law Number 3 of Fort Bend County. Plaintiff admits that he was subsequently indicted by a grand jury for the charges made the basis of the foregoing case. (Amended Complaint § 125). Plaintiff does not complain in his Amended Complaint that the Grand Jury acted improperly in indicting him, only saying that the indictment was "unnecessary and unusual." (Amended Complaint § 125) Plaintiff's allegations that he was arrested and certain property was taken as evidence in retaliation for his exercise of his First Amendment rights lack plausibility in this

situation; in which a grand jury evaluated the evidence that Plaintiff had committed a crime and indicted him for that crime. Plaintiff's Counts II and III fail to state a claim on which relief can be granted because there was probable cause to arrest, charge and indict Plaintiff. Plaintiff does not, and cannot, allege any clearly established right or privilege arising under the First Amendment to interfere with a police officer's public duties.

## PLAINTIFF'S COUNT V RELATING TO HIS SEARCH WARRANT ALLEGATIONS DO NOT STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

11. Plaintiff complains in Count V that a search warrant issued in connection with his criminal case is invalid because it is not wholly based upon the non-Defendant officer's personal knowledge. (Amended Complaint §§ 210 – 220). Plaintiff has no clearly established Constitutional right to have every search warrant issued in his criminal case be based solely on the verifying officer's personal knowledge. In fact, examples abound in which the Courts have held that hearsay can be properly included in a probable cause affidavit seeking issuance of a search warrant. *See e.g. Illinois v. Gates*, 103 S.Ct. 2317 (U.S. 1983)(anonymous handwritten letter which was corroborated by the totality of the circumstances could be considered in determining whether probable cause to issue a search warrant existed). Because Plaintiff has no clearly established Constitutional right to have search warrants be

7

based solely on the affiant's personal knowledge of the facts of the offense, Count V fails to state a claim on which relief can be granted.

Wherefore, premises considered, Defendants respectfully pray that Plaintiff's claims against them be dismissed for failure to state a claim on which relief can be granted and for such other and further relief to which they have shown themselves to be justly entitled.

Dated: March 10, 2023

Respectfully Submitted,

*/s/ Kevin Hedges*
Kevin Hedges, Attorney-in-Charge
Assistant Fort Bend County Attorney
SBN: 09370100
Federal ID No. 9939
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Kevin.Hedges@fbctx.gov
Attorney-In-Charge for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023 that the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Kevin Hedges*
Kevin Hedges