IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN PULLIAM, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| COUNTY OF FORT BEND, TEXAS; | § | CIVIL ACTION NO.: 4:22-cv-04210 |
| SHERIFF ERIC FAGAN, in his individual capacity; OFFICER ROBERT HARTFIELD, in his individual capacity; OFFICER JONATHAN GARCIA, in his individual capacity; OFFICER TAYLOR ROLLINS, in his individual capacity; and OFFICER RICKY RODRIGUEZ, in his individual capacity, | § | |
| *Defendants.* | | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 12(B)(6), F.R.C.P.**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants County of Fort Bend, Texas ("Fort Bend"), Sheriff Eric Fagan, ("Fagan"), Officer Robert Hartfield ("Hartfield"), Officer Jonathan Garcia ("Garcia"), Officer Taylor Rollins ("Rollins"), and Officer Ricky Rodriguez ("Rodriguez") replies as follows to Plaintiff's Response to Defendants' Motion to

1

Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim (Doc. 40) as follows:

### COUNT V OF PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

**The Search Warrant Claim.**

1. Plaintiff concedes that the search warrant about which Plaintiff complains in Count 5 of his Amended Complaint is authorized under controlling Supreme Court precedent. (Doc. 40, page 23). Therefore, count five of Plaintiff's First Amended Complaint should be dismissed for failure to state a claim.

### COUNTS I – IV OF PLAINTIFFS' FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THEY DO NOT ADEQUATELY STATE A CLAIM

**The Press Conference Claims.**

2. Plaintiff seeks relief against Fort Bend County, Sheriff Fagan, Dep. Hartfield, and Dep. Garcia for their actions relating to the press conference on July 12, 2021. (Doc. 33, Counts 1 and 4). The law is clear that Plaintiff must plead facts, not conclusions, in order to state a claim against each of these Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."). This, Plaintiff did not do. With relation to the press conference claim, Plaintiff pleads: "Defendants removed Justin because they did not deem him a

member of the media, disagreed with his viewpoint, and disliked that he was critical of the police both earlier that day and in his work generally." (Doc. 33, § 66). Defendants concede that Plaintiff pleaded statements attributed to Sheriff Fagan (Doc. 33, §56), and Dep. Hartfield (Doc. 33, §60) that Plaintiff "was not media." However, Plaintiff does not plead facts tending to show that either Sheriff Fagan or Deputy Hartfield "disagreed with his viewpoint, and disliked that he was critical of the police" and that their disagreement and dislike was a moving force behind any actions that they took. Plaintiff likewise does not plead facts showing that any Defendant knew that Plaintiff could not see or hear from the location to which he was moved. As to Dep. Garcia, Plaintiff pleads no facts showing an improper motivation for his actions. (Doc. 33, §§ 46 – 70). Therefore, as to these Defendants and Fort Bend County, but at least as to Dep. Garcia, Plaintiff's claims relating to the press conference should be dismissed for failing to state a claim.

**The Arrest Claims**.

3. Plaintiff seeks relief against Fort Bend County, Sheriff Fagan, Dep. Rollins and Dep. Rodriguez for Plaintiff's arrest in December of 2021. (Doc. 33, Counts 2 and 3). Once again, Plaintiff did not plead facts establishing that any Defendant engaged in "content-based, viewpoint based, and speaker-based discrimination and unreasonably restricting his right to record." (Doc. 33, §181). Plaintiff pleads no facts against Dep. Rollins or Dep. Rodriguez tending to prove

that they "were substantially motivated to arrest Justin because they wanted to retaliate against him based on his previous journalistic activities of reporting, commenting, and otherwise expressing opinions on and distributing information about the FBCSO and its officials." (Doc. 33, §194). As Plaintiff concedes, the "presence of probable cause generally defeats a First Amendment retaliatory arrest claim." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1726 (2019). Plaintiff admits that he was indicted by a grand jury for the charges upon which he was arrested. (Doc. 33, § 125). Plaintiff does not complain that the Grand Jury acted improperly in indicting him, only saying that the indictment was "unnecessary and unusual." (Doc. 33, § 125). Other than making the conclusory allegations that he did not "interfere with the officers' attempts to perform their duties," (Doc. 33, §96) or "endanger officers, himself, or any other members of the public." (Doc. 33, § 97), Plaintiff does not contest the probable cause for his arrest. In fact, Plaintiff attached Dep. Rollins' Probable Cause Affidavit to his Amended Complaint. (Doc. 33-1, § C, page 23 of 70). In short, probable cause to arrest Plaintiff existed. (Doc. 33-1, § C). Plaintiff did not plead facts that either Rollins or Rodriguez had an improper animus for arresting, and transporting, Plaintiff to jail, respectively. Therefore, Plaintiff has not stated a claim against any Defendant for his arrest on December 21, 2021, and his claims should be dismissed for failure to state a claim.

Wherefore, premises considered, Defendants respectfully pray that Plaintiff's claims against them be dismissed for failure to state a claim on which relief can be granted and for such other and further relief to which they have shown themselves to be justly entitled.

Dated: April 17, 2023

Respectfully Submitted,

*/s/ Kevin Hedges*
Kevin Hedges, Attorney-in-Charge
Assistant Fort Bend County Attorney
SBN: 09370100
Federal ID No. 9939
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Kevin.Hedges@fbctx.gov
Attorney-In-Charge for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023 that the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Kevin Hedges*
Kevin Hedges