IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JUSTIN PULLIAM,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| **COUNTY OF FORT BEND,** | § | CIVIL ACTION NO. 4:22-cv-4210 |
| **TEXAS; SHERIFF ERIC FAGAN,** | § | |
| in his individual capacity; **OFFICER** | § | |
| **ROBERT HARTFIELD,** in his | § | |
| individual capacity; **OFFICER** | § | |
| **JONATHAN GARCIA,** in his | § | |
| individual capacity; **OFFICER** | § | |
| **TAYLOR ROLLINS,** in his | § | |
| individual capacity; and **OFFICER** | § | |
| **RICKY RODRIGUEZ,** in his | § | |
| individual capacity, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE AND
RETROSPECTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants County of Fort Bend, Texas ("Fort Bend"), Sheriff Eric Fagan, ("Fagan"), Officer Robert Hartfield ("Hartfield"), Officer Jonathan Garcia ("Garcia"), Officer Taylor Rollins ("Rollins"), and Officer Ricky Rodriguez ("Rodriguez") (Defendants other than Fort Bend County are sometimes collectively

1

referred to as the "Individual Defendants") answer Plaintiff's First Amended Complaint (Doc. 33) as follows:

## BACKGROUND

1.  Plaintiff's claims against all Defendants are based upon two incidents: (1) Plaintiff was asked to move to a nearby area to film a press conference on or about July 12, 2021[1], and (2) Plaintiff was arrested (and charged by indictment) for interference with public duties on or about December 21, 2021, in a case currently pending as Cause No. 21-CCR-225419 in County Court at Law Number 3 of Fort Bend County.[2] Additionally, Plaintiff makes a claim against Fort Bend (Count V) for alleged defects in a search warrant executed in connection with Cause No. 21-CCR-225419. The Court dismissed Plaintiff's claim relating to the search warrant for failure to state a claim on which relief could be granted. (Doc. 48). Every individual Defendant asserts the defense of Qualified Immunity. Fort Bend asserts that it does not have *Monell* liability on the facts alleged by Plaintiff.

## THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

2.  Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights. Although the section contains no reference to

---

[1] Plaintiff asserts claims against Fort Bend, Fagan, Hartfield, and Garcia (Counts I and IV) arising out of his Press Conference Allegations.
[2] Plaintiff asserts claims against Fort Bend, Fagan, Rollins and Rodriguez (Counts II and III) arising out of his Arrest Allegations.

qualified immunity, 'Congress intended the statute to be construed in the light of common-law principles that were well settled at the time of its enactment.'" *Cousin v. Small,* 325 F.3d 627, 631 (5th Cir. 2003) (*quoting Kalina v. Fletcher*, 522 U.S. 118, 123, 139 L. Ed. 2d 471, 118 S. Ct. 502 (1997) (*citing Tenney v. Brandhove*, 341 U.S. 367, 95 L.Ed. 1019, 71 S. Ct. 783 (1951); *Briscoe v. LaHue*, 460 U.S. 325, 330, 75 L. Ed. 2d 96, 103 S. Ct. 1108 (1983)). "Therefore, the immunities existing at common law at the time of § 1983's enactment are applicable to actions brought under it." *Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003).

3. Governmental officials performing discretionary functions generally are shielded from liability for civil damages provided their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18, 102 S. Ct. 2727, 2738 (1982); *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir.), cert. denied, 531 U.S. 816, 121 S. Ct. 52 (2000). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42, 115 S. Ct. 1203, 1208 (1995); accord *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

4. The analysis to determine whether qualified immunity applies is a two-step process. It requires a determination of whether the plaintiffs have proved the

violation of a constitutional right, as well as a determination of whether the conduct alleged was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Saucier v. Katz*, 533 U.S. 194, 199, 121 S. Ct. 2151, 2155 (2001). If a trial court determines that a plaintiff's allegations, if proven, would have violated a constitutionally protected right, the next step in a qualified immunity analysis is determining whether the right allegedly violated was clearly established in a particularized sense at the time a defendant was alleged to have violated it. *Saucier*, 533 U.S. at 201-02, 121 S. Ct. at 2155-56.

5. "The second prong [of the qualified immunity analysis] 'is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of the then clearly established law.'" *Felton v. Polles*, 315 F.3d 470, 477 (5th Cir. 2002) (emphasis added) (*quoting Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998)). The second step "focuses not only on the state of the law at the time of the complained of conduct, but also on the particulars of the challenged conduct and/or factual setting in which it took place." *Pierce v Smith*, 117 F.3d 866, 872 (5th Cir. 1997).

