# PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

*Pulliam v. County of Fort Bend, Texas, et al.*
Case No. 4:22-cv-4210

# EXHIBIT 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **JUSTIN PULLIAM,** | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | |
| **COUNTY OF FORT BEND, TEXAS; SHERIFF ERIC FAGAN,** in his individual capacity; **OFFICER ROBERT HARTFIELD,** in his individual capacity; **OFFICER JONATHAN GARCIA,** in his individual capacity; **OFFICER TAYLOR ROLLINS,** in his individual capacity; and **OFFICER RICKY RODRIGUEZ,** in his individual capacity, | § § § § § § § § § § § § § § | **CIVIL ACTION NO.: 4:22-cv-04210** |
| *Defendants.* | § § | |

## DEFENDANT, SHERIFF ERIC FAGAN'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

TO: Justin Pulliam, by and through his attorney of record, Christen Mason Hebert, Institute for Justice, 816 Congress Ave., Suite 960, Austin, Texas 78701

Defendants provide the following responses and objections to Justin Pulliam as authorized by Federal Rule of Civil Procedure 36.

1

Dated: July 28, 2023                                Respectfully Submitted,

*/s/ Kevin Hedges*
Kevin Hedges, Attorney-in-Charge
Assistant Fort Bend County Attorney
SBN: 09370100
Federal ID No. 9939
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Kevin.Hedges@fbctx.gov
Attorney-In-Charge for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023 that the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Kevin Hedges*
Kevin Hedges

# DEFENDANT, SHERIFF ERIC FAGAN'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

**Request for Admission No. 1**

Admit that before July 12, 2021, You knew that Plaintiff Justin Pulliam recorded the law-enforcement activities of FBCSO officers and made those videos publicly available.

**Response:** Admit

**Request for Admission No. 2**

Admit that on July 12, 2021, Plaintiff Justin Pulliam arrived at Jones Creek Ranch Park while it was open to the public.

**Response:** Denied, a section of the park was closed off the entire time I was aware that Plaintiff was there.

**Request for Admission No. 3**

Admit that on July 12, 2021, Plaintiff Justin Pulliam appeared to be video recording the activities of FBCSO officers in Jones Creek Ranch Park while that park was open to the public.

**Response:** Admit that Plaintiff appeared to be video recording the activities of FBSCO during times when part of the park was open to the public and during times when the park was closed to the public.

**Request for Admission No. 4**

Admit that on July 12, 2021—as seen beginning at 1:11 on July 12, 2021 Video Footage—You confirmed, in response to a question from Plaintiff Justin Pulliam, that You approved the closure of Jones Creek Ranch Park in response to the discovery of a car with human remains in the lake.

**Response:** Admit that I closed the park in connection as an investigation scene involving what turned out to be human remains in a car within the lake.

**Request for Admission No. 9**

Admit that on July 12, 2021—as seen beginning at 15:39 on July 12, 2021 Video Footage—two news crews were present in a parking lot outside of Jones Creek Ranch Park.

**Response:** Admit

**Request for Admission No. 10**

Admit that on July 12, 2021—as seen beginning at 15:50 on July 12, 2021 Video Footage—You stated to FBCSO officer Robert Hartfield that "if he don't do it, arrest him 'cause he is not part of the local media, so he have to go back" with "he" and "him" referring to Plaintiff Justin Pulliam.

**Response:** Admit that I said words to that effect. Admit that I also said that Plaintiff had five minutes to leave the taped off investigation area.

**Request for Admission No. 11**

Admit that on July 12, 2021—as seen beginning at 15:50 on July 12, 2021 Video Footage—You did not identify any reason for instructing FBCSO officer Robert Hartfield to move Plaintiff Justin Pulliam "back" from the designated media area other than Plaintiff Pulliam "is not part of the local media."

**Response:** Admit

**Request for Admission No. 12**

Admit that on July 12, 2021—as seen beginning at 16:26 on July 12, 2021 Video Footage—FBCSO officer Robert Hartfield communicated Your instruction that Plaintiff Justin Pulliam leave the area where You were speaking to the two news crews.

**Response:** Admit

5

**Request for Admission No. 13**

Admit that on July 12, 2021—as seen beginning at 16:33 on July 12, 2021 Video Footage—FBCSO officer Robert Hartfield, acting on your direct order, escorted Plaintiff Justin Pulliam to a location away from where You were speaking to the two news crews so that Plaintiff Pulliam could not participate in the news conference.

**Response:** Admit that I ordered Dep. Hartfield to move Plaintiff a short distance away based on Plaintiff's conduct earlier that day. I deny that the reason was so that Plaintiff could not participate in the news conference.

**Request for Admission No. 14**

Admit that on July 12, 2021—as seen beginning at 16:33 on July 12, 2021 Video Footage—then-Precinct 3 Constable Officer Jonathan Garcia assisted FBCSO officer Robert Hartfield in escorting Plaintiff Justin Pulliam to a location away from where You were speaking to the two news crews so that Plaintiff Pulliam could not participate in the news conference.

**Response:** Admit that Dep. Garcia also walked with Plaintiff as Dep. Hartfield escorted Plaintiff a short distance away. I deny that the reason Dep. Garcia walked with Plaintiff was so that Plaintiff could not participate in the news conference.

**Request for Admission No. 15**

Admit that on July 12, 2021, You made statements intended to be shared with the public to two news crews in the parking lot outside of Jones Creek Ranch Park.

**Response:** Admit

**Request for Admission No. 16**

Admit that on July 12, 2021—as seen beginning at 16:33 on July 12, 2021 Video Footage—You began making statements intended to be shared with the public after FBCSO officer Robert Hartfield escorted Plaintiff Justin Pulliam to a location away from where You were speaking to the two news crews so that Plaintiff Pulliam could not participate in the news conference.

**Response:** Admitted that I made such statements while and after Plaintiff was escorted a short distance away   I deny that the reason was so that Plaintiff could not participate in the news conference.

**Request for Admission No. 17**

Admit that on July 12, 2021, Plaintiff Justin Pulliam did not participate in any question-and-answer session that You held outside of Jones Creek Ranch Park as a direct result of Your instruction to FBCSO officer Hartfield to escort Plaintiff Pulliam away from the where You were holding the news conference.

**Response:** Denied

**Request for Admission No. 18**

Admit that on December 21, 2021, while Plaintiff Justin Pulliam was in custody at the FBCSO jail, You escorted Plaintiff Pulliam from the nurse's examination room to another room.

**Response:** Denied.

**Request for Admission No. 19**

Admit that on December 21, 2021, Chief Deputy Mattie C. Provost and another individual joined You and Plaintiff Justin Pulliam in a room in the Fort Bend County Jail.

**Response:** Admit

**Request for Admission No. 20**

Admit that on December 21, 2021, while Plaintiff Justin Pulliam was in a room at Fort Bend County Jail with You, Chief Deputy Provost, and another individual, You had a conversation with Plaintiff Justin Pulliam.

**Response:** Denied. Plaintiff said nothing. There was no conversation.

**Request for Admission No. 21**

Admit that on December 21, 2021, while Plaintiff Justin Pulliam was in a room at Fort Bend County Jail with You, You had a conversation with Plaintiff Pulliam after he was arrested but before he was released.

**Response:** Denied. Plaintiff said nothing. There was no conversation.

**Request for Admission No. 22**

Admit that You did not document the conversation that You had with Plaintiff Justin Pulliam in Fort Bend County Jail on December 21, 2021.

**Response:** Admit that there was no conversation, and therefore nothing to document.