# PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

*Pulliam v. County of Fort Bend, Texas, et al.*
Case No. 4:22-cv-4210

# EXHIBIT 18

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **JUSTIN PULLIAM,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **COUNTY OF FORT BEND,** | § | **CIVIL ACTION NO.: 4:22-cv-04210** |
| **TEXAS; SHERIFF ERIC FAGAN,** | § | |
| **in his individual capacity;** | § | |
| **OFFICER ROBERT** | § | |
| **HARTFIELD, in his individual** | § | |
| **capacity; OFFICER JONATHAN** | § | |
| **GARCIA, in his individual** | § | |
| **capacity; OFFICER TAYLOR** | § | |
| **ROLLINS, in his individual** | § | |
| **capacity; and OFFICER RICKY** | § | |
| **RODRIGUEZ, in his individual** | § | |
| **capacity,** | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANT, COUNTY OF FORT BEND, TEXAS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

TO: Justin Pulliam, by and through his attorney of record, Christen Mason Hebert, Institute for Justice, 816 Congress Ave., Suite 960, Austin, Texas 78701

Defendants provide the following responses and objections to Justin Pulliam as authorized by Federal Rule of Civil Procedure 36.

Dated: July 28, 2023　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Kevin Hedges*
　　　　　　　　　　　　　　　　　　　Kevin Hedges, Attorney-in-Charge
　　　　　　　　　　　　　　　　　　　Assistant Fort Bend County Attorney
　　　　　　　　　　　　　　　　　　　SBN: 09370100
　　　　　　　　　　　　　　　　　　　Federal ID No. 9939
　　　　　　　　　　　　　　　　　　　401 Jackson Street, 3rd Floor
　　　　　　　　　　　　　　　　　　　Richmond, Texas 77469
　　　　　　　　　　　　　　　　　　　(281) 341-4555
　　　　　　　　　　　　　　　　　　　(281) 341-4557 Facsimile
　　　　　　　　　　　　　　　　　　　Kevin.Hedges@fbctx.gov
　　　　　　　　　　　　　　　　　　　Attorney-In-Charge for Defendants

## CERTIFICATE OF SERVICE

　　　I hereby certify that on July 28, 2023 that the foregoing document was served on all counsel of record via CM/ECF.

　　　　　　　　　　　　　　　　　　　*/s/ Kevin Hedges*
　　　　　　　　　　　　　　　　　　　Kevin Hedges

2

# **DEFENDANT, COUNTY OF FORT BEND, TEXAS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

**Request for Admission No. 1**

Admit that on July 12, 2021, FBCSO officers entered Jones Creek Ranch Park in Richmond, Texas to investigate a report of a submerged vehicle.

**Response:** Admit

**Request for Admission No. 2**

Admit that on July 12, 2021, Jones Creek Ranch Park was open to the public until FBCSO officers, with Sheriff Fagan's approval, closed the park.

**Response:** Denied, a portion of the park was blocked off and closed before Sheriff Fagan closed the entire park for a law enforcement investigation.

**Request for Admission No. 3**

Admit that on July 12, 2021, Plaintiff Justin Pulliam arrived at Jones Creek Ranch Park before FBCSO officers closed the park.

**Response:** Although Defendant is not entirely sure when Plaintiff arrived at the Park, Defendant believes that a portion of the park was closed when he arrived, therefore denied.

**Request for Admission No. 4**

Admit that on July 12, 2021—as seen beginning at 0:18 on July 12, 2021 Video Footage—FBCSO Lieutenant Dalia Simons informed Plaintiff Justin Pulliam that "[t]he park has been shut down so we're asking that you step outside. There's going to be a media area."

**Response:** Admit

3

**Request for Admission No. 5**

Admit that on July 12, 2021—as seen beginning at 1:56 on July 12, 2021 Video Footage—individuals other than Plaintiff Justin Pulliam were able to continue recording the activities of FBCSO officers in Jones Creek Ranch Park while Sheriff Fagan and FBCSO Lieutenant Dalia Simon physically escorted Plaintiff Pulliam away from the activities of FBCSO officers in Jones Creek Ranch Park that others were recording.

