IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JUSTIN PULLIAM,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| **COUNTY OF FORT BEND, TEXAS;** § | **CIVIL ACTION NO.: 4:22-cv-04210** |
| **SHERIFF ERIC FAGAN, in his** § | |
| **individual capacity; OFFICER** § | |
| **ROBERT HARTFIELD, in his** § | |
| **individual capacity; OFFICER** § | |
| **JONATHAN GARCIA, in his** § | |
| **individual capacity; OFFICER** § | |
| **TAYLOR ROLLINS, in his individual** § | |
| **capacity; and OFFICER RICKY** § | |
| **RODRIGUEZ, in his individual** § | |
| **capacity,** § | |
| | |
| *Defendants.* | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 61)**

Defendants County of Fort Bend, Texas ("Fort Bend"), Sheriff Eric Fagan, ("Fagan"), Officer Robert Hartfield ("Hartfield"), and Officer Taylor Rollins ("Rollins"), (Deputies Garcia and Rodriguez have been dismissed), reply to Plaintiff's Motion for partial Summary Judgment (Doc. 61) as follows:

# TABLE OF CONTENTS

                                                                                                **Page**

TABLE OF CONTENTS ...................................................................................................ii

NATURE AND STAGE OF THE PROCEEDING ............................................................iii

STATEMENT OF THE ISSUES TO BE RULED UPON ...................................................iii

SUMMARY OF THE ARGUMENT ..................................................................................1

ARGUMENT ......................................................................................................................1

    QUALIFIED IMMUNITY PRECLUDES SUMMARY JUDGMENT AGAINST THE INDIVIDUAL DEFENDANTS IN FAVOR OF PLAINTIFF………………………………………………………………………………1

        Qualified Immunity ………………………………………………………………..1

    FACTS RELATING TO QUALIFIED IMMUNITY ….…………………………….4

        The Press Conference Claims …………………………………………………..4

    FORT BEND COUNTY HAS NO MONELL LIABILITY FOR THE PRESS CONFERENCE ……………………………………………………………………….5

        The Arrest Claims ……………………………………………………………………7

    FORT BEND COUNTY HAS NO MONELL LIABILITY FOR THE ARREST …...8

PRAYER ............................................................................................................................9

CERTIFICATE OF SERVICE …………………………………………………………10

## NATURE AND STAGE OF THE PROCEEDING

1. Plaintiff moves for partial summary judgment against all Defendants for allegedly violating his Constitutional rights based upon two incidents: (1) Plaintiff was asked to move to a nearby area to film a press conference on or about July 12, 2021[1], and (2) Plaintiff was arrested (and charged by indictment) for interference with public duties on or about December 21, 2021, in a case currently pending as Cause No. 21-CCR-225419 in County Court at Law Number 3 of Fort Bend County.[2] Every individual Defendant has asserted the defense of Qualified Immunity. Fort Bend asserts that it does not have *Monell* liability on the facts alleged by Plaintiff.

## STATEMENT OF THE ISSUES TO BE RULED UPON

The issue before the Court is whether Plaintiff has proven as a matter of law that (1) Defendants violated his First and Fourteenth Amendment Rights, (2) that the doctrine of Qualified Immunity does not shield the individual Defendants from liability in this case, and (3) that Fort Bend County is liable to Plaintiff for the actions of its elected Sheriff and employees under *Monell*. The standard of review is that there is no genuine dispute as to any material fact and Movant is entitled to judgment as a matter of law. F.R.C.P. 56(a). All evidence is viewed in the light most favorable to the non-moving party. *Austin v. Kroger*, 864 F.3d 326, 328-29 ((5th Cir. 2017).

---

[1] Plaintiff asserts claims against Fort Bend, Fagan, and Hartfield arising out of his Press Conference Allegations.
[2] Plaintiff asserts claims against Fort Bend, Fagan, and Rollins arising out of his Arrest Allegations.

iii

## SUMMARY OF THE ARGUMENT

Genuine issues of material fact preclude summary judgment in Plaintiff's favor because there is competent summary judgment evidence establishing that the individual Defendants are entitled to Qualified Immunity. Genuine issues of material fact preclude Fort Bend County having *Monell* liability because the policies about which Plaintiff complains were not a moving cause of Plaintiff being asked to move at the press conference or being arrested for interference with public duties.

