# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **JUSTIN PULLIAM,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **COUNTY OF FORT BEND,** | § | **CIVIL ACTION NO. 4:22-cv-4210** |
| **TEXAS; SHERIFF ERIC FAGAN,** | § | |
| in his individual capacity; **OFFICER** | § | |
| **ROBERT HARTFIELD**, in his | § | |
| individual capacity; **OFFICER** | § | |
| **JONATHAN GARCIA**, in his | § | |
| individual capacity; **OFFICER** | § | |
| **TAYLOR ROLLINS**, in his | § | |
| individual capacity; and **OFFICER** | § | |
| **RICKY RODRIGUEZ**, in his | § | |
| individual capacity, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' OBJECTIONS TO DOC. 77 MAGISTRATE EDISON'S MEMORANDUM AND RECOMENDATION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants County of Fort Bend, Texas ("Fort Bend") and Sheriff Eric Fagan, ("Fagan") object to sections (A)(1)(a), (A)(3), and (B) of the Analysis section of Judge Edison's Memorandum and Recommendation as follows:

1

Fort Bend and Fagan object to Judge Edison's analysis granting summary judgment against: (1) Fagan for violating Plaintiff's First Amendment rights during the Press Conference, (Analysis section (A)(1)(a)); (2) Fort Bend for violating Plaintiff's First Amendment rights during the Press Conference, (Analysis section (A)(3); and (3) Fort Bend and Fagan for violating Plaintiff's Fourteenth Amendment rights during the Press Conference. (Analysis section (B)). The points are briefed together because they share a common error.

## A GENUINE ISSUE OF MATERIAL FACT PRECLUDES SUMMARY JUDGMENT

Judge Edison correctly states the law relating to summary judgment prohibiting him from evaluating the credibility of witnesses, weighing the evidence, or resolving factual disputes. (Doc. 77, page 5). However, Judge Edison goes on to state that he will not give any credence to Sheriff Fagan's testimony that he moved Plaintiff away from the press conference because of a physical altercation that Plaintiff was involved in earlier that day with the victim's ex-husband, (Doc 77, pages 11 – 12), citing *Kennedy v. Bremerton Sch. Dist*. 597 U.S. 507, 543 n. 8 (2022) for the dual propositions that (1) "Government justification for interfering with First Amendment Rights must be genuine, not hypothesized or invented *post hoc* in response to litigation." and (2) "Justification for such interference must also be communicated to the affected person." (Doc. 77, page 11-12). However, *Kennedy* is distinguishable on its facts and does not mandate the disregard of established law

prohibiting weighing the evidence before the Court in this Summary Judgment context. Fort Bend and Fagan believe that Judge Edison misapplied the rationale of *Kennedy*, and therefore object.

*Kennedy* involved a School District that terminated a high school football coach for saying private prayers after football games. As one of its justifications, described in footnote 8 of the *Kennedy* opinion[1], the District argued that it had to suppress Mr. Kennedy's speech to ensure order at football games. There was no evidence of any disorder due to Coach Kennedy's prayers, nor was there evidence of threatened disorder. The District's concerns were, on the record, hypothetical. This case is different.

All parties agree, and the summary judgment record reflects, that Plaintiff was in an altercation with the deceased party's ex-husband earlier the morning of the press conference. (Doc. 77, page 11). He was the only person seeking to attend the press conference who the record reflects was in such a physical altercation. There

---

[1] The entirety of Footnote 8 of the Kennedy decision is as follows:

"Failing under its coercion theory, the District offers still another backup argument. It contends that it had to suppress Mr. Kennedy's protected First Amendment activity to ensure order at Bremerton football games. See also *post*, at 2434 - 2435, 2437 - 2439, 2439 - 2440, 2452 - 2453 (SOTOMAYOR, J., dissenting). But the District never raised concerns along these lines in its contemporaneous correspondence with Mr. Kennedy. And unsurprisingly, neither the District Court nor the Ninth Circuit invoked this rationale to justify the District's actions. Government "justification[s]" for interfering with First Amendment rights "must be genuine, not hypothesized or invented *post hoc* in response to litigation." United States v. Virginia, 518 U.S. 515, 533, 116 S.Ct. 2264, 135 L.Ed.2d 735 (1996). Nor under our Constitution does protected speech or religious exercise readily give way to a "heckler's veto." Good News Club v. Milford Central School, 533 U.S. 98, 119, 121 S.Ct. 2093, 150 L.Ed.2d 151 (2001); *supra*, at 2427 - 2428."

3

was no one else similarly situated. Sheriff Fagan knew about the altercation and testified that it informed his decision to move Plaintiff. (Id.) Unlike *Kennedy*, the altercation here is not a hypothetical future event. It is a fact established by the summary judgment evidence. (Doc. 77, page 11). As a fact, not a hypothetical, it creates a genuine issue for the fact-finder. It was error for Judge Edison to weigh the summary judgment evidence and determine to give it no credence. (Doc. 77 page 12).

Defendants object further that it was error to impose a duty on Sheriff Fagan to communicate every basis for his decision to move Pulliam at the time. Footnote 8 of the *Kennedy* opinion mentions that the District never included its maintaining of order argument in its correspondence with Kennedy. The *Kennedy* court does not, however, require every reason for every decision affecting free speech to be communicated to the speaker, especially when the speaker is aware of the facts, as the summary judgment evidence reflects in this case. Similarly, the *Kennedy* opinion does not deal with spoken words justifying actions affecting free speech, but only written justifications.

For the foregoing reasons, Fort Bend and Fagan object to Judge Edison's analysis granting summary judgment against: (1) Fagan for violating Plaintiff's First Amendment rights during the Press Conference, (Analysis section (A)(1)(a)); (2) Fort Bend for violating Plaintiff's First Amendment rights during the Press

4

Conference, (Analysis section (A)(3); and (3) Fort Bend and Fagan for violating Plaintiff's Fourteenth Amendment rights during the Press Conference. (Analysis section (B)) and ask that the Court sustain their objections and reject sections (A)(1)(a), (A)(3), and (B) of the Analysis section of Judge Edison's Memorandum and Recommendation and deny Plaintiffs motion for summary judgment.

Dated: September 19, 2024                    Respectfully Submitted,

*/s/ Kevin Hedges*
Kevin Hedges, Attorney-in-Charge
Assistant Fort Bend County Attorney
SBN: 09370100
Federal ID No. 9939
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
(281) 341-4555
(281) 341-4557 Facsimile
Kevin.Hedges@fbctx.gov
Attorney-In-Charge for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2024 that the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Kevin Hedges*
Kevin Hedges