UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUSTIN PULLIAM,<br><br>   *Plaintiff*,<br><br>v.<br><br>COUNTY OF FORT BEND, TEXAS; SHERIFF ERIC FAGAN, in his individual capacity; OFFICER ROBERT HARTFIELD, in his individual capacity; OFFICER JONATHAN GARCIA, in his individual capacity; OFFICER TAYLOR ROLLINS, in his individual capacity; and OFFICER RICKY RODRIGUEZ, in his individual capacity,<br><br>   *Defendants*. | Civil Action No. 4:22-cv-4210 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS
TO THE MEMORANDUM AND RECOMMENDATION**

Judge Edison's Memorandum and Recommendation ("M&R") of September 5, 2024 (Dkt. 77) should be adopted in its entirety and Defendants' objections should be overruled. Defendants failed to object to all independent grounds for Judge Edison's conclusion that Plaintiff is entitled to summary judgment on his First Amendment and equal protection claims against Sheriff Fagan and Fort Bend County concerning the press conference. Even putting that fatal flaw in Defendants' objections aside, Judge Edison got it right. Sheriff Fagan's *post hoc* justification for

1

restricting Plaintiff's speech at the press conference is not entitled to "any credence." Mem. & R. (Dkt. 77) at 12.

Judge Edison gave two independent reasons—both correct—why Sheriff Fagan and Fort Bend County failed to satisfy strict scrutiny for the Sheriff's decision to exclude Plaintiff and *only* Plaintiff from the press conference: (1) Sheriff Fagan's justification for excluding Plaintiff was not stated at the time of the press conference but was only asserted "after Pulliam sued Fagan to vindicate Pulliam's constitutional rights" and (2) that justification "defies logic." *Id.* at 11–12.

Defendants did not object to Judge Edison's second reason for finding that Defendants failed strict scrutiny, that Sheriff Fagan's claimed rationale for "remov[ing] Pulliam 80 feet away from the press conference to protect the victim's family—who were themselves blocks aways from the press conference" makes no sense. *Id.* at 12. Rather, Defendants only argue that Sheriff Fagan had no duty to communicate every basis for his decision to exclude Plaintiff from the press conference at the time of the exclusion. Defs.' Objs. (Dkt. 79) at 4. Defendants' failure to address Judge Edison's conclusion that Sheriff Fagan's secret reason for excluding Plaintiff was illogical and unable to satisfy strict scrutiny means that Judge Edison's recommendation stands unchallenged. *See Morgan v. TDCJ McConnell Unit*, No. CIV.A. C-11-124, 2012 WL 1596691, at *1 (S.D. Tex. May 4, 2012), *aff'd sub nom. Morgan v. Tex. Dep't of Criminal Justice McConnell Unit*, 537 Fed. Appx.

502 (5th Cir. 2013) (adopting magistrate's recommendation to grant summary judgment where objecting party failed to address second ground for recommended holding).

But Defendants' objections also fail on the merits. Judge Edison correctly applied *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507 (2022) in rejecting Sheriff Fagan's *post hoc*, logic-defying, self-serving testimony about why he kicked Plaintiff out of the press conference. Judge Edison properly noted two relevant points in footnote 8 of the *Kennedy* decision: (1) justifications for suppressing speech "must be genuine, not hypothesized or invented *post hoc* in response to litigation"; and (2) the government does not get to suppress controversial speech on a hypothesized need "to ensure order" because that is a forbidden "heckler's veto." 597 U.S. at 543 n. 8 (cleaned up). Judge Edison rightly understood that *Kennedy* confirmed that hypothetical *post hoc* rationalizations for suppressing speech must be rejected as a matter of law. *Id.* (quoting *United States v. Virginia*, 518 U.S. 515, 533 (1996)).

Defendants don't dispute that their conflict-with-the-victim's-family theory is a forbidden *post hoc* rationalization. Nor do they dispute that kicking Plaintiff out of the press conference to prevent conflict with the family was a forbidden heckler's veto. All Defendants argue is that, in contrast to the hypothetical disorder the football coach in *Kennedy* might have caused by praying on the field, there "was an

altercation with the deceased party's ex-husband earlier the morning of the press conference." Defs.' Objs. at 3. "Unlike *Kennedy*," Defendants reason, "the altercation here is not a hypothetical future event." *Id.* at 4. Defendants argue that there should be a trial to figure out Sheriff Fagan's *real* reason for kicking Plaintiff out of the press conference. *Id.*

But, as Judge Edison recognized, the altercation Sheriff Fagan cared about was, under the undisputed record, entirely hypothetical—a possible altercation with the family *at the press conference*. Mem. & R. at 12. Yet the family wasn't at the press conference. *Id.* The whole purpose of holding the press conference in the parking lot was to be away from the family. *Id.* Even if the Sheriff's justification weren't an invented, *post hoc* rationalization for giving in to a heckler's veto, it is a justification based on a hypothetical conflict with zero probability of occurring. In that regard, Judge Edison was correct that the Supreme Court's rejection of hypothetical concerns about social disorder in *Kennedy* apply to the record here.

In sum, Judge Edison was right to reject Sheriff Fagan's *post hoc* justification for excluding Plaintiff from the press conference. Summary judgment for Plaintiff on his press conference claims against Sheriff Fagan and Fort Bend County is therefore warranted because "the record, taken as a whole, could not lead a rational trier-of-fact to find for the non-moving part[ies.]" *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013). Defendants' objections should be overruled, and the Court

should adopt Judge Edison's recommendation and grant summary judgment holding Sheriff Fagan and Fort Bend County liable on Plaintiff's free speech and equal protection claims arising from the press conference.[1]

Dated: September 23, 2024                Respectfully submitted,

/s/ Christen Mason Hebert
Christen Mason Hebert, Attorney-in-Charge
Texas Bar No. 24099898
Federal ID No. 3844981
Jeffrey Rowes*, of counsel
Texas Bar No. 24104956
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org
jrowes@ij.org

Jared McClain*, of counsel
D.C. Bar No. 1720062
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
jmcclain@ij.org

*Attorneys for Plaintiff*

*Admitted pro hac vice*

---

[1] Judge Edison stated that a "jury trial on these claims should address only damages." Mem. & R. at 12. There has been no jury demand in this case, and Plaintiff understands Judge Edison to have concluded that the fact finder (in this case, the Court) should address the damages Sheriff Fagan and Fort Bend County owe to Plaintiff.


## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system and served upon all counsel of record.

<div style="text-align: right;">

/s/ Christen Mason Hebert
Christen Mason Hebert, Attorney-in-Charge

*Attorney for Plaintiff*

</div>