UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUSTIN PULLIAM,<br><br>       *Plaintiff*,<br><br>v.<br><br>COUNTY OF FORT BEND, TEXAS; SHERIFF ERIC FAGAN, in his individual capacity; OFFICER ROBERT HARTFIELD, in his individual capacity; OFFICER JONATHAN GARCIA, in his individual capacity; OFFICER TAYLOR ROLLINS, in his individual capacity; and OFFICER RICKY RODRIGUEZ, in his individual capacity,<br><br>       *Defendants*. | Civil Action No. 4:22-cv-4210 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR CONTINUANCE**

Plaintiff Justin Pulliam opposes Defendants' Motion for Continuance (Dkt. No. 93) (the "Motion"), filed on March 20, 2025. Defendants seek to continue the April 14, 2025 trial in this First Amendment case based on the health condition of their counsel, Mr. Kevin Hedges, who was previously diagnosed with pneumonia. While Pulliam is sympathetic to Mr. Hedges' condition, granting the Motion would unduly prejudice Pulliam and further delay trial. The fundamental problem is Defendants' failure to assign more than one attorney to the case despite Mr. Hedges' personal and health challenges, which have already resulted in a trial continuance. Neither Pulliam nor the Court should bear the continued cost of that failure. Accordingly, Pulliam urges the Court to deny Defendants'

1

Motion and enforce its rule that "[t]he Court's trial settings are usually firm[.]" George C. Hanks, Jr., United States District Judge, *Court Procedures*, § 4(A), at 4.

## FACTUAL BACKGROUND

Pulliam is an independent journalist who sued Fort Bend County and its law enforcement officers for violating his First Amendment and equal-protection rights. This Court already granted partial summary judgment to Pulliam, ruling that Sheriff Fagan violated Pulliam's constitutional rights when the Sheriff excluded Pulliam from a press conference and that both the Sheriff and Fort Bend County were liable. Trial concerns two issues: (1) whether Fort Bend County and an individual officer, Taylor Rollins, are liable for arresting Pulliam in retaliation for his First Amendment activities as part of the policy of hostility to Pulliam, his reporting, and his speech and (2) the appropriate amount of damages and scope of injunctive relief.

This case has already been continued twice. The operative events of this case took place over three years ago, in July and December 2021. The case was filed in December 2022, and summary judgment was fully briefed by November 2023. Trial was originally set for January/February 2024. Dkt. No. 36. The trial date was then reset for June 2024. Dkt. No. 69. In March 2024, the Court subsequently granted a stay of the June 2024 trial deadlines because of a family emergency faced by Defendants' counsel, Mr. Hedges. Dkt. Nos. 72, 73.

Several months passed, and the Court scheduled a status conference for December 5, 2024. Dkt. No. 84. Mr. Hedges emailed the Court's case manager and asked that the status conference be reset because he was traveling to France and his "phone and internet

connections on our plan are not as robust as advertised." Ex. 1 (Counsel 2024 Email Chain). Pulliam's counsel opposed the reset but asked the Court to set the case for trial in 2025 or reschedule the status conference as soon as possible "[i]f no attorney from the Fort Bend County Attorney's Office [was] able to attend the December 5th status conference." *Id.* The Court declined to reset the December 5th status conference, and Mr. Hedges was able to attend. Dkt. 86.

At the December 5th status conference, counsel for both Pulliam and Defendants indicated that they would be available and ready to try the case during the week of April 14, 2025. *See id.* The Court therefore set the case for trial on that mutually agreed date. Dkt. No. 85. Pulliam's counsel then made repeated overtures to work with Mr. Hedges to prepare for trial. Ex. 2 (Counsel 2025 Email Chain). On February 13, 2025, Pulliam's counsel emailed Mr. Hedges to outline a plan for putting together the Court's required pretrial materials. *Id.* Mr. Hedges was delayed in responding because he was out with the flu. *Id.* When Pulliam's counsel again followed up to work with Mr. Hedges on preparing for trial, Mr. Hedges said that he would be out of the office the entire week of March 3rd for a family vacation in Italy. *Id.*; Ex. 3 (Emails to Ms. Picota). Pulliam's counsel then followed up a third time on March 11, 2025, and Mr. Hedges indicated he had pneumonia. *Id.*

