**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR CONTINUANCE**
*Pulliam v. County of Fort Bend, Texas, et al.*
Case No. 4:22-cv-4210

# EXHIBIT 3

| | |
|---|---|
| **From:** | Christie Hebert |
| **To:** | CM4147@txs.uscourts.gov |
| **Cc:** | Krueger, Rolf; Jeff Rowes; Michael Peña; Kendall Morton; Hedges, Kevin |
| **Subject:** | RE: Case No. 4:22-cv-4210 Pulliam v. Fort Bend County, et al |
| **Date:** | Thursday, March 20, 2025 12:14:05 PM |

Good morning, Ms. Picota,

Plaintiff Justin Pulliam opposes a continuance and will promptly file a response in opposition to a motion to continue trial.

We are sympathetic to Mr. Hedges' health situation, but an additional continuance would prejudice Pulliam. The fundamental problem is Defendants' failure to assign more than one attorney to the case despite Mr. Hedges' personal and health challenges, which have already resulted in a trial continuance. Neither Pulliam nor the Court should bear the continued cost of that.

It is time for this important First Amendment case to go to trial. As we will explain in a formal response, this case has already been continued twice. The second setting, for June 2024, was continued due to a family emergency experienced by Mr. Hedges. The operative events of this case took place in July and December 2021. The case was filed in December 2022. Summary judgment was fully briefed by November 2023. At a December 5, 2024 status conference to identify a trial date following the second continuance, the parties agreed that April 14, 2025 would work. At the very least, Defendants should have added another attorney from the Fort Bend County Attorney's Office by then, but they did not.

The Fort Bend County Attorney's Office employs multiple attorneys. Mr. Hedges remains available to assist his colleagues even if he is poor health. Duties in the Fort Bend County Attorney's other cases are not more important than Mr. Pulliam's rights, than his counsel's time and other duties, and certainly not more important than the Court's time and other obligations. Defendants' ongoing lack of attention to this case is evident in the fact that Mr. Hedges requested a two-week continuance earlier this week in conferring with counsel that has now ballooned to a proposed continuance until summer or fall in the below email.

Thank you for your consideration,
Christie Hebert

---

**From:** Hedges, Kevin <Kevin.Hedges@fortbendcountytx.gov>
**Sent:** Thursday, March 20, 2025 10:03 AM
**To:** CM4147@txs.uscourts.gov
**Cc:** Christie Hebert <chebert@ij.org>; Krueger, Rolf <Rolf.Krueger@fortbendcountytx.gov>
**Subject:** Case No. 4:22-cv-4210 Pulliam v. Fort Bend County, et al

Good morning Ms. Picota:

My colleague Rolf Krueger will be filing an appearance and an OPPOSED motion for continuance

today on behalf of Defendants.

In mid-February, I got the flu. I got better, then got worse. On February 27th, I was prescribed a steroid pack as well as medicine to manage the symptoms. I went on a vacation to Italy with my family the week of March 3rd, and I was increasingly short of breath during the week. I went to the doctor on my return on Monday, March 10th and was diagnosed with pneumonia, prescribed another steroid pack, antibiotics, an inhaler and more medicine to manage the symptoms. My shortness of breath did not improve. I went back to the doctor on March 14th. An EKG found a ventricular arrhythmia. I was told to make a cardiology appointment ( the earliest date I could get in as a new patient was 3/24 at 2:40 p.m.) and, if I experienced increased shortness of breath coupled with chest pain, left arm pain, or jaw pain to go to the emergency room. Yesterday morning at 4:30, I woke up with increased shortness of breath, chest pain, and pain in my left arm. My wife took me to the Methodist Sugar Land Emergency Room. Between 5:30 and 6 a.m., the emergency room doctors did an EKG, which was normal. They took a chest xray, which showed that my lungs were clear. The two series of bloodwork showed that my white count was normal (no active infection), and that enzymes that would indicate a heart attack were absent. The ER doctors prescribed a nebulizer with thirty days of albuterol and suggested that I follow up with a Cardiologist (an appointment that I had already made) and a pulmonologist, which I have not yet made.

Bottom line, I am still short of breath, still weak, only able to work two or three hours a day, mostly from home, and I don't know why. I cannot see any way that I will be physically able to try the Pulliam case in mid April.

What I would ask the court is to continue the trial setting to the Summer or Fall, and enroll Mr. Krueger as additional trial counsel so that my medical condition does not further delay these proceedings if it has not resolved by then. Mr. Krueger is not able to try the case in April because (1) he is not familiar with the file, (2) he is preparing expert designations in Case No. 4:22-CV-04315, Yvette Atkinson v. Stephen Pustilnik, M.D. which are due on March 28th, , and (3) he is writing an appellate brief in the First Court of Appeals Case No. 01-24-00924-CV, that is due on April 10th.

I am writing you and opposing counsel so that you have as full a picture as I do about why my clients will be seeking a continuance.

Thank you.
Kevin Hedges



## Kevin T. Hedges
Assistant County Attorney
Chief, Litigation Division

**Fort Bend County Attorney's Office**

401 Jackson Street, 3rd Floor
Richmond, TX 77469
(281) 341-4555 x0 Main Phone
(281) 341-4557 Fax

+++++CONFIDENTIALITY NOTICE+++++

The information in this email may be confidential and/or privileged.  This email is intended to be reviewed by only the individual or organization named above.  If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited.  If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.  Thank you in advance for your assistance.

**Disclaimer, Email Does Not Constitute a Binding Agreement.** This email does not constitute an agreement to conduct transactions by electronic means and does not create any legally binding contract or enforceable obligation in the absence of a fully signed written contract.