IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN PULLIAM | § § § | |
| V. | § | CIVIL ACTION NO.: 4:22-CV-4210 |
| | § § | |
| FORT BEND COUNTY, TEXAS, ET. AL., | § § | |

**DEFENDANTS' MOTION TO
EXCLUDE UNDISCLOSED DAMAGES AND SUPPORTING EVIDENCE
AND
OBJECTIONS TO PLAINTIFF'S PROPOSED TRIAL EXHIBITS**

Rule 26(a)(1) requires a party "*without awaiting a discovery request*," to disclose:

- Documents that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses; and

- A computation of each category of damages claimed by the disclosing party along with documents or other evidentiary material on which each computation is based including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(ii) and (iii) (emphasis added).

"If a party fails to provide information … as required by Rule 26(a) …, the party is ***not allowed*** to use that information … to supply evidence … at a trial, unless the failure was substantially justified or harmless." *Id*. at 37(c)(1) (emphasis added). "This Court strictly enforces the rules regarding disclosure and discovery." *See* Judge Hank's proposed Joint Pretrial Order at Exhibits and Exhibit List.

> **Exhibits and Exhibit List**
>
> The Court strictly enforces the rules regarding disclosure and discovery. Counsel should use a Bates numbering system during discovery to allow for the orderly discussion of documents during the pretrial process.

Despite this clear mandate, only 14-days before trial, Plaintiff Justin Pulliam ("Plaintiff") informed Defendants Fort Bend County, Texas, Sheriff Eric Fagan, and Lieutenant Taylor Rollins (collectively, "Defendants") that he seeks the admission of 34-exhibits that were never disclosed in discovery pursuant to Rule 26(a)(1).[1]  Of greater concern though, Plaintiff also informed Defendants that, at trial, he seeks recovery of: (i) $163,113 in alleged "lost profits" and (ii) $22,730.91 in purported "criminal case expenses" — accounting for a little over 68% of the total damages Plaintiff pursues in this matter.[2]  Surprisingly though, Plaintiff:

- Failed to provide a computation for these damages in his initial disclosures — despite the requirements of Rule 26(a)(1)(A)(iii); and

- Failed to disclose "documents or other evidentiary material" on which these computations are based — despite the majority of these documents being available to him for years.[3]

Plaintiff's late disclosure on the eve of trial – whether inadvertent or deliberate – is at odds with the purpose of Rules 26 and 37, which were promogulated to prevent unfair surprise and ambush.  *See e.g., Silva v. United States*, No. 5:19-CV-151, 2022 WL 22298558, at *5 (S.D. Tex. Apr. 27, 2022) (Kazen, J.).   Accordingly, Defendants file this motion seeking entry of an order:

- Excluding the admission of all exhibits Plaintiff failed to produce under Rule 26(a)(1) in connection with his claim for "lost profits" and "criminal case expenses";[4] and

- Forbidding the recovery of any alleged "lost profits" and "criminal case expenses" in this proceeding given that Plaintiff failed to disclose (i) a computation of these purported damages and (ii) documents or other evidentiary material on which the claimed damages are based.[5]

---

[1] Appendix 1, Exs. 2, 3; *see generally* Appendix 2.
[2] Appendix 2, PX-27.
[3] *Cf* Appendix 1, Ex. 1 *with* Appendix 2, PX-27.
[4] *See* Appendix 2, PX-27—PX-45.
[5] *Id*.

2

Defendants also file their objections to Plaintiff's proposed trial exhibits pursuant to Rule 26(a)(3)(B).

## JUDICIAL NOTICE

Defendants request that the Court take judicial notice of the filings in the above-captioned proceeding. Fed. R. Evid. 201. Defendants also incorporate by reference the portions of such pleadings, Orders, and supporting evidence referred to and cited herein. Fed. R. Civ. P. 10(c).

## EVIDENCE

Defendants give notice that their motion and objections are supported by the evidence contained in the appendices of evidence attached hereto and incorporated herein by reference in their entirety.