6. To overcome an assertion of qualified immunity, a plaintiff must prove facts demonstrating that a governmental actor violated clearly established federal rights. *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992). A plaintiff must allege facts

which would establish that no reasonable government official could have reasonably believed the accused officials' alleged conduct was lawful in light of the information he possessed and clearly established law. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000).

7. If governmental actors of reasonable competence could disagree as to whether the alleged conduct violated a plaintiff's rights, immunity applies. *Malley v Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096 (1986). If a reasonable governmental actor, possessing the same information known to the individual at the time of the occurrence, could have believed his acts to be lawful in light of clearly established law, the official is entitled to dismissal of the claims against him based upon his immunity.

8. Most importantly, when a defendant invokes immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002). To avoid a Rule 12(b)(6) dismissal of a claim against an individual defendant, a plaintiff must allege particularized facts which, if proven, would defeat an immunity defense. *Brown v. Glossip*, 878 F.2d 871, 874 (5th Cir. 1989); *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985).

9. To prove a personal-capacity claim under Sec.1983 plaintiff's must prove that while acting under color of state of state law defendants were personally involved in the deprivation of a right secured by the laws or Constitution of the

5

United states, or that defendant's wrongful actions were causally connected to such a deprivation. *James v Collin County*, 535 F.3d.365, 373 (5th Cir. 2008) *see also Khansari v. City of Houston,* 14 F. Supp.3d 842 (2014).

10.     All of the Individual Defendants are entitled to Qualified Immunity.

### FORT BEND COUNTY DID NOT VIOLATE PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS NOR DID IT HAVE A POLICY TO DO SO

11.     Fort Bend County affirmatively pleads that it had no policy, practice or custom designed to violate, abridge or chill Plaintiff's rights under the Constitution as amended.  Fort Bend County would also show that it had, as did its employees and agents, a legitimate and compelling governmental interest for every act or omission about which Plaintiff complains.   Fort Bend County did not ratify any Unconstitutional act. Plaintiff's clearly established Constitutional rights were not violated by Fort Bend County or any of the individual Defendants.

12.     Plaintiffs' Counts I and IV fail because (1) There is no clearly established right for a person, whether media or not, to stand wherever he wants during a press conference, (2) Plaintiff does not allege that he communicated his claimed inability to see or hear the press conference to any Defendant before filing this lawsuit, so that they could correct any real problem that existed, and (3) Plaintiff's earlier physical altercation with a member of the deceased's family provides a legitimate

and compelling reason to have Plaintiff stand at a location a short distance away from the Sheriff and other participants in the press conference.

13.     The second factual basis of Plaintiff's claims against Defendants centers around Plaintiff's arrest for interference with public duties on or about December 21, 2021, in a case currently pending as Cause No. 21-CCR-225419 in County Court at Law Number 3 of Fort Bend County.  Plaintiff admits that he was subsequently indicted by a grand jury for the charges made the basis of the foregoing case. (Amended Complaint § 125).  Plaintiff does not complain in his Amended Complaint that the Grand Jury acted improperly in indicting him, only saying that the indictment was "unnecessary and unusual."  (Amended Complaint § 125) Plaintiff's allegations that he was arrested and certain property was taken as evidence in retaliation for his exercise of his First Amendment rights lack plausibility in this situation; in which a grand jury evaluated the evidence that Plaintiff had committed a crime, found probable cause, and indicted him for that crime. There was probable cause to arrest, charge and indict Plaintiff.  Plaintiff does not, and cannot, prove any clearly established right or privilege arising under the First Amendment to interfere with a police officer's public duties.

## SPECIFIC ADMISSIONS AND DENIALS OF PLAINTIFF'S ALLEGATIONS

14.     Defendants can neither admit nor deny the first three sentences in Plaintiff's paragraph number 1 because they lack the information to do so.  Defendants admit

7

that Plaintiff regularly posts on YouTube and Facebook. Defendants deny that Sheriff Fagan excluded Plaintiff from a press conference in July of 2021, however, Defendants admit that Plaintiff was directed to stand nearby where the traditional media were asking questions due to a prior physical altercation that Plaintiff was involved on that morning and due to complaints about Plaintiff's conduct from members of the media. Defendants deny that Plaintiff was prohibited from or was unable to film, record, hear or participate in the press conference. Defendants deny that Plaintiff was arrested as a retaliatory act. Officer Rollins had probable cause to arrest Plaintiff for interfering with his duties.

15. Defendants deny that any unconstitutional attacks took place on Plaintiff's activities as alleged in numbered paragraph 2.

16. Defendants admit the allegations in numbered paragraphs 3, 4 and 5.

17. Defendants do not believe that any response is required to the allegations contained in numbered paragraphs 6 – 12.

18. Defendants are without knowledge to admit or deny the allegations in paragraphs 13 – 32 as Plaintiff's motivations and beliefs are uniquely within his knowledge. Defendants admit that Plaintiff regularly posts video and commentary on social media.