**Response:** Denied that non-law enforcement/criminal investigation personnel were allowed to keep filming in the closed area of the park for more than a trivial amount of time after Pulliam was told that the park was closing and he needed to leave. Denied that Pulliam was "physically escorted" out of the park, however, admitted that the Sheriff walk in the same direction as Plaintiff for a short period of time.

**Request for Admission No. 6**

Admit that on July 12, 2021—as seen beginning at 8:51 on July 12, 2021 Video Footage—an officer in a truck labeled "Fort Bend County Constable" directed Plaintiff Justin Pulliam to "where the Sheriff's Office wants the media staged."

**Response:** Admit that the officer pointed to where the Sheriff wanted the media staged when Plaintiff asked where the media area was.

**Request for Admission No. 7**

Admit that on July 12, 2021, FBCSO had no policy of asking for media credentials, and restricting press conferences to those with media credentials, before making statements intended for public dissemination.

**Response:** Denied.

4

**Request for Admission No. 8**

Admit that on July 12, 2021, no FBCSO officer asked individuals located either in or outside of Jones Creek Ranch Park for documentation to prove their identity as members of the media.

**Response:** Denied.

**Request for Admission No. 9**

Admit that on July 12, 2021—as seen beginning at 15:50 on July 12, 2021 Video Footage—Sheriff Fagan stated that Plaintiff Justin Pulliam needed to "go back" from the designated media area "'cause he is not part of the local media."

**Response:** Admit that the Sheriff used words to that effect.

**Request for Admission No. 10**

Admit that nowhere in the July 12, 2021, Video Footage does Sheriff Fagan or any other FBCSO officer identify any reason for moving Plaintiff Justin Pulliam "back" from the designated media area other than Sheriff Fagan's statement that Plaintiff Pulliam "is not part of the local media."

**Response:** Admit that the video posted by Plaintiff and referenced in fn 4 of the Complaint does not contain any such statements.

**Request for Admission No. 11**

Admit that on July 12, 2021—as seen beginning at 9:23 on July 12, 2021 Video Footage—Plaintiff Justin Pulliam stood in the area that the FBCSO designated for the media to be staged when FBSCO officer Robert Hartfield approached Plaintiff Pulliam.

**Response:** Denied.

5

**Request for Admission No. 12**

Admit that on July 12, 2021—as seen beginning at 16:26 on July 12, 2021 Video Footage—FBCSO officer Robert Hartfield communicated Sheriff Fagan's instruction that Plaintiff Justin Pulliam leave the area FBCSO had designated for media.

**Response:** Admit that Dep. Hartfield asked Plaintiff to move a short distance away.

**Request for Admission No. 13**

Admit that on July 12, 2021—as seen beginning at 16:33 on July 12, 2021 Video Footage—FBCSO officer Robert Hartfield escorted Plaintiff Justin Pulliam to a location away from the area FBCSO had designated for media.

**Response:** Admit that Dep. Hartfield walked with Plaintiff a short distance away from the area where he had been standing.

**Request for Admission No. 14**

Admit that on December 21, 2021—as recorded on December 21, 2021 911 Call—April Lefler requested a "welfare check" for Edwin and Frances Kraft at the Kraft Residence via a 911 call to FBCSO.

**Response:** Admit

**Request for Admission No. 15**

Admit that on December 21, 2021, a FBCSO dispatch operator requested via radio that two FBCSO officers, 24P14 and 24P10, perform a welfare check at the Kraft Residence.

**Response:** Denied.

**Request for Admission No. 16**

Admit that on December 21, 2021, a FBCSO dispatch operator stated via radio that "reportee advised that her son made homicidal threats this morning and he locked her outside."

**Response:** Admit.

**Request for Admission No. 17**

Admit that on December 21, 2021—as seen beginning at 0:50 on December 21, 2021 Video Footage—a FBCSO officer identifying as 22P14 stated on the FBCSO radio that "local journalist Justin Pulliam's on scene."