## ARGUMENT

### QUALIFIED IMMUNITY PRECLUDES SUMMARY JUDGMENT AGAINST THE INDIVIDUAL DEFENDANTS IN FAVOR OF PLAINTIFF

**Qualified Immunity.** Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights. Although the section contains no reference to qualified immunity, 'Congress intended the statute to be construed in the light of common-law principles that were well settled at the time of its enactment.'" *Cousin v. Small,* 325 F.3d 627, 631 (5th Cir. 2003) (quoting *Kalina v. Fletcher,* 522 U.S. 118, 123, 139 L. Ed. 2d 471, 118 S. Ct. 502 (1997) (citing *Tenney v. Brandhove*, 341 U.S. 367, 95 L.Ed. 1019, 71 S. Ct. 783 (1951); *Briscoe v. LaHue,* 460 U.S. 325, 330, 75 L. Ed. 2d 96, 103 S. Ct. 1108 (1983)). "Therefore, the immunities existing at common law at the time of § 1983's enactment are applicable to actions brought under it." *Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003).

Governmental officials performing discretionary functions generally are shielded from liability for civil damages provided their conduct does not violate clearly established

1

statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18, 102 S. Ct. 2727, 2738 (1982); *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir.), cert. denied, 531 U.S. 816, 121 S.Ct. 52 (2000). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42, 115 S. Ct. 1203, 1208 (1995); accord *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

The analysis to determine whether qualified immunity applies is a two-step process. It requires a determination of whether the plaintiffs have alleged the violation of a constitutional right, as well as a determination of whether the conduct alleged was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. *Saucier v. Katz*, 533 U.S. 194, 199, 121 S. Ct. 2151, 2155 (2001). If a trial court determines that a plaintiff's allegations, if proven, would have violated a constitutionally protected right, the next step in a qualified immunity analysis is determining whether the right allegedly violated was clearly established in a particularized sense at the time a defendant was alleged to have violated it. *Saucier*, 533 U.S. at 201-02, 121 S. Ct. at 2155-56.

"The second prong [of the qualified immunity analysis] 'is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of the then clearly established law.'" *Felton v. Polles*, 315 F.3d 470, 477 (5th Cir. 2002) (emphasis added) (quoting *Hare v. City of*

2

*Corinth*, 135 F.3d 320, 326 (5th Cir. 1998)). The second step "focuses not only on the state of the law at the time of the complained of conduct, but also on the particulars of the challenged conduct and/or factual setting in which it took place." *Pierce v Smith*, 117 F.3d 866, 872 (5th Cir. 1997).

To overcome an assertion of qualified immunity, a plaintiff must allege facts demonstrating that a governmental actor violated clearly established federal rights. *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992). A plaintiff must allege facts which would establish that no reasonable government official could have reasonably believed the accused officials' alleged conduct was lawful in light of the information he possessed and clearly established law. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000).

If governmental actors of reasonable competence could disagree as to whether the alleged conduct violated a plaintiff's rights, immunity applies. *Malley v Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096 (1986). If a reasonable governmental actor, possessing the same information known to the individual at the time of the occurrence, could have believed his acts to be lawful in light of clearly established law, the official is entitled to dismissal of the claims against him based upon his immunity.

Most importantly, when a defendant invokes immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002). To avoid a dismissal of a claim against an individual defendant, a plaintiff must allege and prove particularized facts which would defeat an immunity defense. *Brown v. Glossip*, 878 F.2d 871, 874 (5th Cir. 1989); *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985).

## FACTS RELATING TO QUALIFIED IMMUNITY

**The Press Conference Claims.**

1. It is undisputed that on July 12, 2021, Sheriff Fagan instructed Dep. Hartfield to move Plaintiff to a nearby location to film a press conference. What is disputed is why.