On March 18, 2025, Pulliam's counsel reached out a fourth time to work with Mr. Hedges on trial preparation. *Id.* Mr. Hedges indicated that he was "improving but not near 100% yet" and proposed a two-week continuance. *Id.* Pulliam's counsel responded that they opposed that continuance. *Id.* On March 20, 2025, Mr. Krueger filed his appearance

3

as attorney for Defendants. Dkt. No. 92. That same day, Defendants filed their Motion asking that this case be reset "for sometime in the summer of 2025" based on "the uncertainty of Mr. Hedges['] medical condition." Mot. at 2. The Motion represents that "with less than 30[ ]days, Mr. Krueger cannot adequately prepare for trial," and that, in any case, Mr. Hedges is "Defendants['] preferred counsel." *Id.*

## LEGAL STANDARD

The decision whether to deny a continuance is within the sound discretion of the trial court. *United States v. Rounds*, 749 F.3d 326, 336 (5th Cir. 2014). "[T]he judgment range [for such a decision] is exceedingly wide." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (citation omitted). "Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling witnesses, lawyers, and jurors at the same place, at the same time, and this burden counsels against continuances except for compelling reasons." *United States v. Hayes*, 267 F. Supp. 3d 827, 832 (W.D. Tex. 2016) (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983)). A district court's denial of a continuance is reviewed "only for an abuse of that discretion resulting in serious prejudice." *United States v. Piper*, 912 F.3d 847, 858 (5th Cir. 2019) (citations omitted).

"If, after reasonable notice that a case has been scheduled for trial on a date *counsel has announced he will be ready*, he is unable to proceed with a trial, the other parties are put to needless expense, the court is inconvenienced, and, worst of all, valuable trial days are irretrievably wasted." *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1236–37 (5th Cir. 1984) (emphasis added). "Trial courts therefore have both the power and the duty to take measures to control their dockets and to ensure that counsel properly prepare cases

4

scheduled for trial so that they can be tried and decided rather than continued and rescheduled." *Id.* at 1237.

## ANALYSIS

Pulliam respectfully opposes Defendants' motion to continue and does not do so lightly. Pulliam understands Mr. Hedges' health challenges and the predicament this has put Mr. Krueger and Defendants in.

But there are two problems with Defendants' motion, neither of which Defendants acknowledge. First, Defendants' problem is the foreseeable consequence of having only Mr. Hedges as counsel for Defendants and keeping him as the only lawyer long after a pattern of personal and health challenges should have made it obvious that Defendants' team needed to be bigger. Defendants' motion boils down to "we took a reckless staffing gamble, it didn't pay off, and now we're not prepared." That is not an acceptable basis for continuing trial in a busy federal court.

Second, Defendants don't mention the prejudice to Pulliam, much less try to account for it. He has been waiting and waiting through multiple delays to fully vindicate his First Amendment rights. His counsel, all of whom live in Austin, have structured their staffing, work in other cases, childcare, and vacations around the April 14 trial setting. Pulliam's counsel treated the trial setting as set in stone.

**I.     Pulliam would be harmed by another continuance.**

Pulliam has waited nearly a year for trial on his constitutional claims after this Court continued the June 2024 trial to accommodate Defendants' counsel. An additional continuance would be unfair and harmful to Pulliam.

5

First, this case has already been continued multiple times. Trial was originally set for January/February 2024. Dkt. No. 36. The trial date was then reset for June 2024. Dkt. No. 69. The Court then ordered a stay of the trial deadlines in March 2024 due to Defendants' counsel being unable to prepare for trial. Dkt. Nos. 72, 73. The Court's current trial date of April 14, 2025 has been set since December 5, 2024. Dkt. No. 85. Trial is now less than a month away. Pulliam has already devoted substantial resources and time to prepare for trial a second time—a year after he first prepared for trial. He should not be forced to wait and prepare a third time.

Second, an additional delay would be harmful to Pulliam, whom this Court has already determined to have suffered a First Amendment violation at the hands of Defendants and whose speech has been chilled by that violation. Dkt. Nos. 77, 81; *see also Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (quoting *Elrod v. Burns,* 427 U.S. 347, 373 (1976))). Further delay in resolving this case allows Defendants to drag out the violation of Pulliam's constitutional rights and the injuries suffered by Pulliam. Continuing trial, even because of counsel's health condition, benefits the County and is in line with the policy of hostility to Pulliam, his reporting, and his speech at the core of this case. There is no guarantee that Defendants or their counsel will ever be ready—especially if ready means that Mr. Hedges must be available to be Defendants' counsel—for a trial that presents Pulliam the chance to vindicate his constitutional rights.