## BACKGROUND

Plaintiff initiated this proceeding on December 5, 2022 claiming his constitutional rights were violated on July 12, 2021 and December 21, 2021.[6] A little less than a year later, on August 24, 2023, Plaintiff served the final version of his Rule 26(a)(1) disclosures.[7] Surprisingly though, Plaintiff failed to disclose any documents or computations related to alleged "lost profits" or "criminal case expenses."[8] Plaintiff also failed to disclose documents or other evidentiary material on which any damage computation was based.[9]

Almost two years later, and only 14-days before trial, Plaintiff provided Defendants copies of 71-exhibits he seeks to introduce as evidence.[10] 34 of those exhibits, however, – almost half –

---

[6] *See generally* Pl.'s Orig. Compl. (ECF No. 1 filed on Dec. 5, 2022).
[7] Appendix 1, Ex. 1.
[8] *See id*.
[9] *See id*.
[10] Appendix 1, Ex. 2; *see generally* Appendix 2.

3

where never disclosed under Rule 26(a)(1).[11] More importantly though, the last-minute production also revealed that Plaintiff seeks recovery of $185,843.91 in damages for which computations and supporting information was never disclosed.[12]

When asked about this failure, Plaintiff admitted that "[he] did not produce [the information] because Defendants did not make any requests for production at any point ...."[13] Plaintiff also claimed, "[he] had an affirmative duty to disclose these specific documents under Rule 26(a)(3) for pretrial disclosures, as order by Judge Hanks," but not under Rule 26(a)(1).[14]

**MOTION TO EXCLUDE UNDISCLOSED DAMAGES AND SUPPORTING EVIDENCE**
**(Pursuant to Rules 26 and 37)**

**"[W]ithout awaiting a discovery request ...."**

Initial disclosure obligations are automatic. Indeed, as established above, Rule 26(a)(1) makes clear, "a party *must, without awaiting a discovery request*," provide to the other parties:

- A copy of all documents that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; and of greater significance

- A computation of each category of damages claimed by the disclosing party along with documents or other evidentiary material on which each computation is based including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(ii) and (iii) (emphasis added).

In general, the disclosing party must make its initial disclosures within 14-days of the parties Rule 26(f) conference or at a time set by stipulation or court order. *Id*. at 26(a)(1)(C). The disclosing party must "supplement or correct its disclosure or response ... in a timely manner if

---

[11] *See id*.

[12] *Cf*. Appendix 1, Ex. 1 *with* Appendix 2, PX-27-PX-45.

[13] Appendix 1, Ex. 3.

[14] *See id*.

the party leans that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id*. at 26(e)(1).

"Rule 26(a)(1)'s automatic disclosure requirement 'was adopted to end two evils that had threatened civil litigation: expensive and time-consuming pretrial discovery techniques and ***trial by ambush***.'" *Olivarez v. GEO Group, Inc.*, 844 F.3d 200, 204 (5th Cir. 2016) (emphasis added) (quoting *Hayes v. Cha*, 338 F. Supp. 2d 470, 503 (D.N.J. 2004)); *see also e.g., Taft v. Target Corp.*, No. 4:21-CV-02946, 2024 WL 1251545, at *3 (S.D. Tex. Mar. 22, 2024) (Eskridge, C.).

**Rule 37(c) provides the appropriate sanction for failures under Rule 26(a)(1)**

Rule 37(c) sets forth the appropriate sanction for a violation of Rule 26(a)(1): "the party is not allowed to use that information … to supply evidence … at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Once the party seeking enforcement under Rule 37 shows that the opposing party failed to timely disclose – as is the case here – "Rule 37(c)(1) implicitly places the burden on the party facing sanctions to prove harmlessness or substantial justification." *Taft*, No. 4:21-CV-02946, 2024 WL 1251545, at *3 (quoting *Mission Toxicology v United-Healthcare Insurance Company*, 499 F Supp 3d 338, 344 (W.D. Tex 2020)).

In this case, there is no dispute that Plaintiff failed to disclose, under Rule 26(a)(1): (i) the 34-exhibits at issue,[15] and more importantly (ii) a computation for the $185,843.91 in damages he now seeks in purported "lost profits" and "criminal case expenses" along with documents and other

---

[15] *Cf.* Appendix 1, Ex. 3 *with* Appendix 2.

evidentiary material on which those computations are based.[16] The question, then, is whether Plaintiff can show his failure to disclose was either justifiable or harmless. In short, he can't.