19. Defendants admit the allegations contained in numbered paragraphs 33 – 36.

20. Defendants deny that Plaintiff's recordings were regularly the only meaningful video evidence of FBSCO officer's encounters with the public as alleged in numbered paragraph 37.

21. Defendants admit the factual allegations contained in numbered paragraphs 38 – 42.

22. Defendants deny that their actions have been inconsistent with their words as alleged in paragraph 43.

23. Defendants deny that Plaintiff's relationship with FBSCO deteriorated after Sheriff Fagan took office as alleged in numbered paragraph 44.

24. Defendants deny that there is a "conflict" between Plaintiff and Defendants or that such "conflict" came to a head in the latter half of 2021 as alleged in numbered paragraph 45.

25. Defendants admit the allegations contained in numbered paragraphs 46 – 49.

26. Defendants admit the allegations contained in numbered paragraphs 50 -54, with the exception that Defendants deny they "physically crowded" Plaintiff or that other individuals were allowed to film closer to the scene for any meaningful amount of time as the park was being cleared.

27. Defendants deny the allegation in numbered paragraph 55 that Pulliam was not being disruptive in any way.  Earlier that morning, Plaintiff was involved in a

physical altercation with a member of the deceased's family. Additionally, members of the media complained of Plaintiff's disruptive behavior.

28. Defendants deny the allegations contained in paragraphs 56 – 70 with the exception that Defendants admit that Hartfield and Garcia asked Pulliam to move a short distance away from the location where Sheriff Fagan was talking to the media, at the Sheriff's request, Defendants deny that they attempted to exercise control over what Plaintiff was recording and filming as a result of Pulliam's disruptive conduct earlier that morning. Defendants deny that Plaintiff was unable to see, hear, film, or participate in the interactions Sheriff Fagan was having with the media. Defendants deny that Plaintiff ever told them that the short distance he was asked to move prevented him from seeing, hearing, filming or recording anything that he wished to.

29. Defendants lack knowledge to admit or deny the allegations contained in numbered paragraph 71 – 74, with the exception that Defendants admit that Plaintiff arrived at the scene and began filming as alleged in paragraph 74.

30. Defendants deny the allegations contained in numbered paragraph 75 with the exception that they admit that at some point Defendant Rodriguez radioed that Plaintiff was on the scene.

31. Defendants admit that the events described in numbered paragraphs 76 – 79 took place in and around a home adjacent to a gas station, which are believed to be

owned or occupied by the woman with whom Plaintiff talked. Defendants also admit that the mentally ill citizen was believed to be, and was in fact armed with a rifle inside the house.

32. Defendants admit the interaction described in numbered paragraph 80 while Rodriguez was attempting to manage the risks inherent in this volatile situation.

33. Defendants deny the allegation that Plaintiff was stationary as alleged in numbered paragraph 81, he was moving around and distracting the officers on scene who were trying to bring the situation to a safe resolution.

34. Defendants admit the allegations in numbered paragraph 82, with the exception that Defendants deny that Officer Rollins knew that the mental health workers worked for Texana, the local mental health authority, at the time that he ordered them across the street. As soon as they identified themselves and their role on scene to help assure a safe resolution to the situation, he rescinded his order that they relocate.

35. Defendants admit the allegation that there was no crime-scene tape at the scene as alleged in numbered paragraph 83, but deny that there was no indication that a perimeter had been or was being established.

36. Defendants deny the allegations in numbered paragraphs 84 and 85.

37. Defendants admit the allegations contained in numbered paragraphs 86 – 89, except Defendants deny (1) that Rollins was talking to "bystanders," he was

discussing the situation with Texana workers who were involved to help safely manage the situation, (2) that Plaintiff "continued to move away for the trailer," Plaintiff moved away and then moved back so that he essentially stayed the same distance from the house in which the armed and mentally-ill man was barricaded.

38. Defendants deny the allegations contained in numbered paragraph 89, except Defendants admit that Rollins continued to insist that Plaintiff move to a safer distance away from the house and gave him a countdown on his fingers in order to give him time to do so.

39. Defendants admit the allegations in numbered paragraphs 90 – 91.

40. Defendants deny that there were "bystanders" at the scene other than Plaintiff as alleged in numbered paragraph 92. Defendants admit that the Texana workers who were on scene to facilitate a safe resolution to the standoff were not arrested or forced to move to a location at which they could not facilitate a safe resolution.