**Response:** Admit

**Request for Admission No. 18**

Admit that on December 21, 2021, Deputy Ricky Rodriguez was the officer identified as 22P14.

**Response:** Admit

**Request for Admission No. 19**

Admit that on December 21, 2021—as seen beginning at 0:20 on December 21, 2021 Video Footage—Plaintiff Justin Pulliam arrived at the Kraft Residence, exited his vehicle, and walked under the gas station canopy.

**Response:** Admit

**Request for Admission No. 20**

Admit that on December 21, 2021—as seen beginning at 0:50 on December 21, 2021 Video Footage—Frances Kraft was under the gas station canopy when Plaintiff Justin Pulliam arrived at the Kraft Residence.

**Response:** Admit

**Request for Admission No. 21**

Admit that on December 21, 2021—as seen beginning at 0:50 on December 21, 2021 Video Footage—Frances Kraft gave her permission for Plaintiff Justin Pulliam to film on the Kraft Residence.

**Response:** Admit.

**Request for Admission No. 22**

Admit that on December 21, 2021—as seen beginning at 10:45 on Rodriguez Dashcam Footage and beginning at 1:19 on December 21, 2021 Video Footage— Deputy Ricky Rodriguez told Plaintiff Justin Pulliam that "sir, you need to stay back over there."

**Response:** Admit

**Request for Admission No. 23**

Admit that on December 21, 2021—as seen beginning at 1:19 on December 21, 2021 Video Footage—Plaintiff Justin Pulliam did not take any steps forward or move inward on the Kraft Residence.

**Response:** Admitted at that time stamp.

**Request for Admission No. 24**

Admit that on December 21, 2021—as seen beginning at 1:19 on December 21, 2021 Video Footage—Plaintiff Justin Pulliam remained under or next to the gas station canopy on the Kraft Residence while he proceeded to film.

**Response:** Admitted at that time stamp.

**Request for Admission No. 25**

Admit that on December 21, 2021—as seen beginning at 4:43 on December 21, 2021 Video Footage—two women in civilian clothes walked from another location on the Kraft Residence to stand under the gas station canopy on the Kraft Residence.

**Response:** Admitted that the two Texana mental health workers were wearing "civilian clothes" and walked to stand under the canopy.

**Request for Admission No. 26**

Admit that on December 21, 2021—as seen beginning at 4:54 on December 21, 2021 Video Footage—Sergeant Taylor Rollins directed Plaintiff Justin Pulliam and two women in civilian clothes to go across the street by saying "Sir, I need you to go across the street. I need y'all to go ahead and go across the street, please."

**Response:** Admit, although denied that Dep. Rollins knew that the women were from Texana at that point.

**Request for Admission No. 27**

Admit that on December 21, 2021—as seen beginning at 5:07 on December 21, 2021 Video Footage—Plaintiff Justin Pulliam turned around and began to walk away from Sergeant Taylor Rollins toward the street.

**Response:** Admit

**Request for Admission No. 28**

Admit that on December 21, 2021—as seen beginning at 5:08 on December 21, 2021 Video Footage—the two women in civilian clothes who Sergeant Taylor Rollins had directed to go across the street did not go across the street.

**Response:** Admit

**Request for Admission No. 29**

Admit that on December 21, 2021—as seen beginning at 5:12 on December 21, 2021 Video Footage—two women in civilian clothes who Sergeant Taylor Rollins had directed to go across approached Sergeant Rollins and began a conversation with him.

**Response:** Admit

**Request for Admission No. 30**

Admit that on December 21, 2021—as seen beginning at 5:20 on December 21, 2021 Video Footage—Sergeant Taylor Rollins ordered Plaintiff Justin Pulliam "across the street" a second time but did not order the two women in civilian clothes "across the street" a second time.