2. On the morning of July 12, 2021, before the press conference, Plaintiff was involved in a physical altercation with a family member of a deceased victim whose body was being recovered at the scene.[1] Sheriff Fagan testified unequivocally that he asked Dep. Hartfield to move Plaintiff to a nearby location because of that earlier physical altercation[2] and negative interactions that Pulliam had with others that morning.[3] The Sheriff wanted Plaintiff moved "far enough away that he wouldn't be interfering with the other news media, but not so far away where he couldn't see it or film it."[4] No one told Plaintiff that day that he could not film or record audio at the press conference or the park.[5] Plaintiff never told anyone with the Sheriff's office that he was not able to get quality audio of the

---

[1] Declaration of Justin Pulliam in Support of Plaintiff's motion for partial summary judgment (attached as Exhibit 1 to Plaintiff's Motion)§§ 24, 25, and 28; Deposition of Dep. Robert Hartfield (attached as exhibit 19 to Plaintiff's motion, page 68/line 2 – page 71/line 10; Deposition of Sheriff Eric Fagan (attached as exhibit 2 to Plaintiff's motion, page 70/lines 8 – 18, page 71/line 22 – page 73/line 1, page 73/lines 7 – 16. Deposition excerpts of Justin Pulliam attached hereto as Exhibit 1, Page 44/ line 17 – page 49/ line 23, page 54/line 6 – 22, page 58/line 2 – page 58/line 11
[2] Fagan deposition page 73/ line 17 – page 74/line 1,
[3] Fagan deposition page 86/line 9 – page 87/line 15, page 83/line 12 – page 84/ line 5, page 148/lines 3 – 25.
[4] Fagan deposition page 82/lines 10 – 14.
[5] Pulliam deposition page 73/lines 4 – 9; page 87/line 16 – page 88/ line 7. Pulliam Declaration § 41.

4

press conference.[6] In fact, it was only after Plaintiff left the park that he realized that he could not recover audio from the press conference.[7]

3. When the evidence is viewed most favorably to Defendants, as it must be in this context, several things become clear: (1) Plaintiff was not "excluded" from the press conference, he was merely directed to be a short distance away; (2) the reason that Plaintiff was directed to stand a short distance away was because of his conduct with the family of a recently deceased victim and others at the scene, not because of his viewpoint; (3) Plaintiff was expressly told that he could record video and audio at the press conference; and (4) Plaintiff never told anyone from the Sheriff's office that he could not adequately record audio and visual from where he was told to stand, probably because he only learned later himself that his equipment was not picking up audio. Focusing on the state of the law in the context of the facts established above, as described in *Pierce*, 117 F.3d at 872, there is **at least** a genuine issue of material fact whether the Sheriff and Dep Hartfield separated Plaintiff from the other participants in the news conference because of his inappropriate interactions that morning, not because of his viewpoint or reporting. Plaintiff has not alleged a clearly established Constitutional right to stand wherever he wants during a press conference, because he has none.

**FORT BEND COUNTY HAS NO *MONELL* LIABILITY FOR THE PRESS CONFERENCE**

4. For purposes of establishing direct § 1983 liability against Fort Bend, Plaintiff is

---

[6] Pulliam deposition page 90/ line 23 – page 91/line 22.
[7] Pulliam deposition page 93/lines 9 – 19.

5

required to plead facts establishing the following three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). While "[o]fficial policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations," it "may also be evidenced by custom." *Id.* at 579. Proof of a policy or custom normally requires more than a showing of isolated acts. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). As to Fort Bend County, Plaintiff must plead that the County had some inadequate custom or policy that acted as the moving force behind a constitutional violation. *Forgan v. Howard Cnty., Tex.*, 494 F.3d 518, 522 (citing *Monell*, 436 U.S. at 690–91 (1978). Such a pleading should "specifically identif[y]" the policy or custom that caused the deprivation of Plaintiff's clearly established Constitutional rights.

Plaintiff claims that Fort Bend County has *Monell* liability because of two policies: (1) the Sheriff's alleged policy to exclude Plaintiff from press conferences because of his viewpoint, and (2) the Sheriff's policy that excludes his employee's social media accounts from the definition of media.

As briefed above, taken in the light most favorable to Defendants, the Sheriff's actions in moving Pulliam a short distance away from members of the media is unrelated to the exercise of Plaintiff's First Amendment rights. It was instead based on Plaintiff's conduct earlier that day getting into physical and verbal altercations with the members of the victim's family and members of the media. The policy created by those actions, to the

6

extent there is one, is based on factors other than Plaintiff's speech, and cannot, in this case, be a predicate for liability of the County.

Plaintiff also argues that his rights were somehow violated because Fort Bend County's media policy as described in General Order 08-03[8] excludes social media as described in General Order 05-04.[9] Plaintiff's argument lacks merit.