Third, Pulliam and his counsel have already arranged to be in Houston for trial the week of April 14, including arranging childcare during the trial week and making hotel payments, at least a portion of which are non-refundable given that trial is less than a month away. A continuance would present scheduling and logistical problems, especially regarding childcare.

## II. The Court should enforce its rule that trial settings are firm.

This Court's rule for continuances is clear: "The Court's trial settings are usually firm[.]" George C. Hanks, Jr., United States District Judge, *Court Procedures*, § 4(A), at 4. It is well within the Court's "exceedingly wide" discretion to deny the Motion. *Johnson v. Potter*, 364 F. App'x 159, 162 (5th Cir. 2010) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986)). Because the Motion was brought less than a month before trial, it threatens a "severe disruption in the [C]ourt's heavy schedule." *Loinaz v. EG & G, Inc.*, 910 F.2d 1, 7 n.5 (1st Cir. 1990). The Court should enforce its rule and deny the request for a continuance.

Enforcing the Court's rule here is in line with *Johnson v. Potter*, where the Fifth Circuit affirmed the denial of a continuance in a far more compelling case: a *pro se* plaintiff sought a second continuance based on her poor health. 364 F. App'x at 163–64. Because there was "no indication when, if ever, [the plaintiff] would be available for trial[,]" the Fifth Circuit observed that "if the district court had not denied the motion, it might have waited indefinitely for [the plaintiff] to be ready for trial." *Id*. So too here. Continuing trial based on the uncertainty of Mr. Hedges' health means that Pulliam and this Court may wait indefinitely.

Defendants had plenty of time to assign other or additional counsel to assist Mr. Hedges with this case and thereby avoid this situation, yet they chose not to. This case has been pending for over two years, and Mr. Hedges remained the only attorney until yesterday even though he has faced multiple personal challenges and the Fort Bend County Attorney's Office employs several attorneys. For example, Mr. Hedges was ill with an infection in his jaw in the summer of 2023, which required the extension of Defendants' answer date, rescheduling of depositions, and extension of discovery deadlines. Dkt. No. 49; Ex. 4 (Counsel 2023 Email Chain). And, as stated above, in March 2024, the Court stayed the June 2024 trial deadlines because of Mr. Hedges' family emergency. Dkt. Nos. 72, 73. Most significantly, the Court's current trial setting has been in place since early December of last year, and Defendants did not add another attorney until Pulliam opposed this continuance.

At every turn, Defendants could have added another attorney to this case to protect themselves against the possibility that Mr. Hedges would be unavailable. Defendants declined to do so. They cannot now complain that it would be unfair to require them to go to trial. *See United States v. Sheperd*, 27 F.4th 1075, 1085 (5th Cir. 2022) ("[N]ot every 'harsh' denial of a continuance is reversible.").

Defendants still have more than enough time to prepare for trial on April 14, 2025 with other counsel: Mr. Krueger and other attorneys in the Fort Bend County Attorney's Office. *See id.* ("We have upheld denial of a motion for continuance before in a case involving 'ten defendants, even more witnesses, and voluminous discovery' where counsel was appointed only a week-and-a-half before trial." (citing *United States v. Lewis*, 476 F.3d

8

369, 387 (5th Cir. 2007))). The Court should deny the Motion and proceed with the April 14th trial date.

## CONCLUSION

For the preceding reasons, Pulliam requests that the Court deny the Motion.

Dated: March 21, 2025.                    Respectfully submitted,

/s/ Christen Mason Hebert
Christen Mason Hebert, Attorney-in-Charge
Texas Bar No. 24099898
Federal ID No. 3844981

Jeffrey Rowes*, of counsel
Texas Bar No. 24104956

Michael Peña*, of counsel
Texas Bar No. 24131580

INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org
jrowes@ij.org
mpena@ij.org

*Admitted *pro hac vice*

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, a true and correct copy of the foregoing document was served via the Court's CM/ECF system upon all counsel of record.

<u>/s/ Christen Mason Hebert</u>
Christen Mason Hebert, Attorney-in-Charge

*Attorney for Plaintiff*