<strong>Plaintiff's failure was not substantially justified or harmless</strong>

The Fifth Circuit considers four factors to determine whether a failure to disclose is justified or harmless.

- <u>First</u>, the importance of the evidence.
- <u>Second</u>, the prejudice to the opposing party of including the evidence.
- <u>Third</u>, the possibility of curing such prejudice by granting a continuance.
- <u>Fourth</u>, the explanation for the party's failure to disclose.

See *CQ, Inc v TXU Mining Co, LP*, 565 F3d 268, 280 (5th Cir 2009) (finding no abuse of discretion where district court excluded evidence and nonmoving party "ha[d] not offered any justification for its failure to disclose").

Considering each of these factors, there is little doubt that Plaintiff's failure to disclose the damage computations and evidence on which the computations were based was neither justified nor harmless.

**Factor 1: The undisclosed computations, and evidence on which the computations are based, are vitally important.**

The importance of the undisclosed computations, and evidence on which the computations are based, is best measured by simply looking at the total amount of damages Plaintiff seeks to recover in this proceeding — that being $272,288.26.[17] Plaintiff, however, failed to disclose the required information under Rule 26(a)(1) ***for 68% of these total damages*** — *i.e.,* $185,843.91.[18]

---

[16] Appendix 2, PX-27-PX-45.

[17] *Id.*, PX-27.

[18] *Id.*, PX-27-PX-45

In other words, Plaintiff waited until just two weeks before trial began before disclosing evidence of nearly 70% of what he contends his claims are worth.

The computations and supporting evidence Plaintiff failed to disclose are indispensable to this matter. Plaintiff should not be allowed to gain a tactical advantage in this proceeding for his failure to timely disclose this pivotal evidence under Rule 26(a)(1).

**Factor 2: Defendants were never given a fair and meaningful opportunity to challenge the purported damages and supporting evidence.**

The prejudice Defendants will suffer if these undisclosed damages are allowed to be recovered, and supporting evidence is admitted, is obvious — Defendants will be deprived of a fair and meaningful opportunity to defend themselves. Indeed, the undisclosed damage evidence was not available to Defendants when Plaintiff was deposed. Plaintiff's failure also deprived Defendants an opportunity to retain an expert to evaluate and potentially challenge Plaintiff's purported (i) "lost profits" and (ii) "criminal case expenses."[19] Accordingly, it is clear Defendants will suffer prejudice as a result of Plaintiff's failure to disclose the damage computations and supporting evidence.

**Factor 3: A trial continuance would not cure the prejudice Defendants will suffer.**

A trial continuance would be insufficient to cure the prejudice Defendants will suffer as a result of Plaintiff's late disclosure. Indeed, to provide Defendants a fair and meaningful opportunity to challenge the undisclosed damage computations and supporting evidence, discovery will have to be reopened, and Plaintiff will have to be subject to a second deposition. Moreover, as explained above, Defendants may also need to retain an expert to analyze and

---

[19] *Id.*, PX-27.

challenge Plaintiff's purported (i) "lost profits" and (ii) criminal case expenses. At this state in the litigation, seven days before trial, such a remedy is just not practical.

**Factor 4:  Plaintiff cannot provide an adequate explanation for his failure to comply with Rule 26(a)(1).**

As noted above, Plaintiff offers two excuses for his failure to comply with Rule 26(a)(1):

- <u>First</u>, Rule 26(a)(3).
- <u>Second</u>, the absence of a discovery request.[20]

These excuses, however, are inadequate.

For starters, as Judge Means explained a few months ago, "Rule 26(a)(3) does ***not*** provide a carte-blanche opportunity for a party to produce for the first time … exhibits never before produced during discovery." *Rios v. Tex. Christian Univ.*, 348 F.R.D. 606, 610 (N.D. Tex. 2025) (Means, T.) (emphasis added) (citing *Noel v. BP Expl. & Prod., Inc.*, 346 F.R.D. 139, 145 (S.D. Ala. 2024)).