41. Defendants admit the allegations contained in numbered paragraph 93.

42. Defendants deny the allegations contained in numbered paragraphs 94, 96 and 97.

43. Defendants admit that Plaintiff did not converse with any Fort Bend County Sheriff's officer besides Deps. Rodriguez and Rollins prior to his arrest as alleged in numbered paragraph 95.

44. Defendants admit the allegations contained in numbered paragraph 98.

45. Defendants admit that Dep. Rollins seized evidence relating to Plaintiff's interference with Dep. Rollins, for which Plaintiff was arrested, as alleged in paragraph 99 – 100, some of which was returned prior to the criminal trial.

46. Defendants admit that certain property is being retained as evidence as alleged in numbered paragraph 101, except Defendants deny that Plaintiff has not been provided with a copy of the audio and video of his arrest contained in those memory cards.

47. Defendants admit the allegations in numbered paragraphs 102 – 104.

48. Defendants deny the allegations contained in numbered paragraph 105.

49. Defendants deny the allegations contained in paragraphs 106 – 109, except Defendants admit that the Sheriff made a welfare check on Plaintiff at the jail and admit that Plaintiff refused to say anything to the Sheriff.

50. Defendants admit the allegations contained in numbered paragraph 110.

51. Defendants admit the allegations contained in numbered paragraph 111.

52. Defendants deny the allegations contained in numbered paragraph 112, except Defendants admit that Plaintiff's arrest was for failing to follow Rollins' lawful orders and interfering with Rollins' public duties and also admit that Plaintiff's arrest is unrelated to the "press conference" allegations.

53. Defendants admit the allegations in numbered paragraph 113.

54. Defendants do not believe a response is necessary to numbered paragraphs 114 – 124 because those allegations relate to Plaintiff's search warrant claim, which was dismissed by the Court for failing to state a claim on which relief could be granted. (Doc 48).

55. Defendants admit the allegations contained in numbered paragraphs 125 – 127, however would state that the case was tried and the jury was unable to reach a verdict.

56. Defendants deny the allegations that Plaintiff was injured and the mechanisms by which he alleges that he was injured contained in numbered paragraphs 128 – 158.

57. Defendants do not believe that a response is necessary to the allegations contained in numbered paragraphs 159 – 169, because those allegations relate to Plaintiff's search warrant claim, which was dismissed by the Court for failing to state a claim on which relief could be granted. (Doc 48).

58. Defendants deny the allegations contained in numbered paragraphs 170 – 208, specifically, Defendants deny that they had any improper or unlawful state of mind, deny that they abridged Plaintiff's rights, deny that they engaged in unlawful speaker-based, content- based, and viewpoint-based discrimination against Plaintiff, deny that they had no legitimate or compelling governmental reason for escorting Plaintiff a short distance away from the Sheriff and media, deny that they restricted

his right to film, record and participate in the press conference, deny that they behaved outside the bounds of the Constitution, deny that County had any unlawful or Constitutionally unsound policy related to Plaintiff, deny that Defendants retaliated against Plaintiff for his exercise of his Constitutional rights, deny that Defendants were substantially motivated to arrest Plaintiff because he was recording or to retaliate against him, deny that the Sheriff or the County has any Constitutionally unsound policies relating to Plaintiff or that the Sheriff or the County ratified any Unconstitutional acts against Plaintiff, deny that there were other individuals "similarly situated" to Plaintiff at the July 2021 Press conference, and deny any unlawful or retaliatory animus against Plaintiff.

59. Defendants do not believe that a response is necessary to the allegations contained in paragraphs 209 – 221 because those allegations relate to Plaintiff's search warrant claim, which was dismissed by the Court for failing to state a claim on which relief could be granted. (Doc 48).

60. Defendants deny that Plaintiff is entitled to the relief for which he pleads.

Wherefore, premises considered, Defendants respectfully pray that Plaintiff take nothing by way of his claims against them, that he be denied all relief, both monetary and non-monetary that he seeks and for such other and further relief to which they have shown themselves to be justly entitled.

Dated: July 28, 2023                              Respectfully Submitted,

                                                   */s/ Kevin Hedges*
                                                   Kevin Hedges, Attorney-in-Charge
                                                   Assistant Fort Bend County Attorney
                                                   SBN: 09370100
                                                   Federal ID No. 9939
                                                   401 Jackson Street, 3rd Floor
                                                   Richmond, Texas 77469
                                                   (281) 341-4555
                                                   (281) 341-4557 Facsimile
                                                   Kevin.Hedges@fbctx.gov
                                                   Attorney-In-Charge for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on July 28, 2023 that the foregoing document was served on all counsel of record via CM/ECF.

                                                         */s/ Kevin Hedges*
                                                         Kevin Hedges