**Response:** Admit, also admitted that Dep. Rollins knew the women were from Texana at that point.

**Request for Admission No. 31**

Admit that on December 21, 2021—as seen beginning at 5:23 on December 21, 2021 Video Footage—Sergeant Taylor Rollins stated that he was ordering Plaintiff Justin Pulliam to go across the street "for safety."

**Response:** Admit.

**Request for Admission No. 32**

Admit that on December 21, 2021—as seen beginning at 5:31 on December 21, 2021 Video Footage—Plaintiff Justin Pulliam was walking backward toward the street when Sergeant Taylor Rollins started walking toward Plaintiff Pulliam.

**Response:** Admit that Plaintiff began to slowly back in the direction of the street at that time.

**Request for Admission No. 33**

Admit that on December 21, 2021—as seen beginning at 5:39 on December 21, 2021 Video Footage—Sergeant Taylor Rollins ordered Plaintiff Justin Pulliam to turn around and put handcuffs on Plaintiff Pulliam.

**Response:** Admit

**Request for Admission No. 34**

Admit that on December 21, 2021, Sergeant Taylor Rollins did not handcuff the two women in civilian clothes at the Kraft Residence even though they did not go across the street after he instructed them.

**Response:** Admit that Dep. Rollins did not handcuff the two Texana workers.

**Request for Admission No. 35**

Admit that on December 21, 2021—as heard beginning at 15:58 on Rodriguez Dashcam Footage—Sergeant Taylor Rollins placed Plaintiff Justin Pulliam in the back seat of Deputy Ricky Rodriguez's patrol vehicle.

**Response:** Admit

**Request for Admission No. 36**

Admit that on December 21, 2021—as seen beginning at 16:40 on Rodriguez Dashcam Footage—the two women in civilian clothes continued to walk around the Kraft Residence while Plaintiff Justin Pulliam was held in Deputy Ricky Rodriguez's patrol vehicle.

**Response:** Admit that the two Texana workers stayed in the area to facilitate a safe resolution to the situation.

**Request for Admission No. 37**

Admit that on December 21, 2021—as heard beginning at 17:20 on Rodriguez Dashcam Footage—Deputy Ricky Rodriguez asked Sergeant Taylor Rollins, "do you want mom to go ahead and move to this back side?" referring to Frances Kraft who was in her car under the gas station canopy.

**Response:** Admit

**Request for Admission No. 38**

Admit that on December 21, 2021, Sergeant Taylor Rollins did not order Frances Kraft to go across the street at any time.

**Response:** Admit

**Request for Admission No. 39**

Admit that on December 21, 2021—as heard beginning at 52:12 on Rodriguez Dashcam Footage—Deputy Ricky Rodriguez asked Sergeant Taylor Rollins, "What do you want me to do with this guy, release him?" with "this guy" referring to Plaintiff Justin Pulliam.

**Response:** Admit

**Request for Admission No. 40**

Admit that on December 21, 2021—as heard beginning at 53:23 on Rodriguez Dashcam Footage—Deputy Ricky Rodriguez told Plaintiff Justin Pulliam while Plaintiff Pulliam was in the back seat of Deputy Rodriguez's patrol vehicle that "you probably should have left when you had a chance."

**Response:** Admit

**Request for Admission No. 41**

Admit that on December 21, 2021—as seen beginning at 1:00 on Rodriguez Dashcam Footage—Deputy Ricky Rodriguez ordered the three women at the Kraft Residence, one of whom was Frances Kraft, to "go across the street" more than 40 minutes after Sergeant Taylor Rollins placed Plaintiff Justin Pulliam in the backseat of Deputy Rodriguez's patrol vehicle.

**Response:** Admit

**Request for Admission No. 42**

Admit that on December 21, 2021—as seen beginning at 1:19 on Rodriguez Dashcam Footage—two women in civilian clothes remained under the gas station canopy on the Kraft Residence despite having been previously ordered to go across the street by Sergeant Taylor Rollins and Deputy Ricky Rodriguez.

**Response:** Admit that the two Texana mental health workers stayed in the area to facilitate a safe resolution to the situation.