General Order 05-04, on its face, regulates the social media accounts of employees of the Sheriff's Office, not members of the general public.[10] The inter-relation between General Orders 08-03 and 05-04 is this: Sheriffs Office employees' social media accounts are not media.[11] Pulliam does not allege that he is an employee of the Sheriff's Office. He is simply not affected by General Order 08-04's exclusion of employee's social media accounts from the definition of media. Fort Bend County cannot be liable to Plaintiff under *Monell* for a policy that simply has no relation to Plaintiff at all.

**The Arrest Claims**.

Plaintiff was arrested on December 21, 2021 for interference with public duties.[12] Sgt. Rollins order Plaintiff across the street at a scene in which an armed subject was barricaded in a house, for Plaintiff's own safety.[13] The armed subject was known to be mentally unstable and violent,[14] and believed to armed with a firearm.[15] After his arrest,

---

[8] Exhibit 14 to Plaintiff's Motion.
[9] Exhibit 15 to Plaintiff's Motion.
[10] Exhibit 15 to Plaintiff's Motion, See "Purpose," "Policy," and "Procedures"
[11] Exhibit 14 to Plaintiff's Motion definition of "Media."
[12] Plaintiff's First Amended Complaint (Doc. 33) §§ 72, 90; Doc. 33-1 pages 23-24.
[13] Deposition of Taylor Rollins, attached as exhibit 3 to Plaintiff's motion, page 29/1 – page 30/ line 17.
[14] Rollins Deposition page 35/lines 2 - 9
[15] Rollins deposition page 38/lines 2 – 8.

Plaintiff was indicted by a grand jury for the interference charge.[16] Travis James, a detective with the Fort Bend County Sheriff's office[17] who Plaintiff did not sue, believed that Plaintiff committed the crime of interference with public duties.[18] Non-parties, who Plaintiff did not sue, found that there was probable cause to arrest and charge Plaintiff. The presence of probable cause generally defeats a First Amendment retaliatory arrest claim. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1726 (2019).

Plaintiff argues that, because Sgt. Rollins did not arrest two Texana caseworkers on scene, that Plaintiff was singled out for a retaliatory arrest. What Plaintiff ignores is that the Texana workers on scene were part of the response to the armed subject, whereas Plaintiff was not.[19] Plaintiff would as effectively argue that Rollins' failure to arrest the other deputies on scene evidences a retaliatory animus toward Plaintiff. Taken in the light most favorable to Defendants, Plaintiff was arrested because there was probable cause that he committed a crime, not because of an alleged retaliatory animus. There is no well established Constitutional right to commit a crime embodied in the First Amendment. Therefore, Sgt. Rollins is entitled to Qualified Immunity.

**FORT BEND COUNTY HAS NO *MONELL* LIABILITY FOR THE ARREST**

Plaintiff alleges that there was "an official unwritten policy of retaliating against and excluding Pulliam." Plaintiff's Motion at 29. However, viewing the summary

---

[16] Plaintiff's First Amended Complaint §§ 125 – 127.
[17] Deposition excerpts of Travis James deposition attached as Exhibit 2 page 5/lines 9 – 13. Under the rationale in *Malley*, Sgt. Rollins is entitled to immunity on this fact alone.
[18] Exhibit 2 page 60/ line 10 – page 63/line 13.
[19] Rollins deposition page 35/line 10 – 36/19.

judgment evidence in the light most favorable to Defendants, no such policy existed. As discussed above, Plaintiff was asked to stand in a different place at the press conference based on his prior actions, not his prior speech. Likewise, Plaintiff was arrested because there was probable cause that he committed a crime, not because of his speech. Using the appropriate standard of review, there is *at least* a genuine issue of material fact whether Fort Bend County had a policy of retaliating against and excluding Plaintiff which could give rise to *Monell* liability.

## PRAYER

Wherefore, premises considered, Defendants respectfully pray that Plaintiff's motion for partial summary judgment against them be denied and for such other and further relief to which they have shown themselves to be justly entitled.

Dated: October 27, 2023				Respectfully Submitted,

*/s/ Kevin Hedges*
Kevin Hedges, Attorney-in-Charge
Assistant Fort Bend County Attorney
SBN: 09370100
Federal ID No. 9939
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Kevin.Hedges@fbctx.gov
Attorney-In-Charge for Defendants

## CERTIFICATE OF SERVICE

    I hereby certify that on October 27, 2023 that the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Kevin Hedges*
Kevin Hedges