Likewise, as established above, the absence of a discovery request does not relieve Plaintiff of his discovery obligations. Fed. R. Civ. P. 26(a)(1)(A)(ii) and (iii).[21] The language of Rule 26(a)(1)(A) is clear, initial disclosures are automatic and must be made "***without awaiting a discovery request***." *Id*. at 26(a)(1)(A) (emphasis added). Plaintiff's excuses for failing to make disclosures under Rule 26(a)(1) fall short.

---

[20] Appendix 1, Ex. 3 ("[Plaintiff] had an affirmative duty to disclose these specific documents under Rule 26(a)(3) for pretrial disclosures, as ordered by Judge Hanks.")

[21] *See supra* at 1.

## OBJECTIONS TO PLAINTIFF'S PROPOSED TRIAL EXHIBITS
### (Pursuant to Rule 26(a)(3)(B))

### PX-04 (Undisclosed, Misleading Photograph)[22]

Defendants object to the admission of PX-04 given that Plaintiff failed to disclose this photograph in discovery in violation of Rule 26(a)(1). Defendants also object to Plaintiff's categorization that the photo is taken from "across the street" of the Kraft Property.[23] This is inaccurate and misleading. This photograph appears to be taken from a second gas station located *two* streets across from the Kraft Property. *See* Fed. R. Evid. 403.

_____   _____
           SUSTAINED                              OVERRULED

### PX-08 (Undisclosed, Social Media Post)[24]

Defendants object to the admission of PX-08 given that Plaintiff failed to disclose the social media post in violation of Rule 26(a)(1). Moreover, the social media post contain hearsay, is unauthenticated, and irrelevant. *Id*. at 402, 802, 901.

_____   _____
           SUSTAINED                              OVERRULED

### PX-10 (Undisclosed, Hearsay YouTube Video)[25]

Defendants object to the admission of PX-10 given that Plaintiff failed to disclose this video recording in violation of Rule 26(a)(1). Moreover, the recording contains images of documents, photographs, and other material not admitted, or even offered, into evidence at trial. *See e.g., United States v. Shafer*, 455 F.2d 1167, 1169 (5th Cir. 1972). The recording also calls for a narrative and contains numerous hearsay statements. Fed. R. Evid. 802.

_____   _____
           SUSTAINED                              OVERRULED

---

[22] Appendix 2, PX-04.

[23] *Id*., Pl.'s Ex. List.

[24] *Id*., PX-08.

[25] *Id*., PX-10.

## PX-13 (Undisclosed, Misleading Summary)[26]

Defendants object to the admission of PX-13 given that Plaintiff failed to disclose this summary in violation of Rule 26(a)(1). Moreover, the summary is misleading and does not accurately reflect the information contained in PX-12. *Id*. at 403.

_____    _____
             SUSTAINED                              OVERRULED

## PX-14 (Undisclosed, Hearsay E-Mail)[27]

Defendants object to the admission of PX-14 given that Plaintiff failed to disclose this correspondence in violation of Rule 26(a)(1). Moreover, the letter contains hearsay and is unauthenticated. *Id*. at 802, 901.

_____    _____
             SUSTAINED                              OVERRULED

## PX-17 (Undisclosed, Hearsay, Incomplete Video)[28]

Defendants object to the admission of PX-17, at this point, given that Plaintiff failed to disclose this video recording in violation of Rule 26(a)(1). Moreover, the recording contains hearsay, is unauthenticated, and misleading given that it is incomplete. *Id*. at 403, 802, 901.

_____    _____
             SUSTAINED                              OVERRULED

## PX-18 (Undisclosed, Hearsay, Incomplete Video)[29]

Defendants object to the admission of PX-18, at this point, given that Plaintiff failed to disclose this video recording in violation of Rule 26(a)(1). Moreover, the recording contains hearsay, is unauthenticated, and misleading given that it is incomplete. *Id*. at 403, 802, 901.

_____    _____
             SUSTAINED                              OVERRULED

---

[26] *Id*., PX-13.

[27] *Id*., PX-14.

[28] *Id*., PX-17.

[29] *Id*., PX-18.