**Request for Admission No. 43**

Admit that on December 21, 2021, none of the FBCSO officers at the Kraft Residence were wearing body-worn cameras.

**Response:** Admit.

**Request for Admission No. 44**

Admit that there is no footage of FBCSO officers placing Edwin Kraft under arrest on December 21, 2021.

**Response:** Admit

**Request for Admission No. 45**

Admit that on December 21, 2021—as heard beginning at 1:21 on Rodriguez Dashcam Footage—the first time that any FBCSO officer communicated to dispatch that Plaintiff Justin Pulliam was in custody was over an hour after Sergeant Taylor Rollins placed Plaintiff Pulliam in the back seat of Deputy Rodriguez's patrol vehicle.

**Response:** Based on a review of the video, admitted.

**Request for Admission No. 46**

Admit that on December 21, 2021, FBCSO held Plaintiff Justin Pulliam in custody for approximately 5 hours, from the point that Sergeant Taylor Rollins put handcuffs on Plaintiff Pulliam—as seen at 5:39 on December 21, 2021 Video Footage—until his release from Fort Bend County Jail after 3 pm.

**Response:** Admit.

**Request for Admission No. 47**

Admit that on December 21, 2021, Sergeant Taylor Rollins confiscated all recording and filming equipment that Plaintiff Justin Pulliam had on his person at the Kraft Residence at the time of his arrest.

**Response:** Admit that Dep. Rollins seized the referenced property as evidence.

**Request for Admission No. 48**

Admit that on December 21, 2021, at 12:42 pm, Sheriff Eric Fagan and Chief Deputy Mattie C. Provost entered the Fort Bend County Jail.

**Response:** Admit

**Request for Admission No. 49**

Admit that on December 21, 2021, Sheriff Eric Fagan and Chief Deputy Mattie C. Provost visited Plaintiff Justin Pulliam in the Fort Bend County Jail.

**Response:** Admit that they performed a welfare check on Plaintiff on that date.

**Request for Admission No. 50**

Admit that FBCSO has not returned the Wise CFExpress Memory Card to Plaintiff Justin Pulliam that Sergeant Taylor Rollins confiscated from Plaintiff Pulliam on December 21, 2021.

**Response:** Admit, although denied that Plaintiff has not been provided with a copy of the videos on the card.

**Request for Admission No. 51**

Admit that FBCSO has not returned the Lexar SD Memory Card to Plaintiff Justin Pulliam that Sergeant Taylor Rollins confiscated from Plaintiff Pulliam on December 21, 2021.

**Response:** Admit, although denied that Plaintiff has not been provided with a copy of the videos on the card.

**Request for Admission No. 52**

Admit that FBCSO has not returned the iPhone XS Max, iPhone XS Max Case, and iPhone XS Max Screen Protector to Plaintiff Justin Pulliam that Sergeant Taylor Rollins confiscated from Plaintiff Pulliam on December 21, 2021.

**Response:** Admit

**Request for Admission No. 53**

Admit that FBCSO has not returned the CamPro Body Camera to Plaintiff Justin Pulliam that Sergeant Taylor Rollins confiscated from Plaintiff Pulliam on December 21, 2021.

**Response:** Admit

**Request for Admission No. 54**

Admit that on January 14, 2022, FBCSO Detective Travis James obtained Search Warrant 1 by providing a sworn affidavit of facts and allegations "based upon his personal knowledge of this case."

**Response:** Admit that the affidavit contains those words as well as many others.

**Request for Admission No. 55**

Admit that on January 14, 2022, FBCSO Detective Travis James obtained Search Warrant 2 by providing a sworn affidavit of facts and allegations "based upon his personal knowledge of this case."

**Response:** Admit that the affidavit contains those words as well as many others.

**Request for Admission No. 56**

Admit that FBCSO Detective Travis James was not present at the Kraft Residence on December 21, 2021.

**Response:** Admit

**Request for Admission No. 57**

Admit that FBCSO Detective Travis James did not personally participate in any way in the events at the Kraft Residence on December 21, 2021.

**Response:** Admit