### PX-19 (Undisclosed, Hearsay Video with Different Agency)[30]

Defendants object to the admission of PX-19 given that Plaintiff failed to disclose this video recording in violation of Rule 26(a)(1). Moreover, the recording contains hearsay, is unauthenticated, and misleading given that it is incomplete. *Id*. at 403, 802, 901. It also involves a separate law enforcement agency, not the Fort Bend County Sheriff's Office, making it irrelevant. *Id*. at 402.

_____     _____
             SUSTAINED                                    OVERRULED

### PX-21 (Undisclosed, Hearsay Correspondence)[31]

Defendants object to the admission of PX-21 given that Plaintiff failed to disclose this correspondence in violation of Rule 26(a)(1). Moreover, the correspondence contains hearsay, is unauthenticated, and irrelevant. *Id*. at 402, 802, 901.

_____     _____
             SUSTAINED                                    OVERRULED

### PX-22 (Undisclosed Correspondence)[32]

Defendants object to the admission of PX-22 given that Plaintiff failed to disclose this correspondence in violation of Rule 26(a)(1). Moreover, the correspondence is irrelevant. *Id*. at 402.

_____     _____
             SUSTAINED                                    OVERRULED

### PX-23 (Undisclosed, Hearsay E-mails)[33]

Defendants object to the admission of PX-23 given that Plaintiff failed to disclose these e-mails in violation of Rule 26(1)(1). Moreover, the e-mails contain hearsay and are unauthenticated. *Id*. at 802, 901.

_____     _____
             SUSTAINED                                    OVERRULED

---

[30] *Id*., PX-19.

[31] *Id*., PX-21.

[32] *Id*., PX-22.

[33] *Id*., PX-23.

### PX-24 (Undisclosed, Hearsay Text Messages)[34]

Defendants object to the admission of PX-24 given that Plaintiff failed to disclose the text messages in violation of Rule 26(a)(1). Moreover, the text messages contain hearsay and are unauthenticated. *Id*. at 802, 901.

_____   _____
SUSTAINED                        OVERRULED

### PX-25 (Undisclosed, Hearsay Correspondence)[35]

Defendants object to the admission of PX-25 given that Plaintiff failed to disclose the correspondence in violation of Rule 26(a)(1). Moreover, the correspondence contains hearsay, is unauthenticated, and irrelevant. *Id*. at 402, 802, 901.

_____   _____
SUSTAINED                        OVERRULED

### PX-26 (Undisclosed, Hearsay Correspondence)[36]

Defendants object to the admission of PX-26 given that Plaintiff failed to disclose the correspondence in violation of Rule 26(a)(1). Moreover, the correspondence contains hearsay, is unauthenticated, and irrelevant. *Id*. at 402, 802, 901.

_____   _____
SUSTAINED                        OVERRULED

### PX-27 (Undisclosed Damage Summary)[37]

Defendants object to the admission of PX-27 given that Plaintiff failed to disclose the damage computation, and supporting evidence, in violation of Rule 26(a)(1). Plaintiff also failed to disclose documents and evidence upon which the damage computation is based in violation of Rule 26.

_____   _____
SUSTAINED                        OVERRULED

---

[34] *Id*., PX-24.

[35] *Id*., PX-25.

[36] *Id*., PX-26.

[37] *Id*., PX-27.

### PX-28 (Undisclosed, Hearsay Social Media Posts)[38]

Defendants object to the admission of PX-28 given that Plaintiff failed to disclose the social media posts in violation of Rule 26(a)(1). Moreover, the social media posts contain hearsay, are unauthenticated, and irrelevant. *Id*. at 402, 802, 901.

_____     _____
           SUSTAINED                              OVERRULED

### PX-29 (Undisclosed, Hearsay News Article)[39]

Defendants object to the admission of PX-29 given that Plaintiff failed to disclose news article in violation of Rule 26(a)(1). Moreover, the news article contains hearsay, is unauthenticated, and irrelevant. *Id*. at 402, 802, 901.

_____     _____
           SUSTAINED                              OVERRULED

### PX-30 (Undisclosed, Hearsay Background Report)[40]

Defendants object to the admission of PX-30 given that Plaintiff failed to disclose this background report in violation of Rule 26(a)(1). Moreover, the report contains hearsay, is unauthenticated, and irrelevant. *Id*. at 402, 802, 901.

_____     _____
           SUSTAINED                              OVERRULED

### PX-31 (Undisclosed, Hearsay Correspondence)[41]

Defendants object to the admission of PX-31 given that Plaintiff failed to disclose this correspondence in violation of Rule 26(a)(1). Moreover, the report contains hearsay, is unauthenticated, and irrelevant. *Id*. at 402, 802, 901.

_____     _____
           SUSTAINED                              OVERRULED

---

[38] *Id*., PX-28.

[39] *Id*., PX-29.

[40] *Id*., PX-30.

[41] *Id*., PX-31.

### PX-32 (Undisclosed Receipts)[42]

Defendants object to the admission of PX-32 given that Plaintiff failed to disclose these receipts in violation of Rule 26(a)(1).

_____  _____
         SUSTAINED                          OVERRULED

### PX-33 (Undisclosed, Hearsay Receipts)[43]

Defendants object to the admission of PX-33 given that Plaintiff failed to disclose these receipts in violation of Rule 26(a)(1).

_____  _____
         SUSTAINED                          OVERRULED

### PX-34 (Undisclosed Criminal Case Expenses)[44]

Defendants object to the admission of PX-34 given that Plaintiff failed to disclose these receipts in violation of Rule 26(a)(1).

_____  _____
         SUSTAINED                          OVERRULED

### PX-35 (Undisclosed, Hearsay Damage Summary)[45]

Defendants object to the admission of PX-35 given that Plaintiff failed to disclose this computation, and supporting evidence, in violation of Rule 26(a)(1). Moreover, the summary calls for hearsay and is unauthenticated. *Id*. at 802, 901.

_____  _____
         SUSTAINED                          OVERRULED

---

[42] *Id*., PX-32.

[43] *Id*., PX-33

[44] *Id*., PX-34.

[45] *Id*., PX-35.

**PX-36 (Undisclosed, Hearsay Damage Summary)**[46]

Defendants object to the admission of PX-36 given that Plaintiff failed to disclose this computation, and supporting evidence, in violation of Rule 26(a)(1). Moreover, the summary calls for hearsay and is unauthenticated. *Id*. at 802, 901.

_____     _____
            SUSTAINED                              OVERRULED

**PX-37 (Undisclosed, Hearsay Damage Summary)**[47]

Defendants object to the admission of PX-37 given that Plaintiff failed to disclose this computation, and supporting evidence, in violation of Rule 26(a)(1). Moreover, the summary calls for hearsay and is unauthenticated. *Id*. at 802, 901.

_____     _____
            SUSTAINED                              OVERRULED

**PX-38 (Undisclosed, Hearsay Damage Summary)**[48]

Defendants object to the admission of PX-38 given that Plaintiff failed to disclose this computation, and supporting evidence, in violation of Rule 26(a)(1). Moreover, the summary calls for hearsay and is unauthenticated. *Id*. at 802, 901.

_____     _____
            SUSTAINED                              OVERRULED

**PX-39 (Undisclosed, Hearsay Damage Summary)**[49]

Defendants object to the admission of PX-39 given that Plaintiff failed to disclose this computation, and supporting evidence, in violation of Rule 26(a)(1). Moreover, the summary calls for hearsay and is unauthenticated. *Id*. at 802, 901.

_____     _____
            SUSTAINED                              OVERRULED

---

[46] *Id*., PX-36.

[47] *Id*., PX-37.

[48] *Id*., PX-38.

[49] *Id*., PX-39.

**PX-40 (Undisclosed, Hearsay Damage Summary)**[50]

Defendants object to the admission of PX-40 given that Plaintiff failed to disclose this computation, and supporting evidence, in violation of Rule 26(a)(1). Moreover, the summary calls for hearsay and is unauthenticated. *Id*. at 802, 901.

_____     _____
            SUSTAINED                              OVERRULED

**PX-41 (Undisclosed, Hearsay Damage Summary)**[51]

Defendants object to the admission of PX-41 given that Plaintiff failed to disclose this computation, and supporting evidence, in violation of Rule 26(a)(1). Moreover, the summary calls for hearsay and is unauthenticated. *Id*. at 802, 901.

_____     _____
            SUSTAINED                              OVERRULED

**PX-42 (Undisclosed, Hearsay Damage Summary)**[52]

Defendants object to the admission of PX-42 given that Plaintiff failed to disclose this computation, and supporting evidence, in violation of Rule 26(a)(1). Moreover, the summary calls for hearsay and is unauthenticated. *Id*. at 802, 901.

_____     _____
            SUSTAINED                              OVERRULED

**PX-43 (Undisclosed, Hearsay Damage Summary)**[53]

Defendants object to the admission of PX-43 given that Plaintiff failed to disclose this computation, and supporting evidence, in violation of Rule 26(a)(1). Moreover, the summary calls for hearsay and is unauthenticated. *Id*. at 802, 901.

_____     _____
            SUSTAINED                              OVERRULED

---

[50] *Id*., PX-40.

[51] *Id*., PX-41.

[52] *Id*., PX-42.

[53] *Id*., PX-43.

### PX-44 (Undisclosed, Hearsay Damage Summary)[54]

Defendants object to the admission of PX-44 given that Plaintiff failed to disclose this computation, and supporting evidence, in violation of Rule 26(a)(1). Moreover, the summary calls for hearsay and is unauthenticated. *Id*. at 802, 901.

_____     _____
           SUSTAINED                              OVERRULED

### PX-45 (Undisclosed, Hearsay Damage Summary)[55]

Defendants object to the admission of PX-45 given that Plaintiff failed to disclose this computation, and supporting evidence, in violation of Rule 26(a)(1). Moreover, the summary calls for hearsay and is unauthenticated. *Id*. at 802, 901.

_____     _____
           SUSTAINED                              OVERRULED

### PX-48 (Deposition Transcript)[56]

Defendants object to the admission of PX-48 given that it is the entire deposition transcript of Sheriff Fagan when he was deposed pursuant to Rule 30(b)(6). Sheriff Fagan, however will be available live to testify making admission of his entire deposition transcript unnecessary. *Id*. at 804(b)(1).

_____     _____
           SUSTAINED                              OVERRULED

### PX-49 (Deposition Transcript)[57]

Defendants object to the admission of PX-49 given that it is the entire deposition transcript of Sheriff Fagan. Sheriff Fagan, however will be available live to testify making admission of his entire deposition transcript unnecessary. *Id*.

_____     _____
           SUSTAINED                              OVERRULED

---

[54] *Id*., PX-44.

[55] *Id*., PX-45.

[56] *Id*., PX-48.

[57] *Id*., PX-49.

## CONCLUSION

For the foregoing reasons, Defendants pray that this Court:

- Forbid Plaintiff from seeking recovery of any "lost profits" or "criminal case expenses" given his failure to comply with Rule 26(a)(1)(iii);

- Exclude any evidence related to Plaintiff's purported "lost profits" or "criminal case expenses;" and

- Sustain their objections to Plaintiff's proposed trial exhibits.

Defendants further pray that this Court grant it such other and further relief, both general and special, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

Bridgette Smith-Lawson
Fort Bend County Attorney

By: */s/ Kevin T. Hedges*
    Kevin T. Hedges
    Attorney-in-Charge
    State Bar No. 09370100
    Federal ID No. 9939
    *kevin.hedges@fortbendcountytx.gov*
    Rolf F. Krueger
    State Bar No. 24080990
    Federal ID No. 3041756
    *rolf.krueger@fortbendcountytx.gov*
    Fort Bend County Attorney's Office
    401 Jackson Street, 3rd Floor
    Richmond, Texas 77469
    (281) 341-4555
    (281) 341-4557 (Fax)

ATTORNEYS FOR DEFENDANTS
FORT BEND COUNTY, TEXAS, SHERIFF ERIC FAGAN, AND LIEUTENANT TAYLOR ROLLINS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on the parties and counsel identified on the attached service list by electronic service on this the 1st day of July, 2025.

    */s/ Kevin T. Hedges*
    Kevin T. Hedges

## SERVICE LIST

Christen M. Hebert
Jeffrey T. Rowes
Michael Pena
Institute for Justice
816 Congress Avenue, Suite 970
Austin, Texas 78701
*chebert@ij.org*
*jrowes@ij.org*
*mpena@ij.org*