**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

JUSTIN PULLIAM,

*Plaintiff*,

v.

COUNTY OF FORT BEND, TEXAS; SHERIFF ERIC FAGAN, in his individual capacity; OFFICER ROBERT HARTFIELD, in his individual capacity; OFFICER JONATHAN GARCIA, in his individual capacity; OFFICER TAYLOR ROLLINS, in his individual capacity; and OFFICER RICKY RODRIGUEZ, in his individual capacity,

*Defendants*.

Civil Action No. 4:22-cv-4210

# PLAINTIFF JUSTIN PULLIAM'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE

Christen Mason Hebert, Attorney-in-Charge
Texas Bar No. 24099898
Federal ID No. 3844981

Jeffrey Rowes*, of counsel
Texas Bar No. 24104956

Michael Peña*, of counsel
Texas Bar No. 24131580

INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org
jrowes@ij.org
mpena@ij.org

*Admitted *pro hac vice*

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**Page**

Table of Authorities ........ ii

Introduction ........ 1

Argument in Response ........ 2

I. Pulliam Complied with Rule 26 Initial Disclosures and Defendants Misunderstand the Text and Meaning of the Rule. ........ 2

A. Defendants Misstate Rule 26 to Invent a Nonexistent Duty to Turn Over Documents. ........ 2

B. Defendants Failed to Show that Pulliam Actually Violated the Computation of Damages Requirement. ........ 4

II. Any Defect in Pulliam's Initial Disclosures Was Substantially Justified or Harmless and Any Rule 37 Sanctions Would Be Unjust. ........ 6

A. Defendants' Lack of Diligence Does Not Justify Rule 37 Sanctions. ........ 7

B. The CQ Factors Overwhelmingly Favor Pulliam. ........ 9

1. The "importance of the evidence" factor favors Plaintiff because his damages evidence is vital to remedying Defendants' constitutional violations. ........ 9

2. The "prejudice to the opposing party" likewise favors inclusion of the evidence. ........ 10

3. Defendants don't propose obviously workable alternatives to the harshest possible sanction of total exclusion of 34 exhibits. ........ 13

4. Pulliam never acted in bad faith and so the "explanation" factor favors Pulliam too. ........ 14

Certificate of Service ........ 18

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Charles v. Sanchez*,
2015 WL 1345385 (W.D. Tex. Mar. 23, 2015) .......... 11

*City of Hattiesburg v. Hercules, Inc.*,
2016 WL 1090610 (S.D. Miss. Mar. 18, 2016) .......... 13

*CQ, Inc. v. TXU Min. Co., L.P.*,
565 F.3d 268 (5th Cir. 2009) .......... 7

*Dexon Computer, Inc. v. Cisco Sys., Inc.*,
2024 WL 2819633 (E.D. Tex. Jan. 8, 2024);.......... 5, 10, 13

*FDIC v. Conner*,
20 F.3d 1376 (5th Cir. 1994) .......... 7

*Gatson v. Wilshire Commercial Capital LLC*,
344 F.R.D. 372 (E.D. Tex. 2023).......... 12

*Guidry v. Continental Oil Co.*,
640 F.2d 523 (5th Cir. 1981) .......... 7

*Huffman v. City of Conroe, TX*,
2008 WL 4453563 (S.D. Tex. Sept. 26, 2008) .......... 15

*Indel Food Prods. Inc. v. Dodson Int'l Parts Inc.*,
2022 WL 18585884 (W.D. Tex. Sept. 21, 2022).......... 11

*Jonibach Mgmt. Tr. v. Wartburg Enterprises, Inc.*,
136 F. Supp. 3d 792 (S.D. Tex. 2015) .......... 14

*Kelly v. Riverside Partners, LLC*,
397 F. Supp. 3d 75 (D. Mass. 2019) .......... 13

*Kelly v. Riverside Partners, LLC*,
964 F.3d 107 (1st Cir. 2020).......... 13

*King v. King*,
117 F.4th 301 (5th Cir. 2024) .......... 7

*Linear Grp. Servs., LLC v. Attica Automation, Inc.*,
2014 WL 3400714 (E.D. Mich. July 11, 2014) .......... 12

*Lopez v. Don Herring, Ltd.*,
327 F.R.D. 567 (N.D. Tex. 2018) .......... 4

*Malik v. Falcon Holdings, LLC*,
675 F.3d 646 (7th Cir. 2012) .......... 5, 10, 12

*Meeks v. United States*,
2015 WL 12657105 (W.D. Tex. Oct. 16, 2015) .......... 11

*NCN Lending, LLC v. Cook*,
2010 WL 5146600 (S.D. Tex. Dec. 13, 2010) .......... 6

*Olivarez v. GEO Group, Inc.*,
844 F.3d 200 (5th Cir. 2016) .......... 14

*Realtime Data LLC v. EchoStar Corp.*,
2018 WL 6257472 (E.D. Tex. Nov. 15, 2018) .......... 12

*ResMan, LLC v. Karya Property Mgmt., LLC*,
2020 WL 5884820 (E.D. Tex. Oct. 1, 2020) .......... 9

*Silvagni v. Wal-Mart Stores, Inc.*,
320 F.R.D. 237 (D. Nev. 2017) .......... 5

*Sizemore v. Wal-Mart Stores, Inc.*,
2006 WL 1698291 (S.D. Tex. June 16, 2006) .......... 8

*Storr v. Alcorn State Univ.*,
2017 WL 3471191 (S.D. Miss. Aug. 11, 2017) .......... 12

*U.S. E.E.O.C. v. IESI Louisiana Corp.*,
720 F. Supp. 2d 750 (W.D. La. 2010) .......... 16

*Viera v. Signature Contracting Servs., LLC*,
2014 WL 2893208 (N.D. Tex. June 26, 2014) .......... 16

*Wilson v. Navika Cap. Grp., LLC*,
2014 WL 223211 (S.D. Tex. Jan. 17, 2014) .......... 14

**RULES**

Fed. R. Civ. P. Rule 26 .......... *passim*

Fed. R. Civ. P. Rule 26(a).......... 8

Fed. R. Civ. P. Rule 26(a)(1). .......... *passim*

Fed. R. Civ. P. 26(a)(1)(A) .......... 3

Fed. R. Civ. P. 26(a)(1)(A)(ii) .......... 1, 3

Fed. R. Civ. P. 26(a)(1)(A)(iii) .......... 1, 3

Fed. R. Civ. P. 26(e)(1)(A) .......... 15

Fed. R. Civ. P. 26(a)(1)(B) .......... 8

Fed. R. Civ. P. 26(a)(1)(E) .......... 11

Fed. R. Civ. P. 34.......... *passim*

Fed. R. Civ. P. 34(b) .......... 8

Fed. R. Civ. P. 37.......... *passim*

Fed R. Civ. P. 37(c) .......... 13

Fed. R. Civ. P. 37(c)(1) .......... 7

United States District Court Southern District of Texas, Local Rules and Procedures George C. Hanks, Jr., United States District Judge, *Court Procedures*, § 6(E) .......... 12

## INTRODUCTION

Defendants' motion to exclude is meritless. They ask the Court to throw out 34 exhibits, claiming they were "never disclosed in discovery pursuant to Rule 26(a)(1)." Doc. 105, Defs.' Mot. to Exclude Undisclosed Damages and Supporting Evidence ("Mot. Exc.") at 2. As the Court will see, Pulliam did nothing wrong, and Defendants misrepresent the facts and the law.

Defendants aren't forthright about their real problem. Their real problem is that they did no written discovery. Literally none. *See* Decl. of Christen Mason Hebert, ¶ 11. That is why they never saw the 34 exhibits before. They failed to take Pulliam's serious constitutional claims seriously. Defendants' failure to do discovery is doubly questionable because this is a First Amendment case in which Defendants bear the ultimate burdens of proof. Yet instead of accepting the foreseeable consequences of doing no written discovery, Defendants now plead with the Court to save them from their own folly.

Pulliam complied with Rule 26 initial disclosures and hence no sanctions are appropriate. Rule 26 simply does not require parties to hand over every trial document at the outset of litigation. It requires only "a copy—**or a description by category and location**—of all documents" in their possession that they may use. Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). For damages, the rule further requires that relevant documents be "**made available for inspection and copying**"—not affirmatively served. Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added). Furthermore, to the extent Defendants object to the computation of damages itself, Pulliam's initial disclosures identified all the categories of his damages (lost YouTube video profits, criminal attorneys' fees, mental

anguish and reputation damages, value of confiscated equipment, and bail money). He put a precise figure on the numbers he then knew and noted that damages continued to accrue for the other categories. This is all routine. Defendants could have—and surely should have—picked up the ball and done written discovery. After all, initial disclosures are the first step in discovery, not the last. But, for whatever reason, Defendants didn't do that. The Court should not punish Pulliam for Defendants' inexplicable lack of diligence.

## ARGUMENT IN RESPONSE

### I. Pulliam Complied with Rule 26 Initial Disclosures and Defendants Misunderstand the Text and Meaning of the Rule.

Pulliam explains below that Defendants fail to make any colorable argument that Pulliam violated his duty under Rule 26 initial disclosures concerning documents relevant to claims or his damages computation.

#### A. Defendants Misstate Rule 26 to Invent a Nonexistent Duty to Turn Over Documents.

Everyone knows that the duty imposed by initial disclosures may be satisfied by identifying categories of documents in a party's possession. That bit of common legal knowledge is right there in the plain text of Rule 26(a)(1) that Pulliam quoted above. The Court could stop here and simply deny Defendants' motion.

Defendants argue to the contrary but do so based on block quotes that misquote Rule 26(a)(1). Defendants' misquotations leave out the key concept that a party can satisfy its initial-disclosures duty simply by identifying categories of evidence and damages.

Here are screen-captures of Defendants' misquotations so the Court can easily identify their major errors. The first is from page 1 of Defendants' motion.

> Rule 26(a)(1) requires a party "***without awaiting a discovery request***," to disclose:
>
> - Documents that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses; and
> - A computation of each category of damages claimed by the disclosing party along with documents or other evidentiary material on which each computation is based including materials bearing on the nature and extent of injuries suffered.
>
> Fed. R. Civ. P. 26(a)(1)(A)(ii) and (iii) (emphasis added).

Here is a screenshot of the second misquotation from page 4.

> Initial disclosure obligations are automatic. Indeed, as established above, Rule 26(a)(1) makes clear, "a party ***must, without awaiting a discovery request***," provide to the other parties:
>
> - A copy of all documents that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; and of greater significance
> - A computation of each category of damages claimed by the disclosing party along with documents or other evidentiary material on which each computation is based including materials bearing on the nature and extent of injuries suffered.
>
> Fed. R. Civ. P. 26(a)(1)(A)(ii) and (iii) (emphasis added).

The second misquotation is particularly egregious because it *almost* quotes Rule 26(a)(1)(A) verbatim but not quite. Defendants once again leave out the all-important language stating that a party may, instead of turning over documents, simply provide a “description by category and location[.]” Fed. R. Civ. P. 26(a)(1)(A)(ii). With respect to damages, Defendants omit that a party need only make documents “available for inspection and copying” if a request for production is made under Rule 34. *Id.* 26(a)(1)(A)(iii). The simple fact is that Rule 26(a)(1) does not require a party to affirmatively turn over documents and hence Pulliam could not have violated that non-existent non-obligation. For whatever reason, Defendants have not read or presented Rule 26(a)(1) accurately.

Pulliam notes that the Defendants *do not* contend that he failed to identify categories of documents properly (as opposed to arguing that Pulliam needed to affirmatively turn over documents). Nor could Defendants have done so because, as the Court can see for itself, there is nothing wrong with Pulliam's initial description of documents in his possession. *See* Ex. A (Pl.'s Rule 26 Initial & Disclosures) at 4; Ex. B (Pl.'s Amended Rule 26 Disclosures) at 5. His initial disclosures were the sort of garden-variety disclosures that are probably made over 100 times per day across the country.

What, then, should defendants have done in response to Pulliam's appropriate initial disclosures in order to avoid the predicament they are now in? The answer is the same here as in every other case when a party receives garden-variety initial disclosures. The next step is written discovery. The Rule 26 Advisory Committee Notes from 1993 explain that initial disclosures are intended "to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests." *See also Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 590 (N.D. Tex. 2018) (if "only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests."). Had Defendants done written discovery, their problem wouldn't exist.

### B. Defendants Failed to Show that Pulliam Actually Violated the Computation of Damages Requirement.

Defendants also object that Pulliam violated his initial disclosure obligation by failing to give the precise damages number that he seeks for "***68% of these total damages.***"

Mot. Exc. at 6 (emphasis in original). By this, Defendants appear to mean that Pulliam did not give a precise damages number in his initial disclosures for lost profits and attorneys' fees for his criminal prosecution. *Id.* On this point, Defendants are simply wrong. Those damages were accruing and not susceptible to a precise computation at the outset. *See* Ex. A (Pl.'s Rule 26 Initial & Disclosures) at 4, Ex. B (Pl.'s Amended Rule 26 Disclosures) at 5. There is nothing wrong with a computation that identifies categories of accruing damages. *See Malik v. Falcon Holdings, LLC*, 675 F.3d 646, 649 (7th Cir. 2012) (Easterbrook, J.) (rejecting "absurd" argument that plaintiff's failure to quantify damages "as early as the initial disclosures" entitled defendants "to prevail outright"); *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017) ("A computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the Plaintiff"); *see also Dexon Computer, Inc. v. Cisco Sys., Inc.*, 2024 WL 2819633, at *5 (E.D. Tex. Jan. 8, 2024); Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it.").

But setting aside that Defendants *can't* prove a damages-computation violation, Pulliam wants to make the more basic point that they don't even try. If the Court looks at the motion's discussion of Rule 26, Defendants simply don't attempt to prove a damages-computation problem. *See* Mot. Exc. at 3–8. In fact, they don't appear to have even thought about it. Defendants don't quote Pulliam's initial disclosures anywhere, much less the language in his computation of damages. They don't identify a single word or number in Pulliam's computation of damages that they regard as deficient. They don't cite cases for the proposition that a computation of damages like Pulliam's is insufficient.

That default is fatal because this is *their* motion. They have the initial burden of showing a Rule 26(a)(1) violation. Defendants can't simply *assume* that a damages-computation violation exists. They must prove it with facts, cases, and legal reasoning. Yet, they don't. Defendants simply *assert* that Pulliam's computation was defective, skip straight to Rule 37 sanctions, and expect the Court and Pulliam to go along with it. *See* Mot. Exc. at 6.

But that puts the cart before the horse. An actual violation must precede the sanction. As Judge Rosenthal made clear in *NCN Lending, LLC v. Cook*, a party cannot establish a Rule 26 violation simply by pointing the finger and then diving straight to sanctions. 2010 WL 5146600, at *3 (S.D. Tex. Dec. 13, 2010). The court there rejected a Rule 26 damages-computation argument outright—declining to reach Rule 37—because "the [defendants] have not presented any basis for this court to conclude that [plaintiff] has withheld information or documents on which its damages calculation was based." *Id.* Here, Defendants have not carried their initial burden of showing that Pulliam violated his damages-computation obligation. Nor, as the Court can see for itself, could Defendants have proved a violation even if they had tried. Thus, to the extent the motion objects to the damages computation, it should be denied.

## II. Any Defect in Pulliam's Initial Disclosures Was Substantially Justified or Harmless and Any Rule 37 Sanctions Would Be Unjust.

To recap, Defendants haven't shown a Rule 26 violation, so Rule 37 sanctions aren't even on the table. Still, out of caution, Pulliam addresses Rule 37 and shows that even if the Court somehow discerns a technical defect in Pulliam's initial disclosures, exclusion is

unwarranted. Any technical defect "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Courts determine whether a violation "was substantially justified or is harmless" by considering four factors: "(1) the importance of the evidence; (2) any prejudice to the opposing party that would result if the evidence were admitted; (3) the availability of a continuance to cure such prejudice; and (4) the party's explanation for its failure to comply with Rule 26 in the first instance." *King v. King*, 117 F.4th 301, 307 (5th Cir. 2024) (citing *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009)) (the "*CQ* factors"). Sanctions under Rule 37 are not automatic—they are "flexible" and aim to ensure that "the scales of justice [are] even[,]" not tip them to benefit a negligent party. *Guidry v. Continental Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981). And the Fifth Circuit has made clear: The preferred course is to resolve disputes on the merits, not through exclusion of evidence. *See FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). Defendants are not entitled to any sanctions.

### A. Defendants' Lack of Diligence Does Not Justify Rule 37 Sanctions.

Before addressing the four *CQ* factors, it is important to step back and look at the big picture. The balancing inherent in Rule 37 cuts drastically against Defendants because their real problem is their lack of diligence. They did no written discovery. They deposed Pulliam without exhibits. *See* Decl. of Christen Mason Hebert, ¶¶ 6, 11. Defendants never gave anyone at any point the slightest hint that Pulliam's initial disclosures (or their amendment) were inadequate. *Id.* at ¶ 12. Defendants wrote no discovery deficiency letter, never filed a motion to compel, never sought to extend discovery, never raised damages in

summary judgment briefing or in objections to Judge Edison's Memorandum and Recommendation scheduling a trial on damages, or after this Court's adoption of that M&R, or at any stage in preparing for trial despite trial being continued three times. Defendants did nothing and so they got nothing.

That matters as the Court considers how to exercise its discretion to ensure fairness at trial. Defendants are asking this Court to do something fundamentally unjust, something no court has ever done as far as Pulliam can determine: Reward a complete lack of diligence. Defendants' argument boils down to this: *We did nothing in discovery and **because** we did nothing, we are prejudiced by trial exhibits with information that we could have, but didn't, obtain in discovery*.

In short, Defendants want to profit from their failure to litigate properly. But there is no Rule 37 case in which a court concludes that a party's abject lack of diligence in discovery can lead to a cognizable form of prejudice on the eve of trial. Indeed, the Rule 37 cases don't contain facts even remotely like those here, likely because a party that never did any discovery would be too embarrassed to bring an "I've never seen these documents before" motion. Pulliam did, however, find one case in which a party tried to pull a similar trick at summary judgment rather than at trial. *Sizemore v. Wal-Mart Stores, Inc.*, 2006 WL 1698291, at *3 (S.D. Tex. June 16, 2006).[1] The plaintiff there attempted to claim she

[1] "Plaintiff states in her Response that Wal-Mart identified relevant documents in its Initial Disclosures but did not produce the documents. Rule 26(a) of the Federal Rules of Civil Procedure, however, requires only that the documents be described by category and location. *See* Fed. R. Civ. P. 26(a)(1)(B). Plaintiff could then request production of the described documents. *See* Fed. R. Civ. P. 34(b). Consequently, Defendant's failure to

should benefit because the defendant did not produce documents under Rule 26, but the court correctly noted that it was the plaintiff's burden to request those documents under Rule 34. *Id.* This Court should not be the first to create perverse incentives by punishing Pulliam for Defendants' self-inflicted injury.

**B. The *CQ* Factors Overwhelmingly Favor Pulliam.**

Pulliam does not concede that he violated Rule 26. He did not. Pulliam isn't going to waste time arguing that he shouldn't be sanctioned for failing to affirmatively turn over documents because, as explained earlier, no such duty exists under any reading of Rule 26(a)(1)'s actual language (as opposed to Defendants' misleading quotes). Out of an abundance of caution, Pulliam responds only to Defendants' apparent point that the computation of damages in his initial disclosures didn't contain his final specific dollar amounts.

**1. The "importance of the evidence" factor favors Plaintiff because his damages evidence is vital to remedying Defendants' constitutional violations.**

Defendants state that Pulliam's damages evidence is "indispensable to this matter." Mot. Exc. at 7. They are correct but this cuts in Pulliam's favor, not theirs. The cases are uniformly clear that the importance of the evidence weighs in favor of *inclusion*, not exclusion. *See, e.g.*, *ResMan, LLC v. Karya Property Management, LLC,* 2020 WL 5884820, *2 (E.D. Tex. Oct. 1, 2020) (stating "[i]f this Court strikes Plaintiff's claim for

---

produce documents with its Rule 26 initial disclosures does not excuse Plaintiff's failure to present evidence in response to the pending Motion for Summary Judgment."

lost profit damages, Plaintiff cannot recover that amount[,]" and so "[t]he Court finds this factor weighs heavily in favor of considering the nondisclosure harmless.").

**2. The "prejudice to the opposing party" likewise favors inclusion of the evidence.**

Defendants' argument here is divorced from reality. They plead that they "were never given a fair and meaningful opportunity to challenge the purported damages and supporting evidence." Mot. Exc. at 7. At the risk of beating a dead horse, Defendants' problem is Defendants. They didn't do written discovery. Frankly, Defendants' portrayal of themselves as *victims* of Pulliam's discovery practice is absurd. In his initial disclosures and their amendment, Pulliam's computation of damages identified the following categories and some numbers that he then knew: "$1,957.19 for his currently confiscated recording equipment; $500 in bail payments; expenses related to his ongoing criminal prosecution (which are currently accruing and cannot be computed at this time); damages for his unlawful arrest and incarceration, including mental suffering as a result of his arrest and ongoing prosecution (currently accruing); and losses to his YouTube and other monetized social media channels (currently accruing)." Ex. A (Pl.'s Rule 26 Initial & Disclosures) at 4, Ex. B (Pl.'s Amended Rule 26 Disclosures) at 5. He listed many of these categories as accruing because they were, such as ongoing lost revenue from YouTube videos that he never made due to his speech being chilled, ongoing attorneys' fees from his criminal case due to prosecution after his unconstitutional arrest. There is nothing wrong with this. *Malik*, 675 F.3d at 649; *Silvagni*, 320 F.R.D. at 240; *Dexon Computer*, 2024 WL

2819633, at *5; Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it.").

In response to Pulliam's disclosures, Defendants did nothing but depose Pulliam. And they did so on the very categories Pulliam identified. For example, Pulliam testified at deposition to amounts he was seeking from each Defendant for replacement expenses, reputational harms, mental anguish, legal fees, lost profits, and punitive damages. Ex. C (Pulliam Depo.) at 43, 110, 117, 121. He testified that the loss of a single YouTube video alone would cost "a couple thousand dollars" *Id.* at 43. Of course, Defendants' deposition of Pulliam would have been far more effective if they'd done document discovery prior to the deposition—or even followed up on Pulliam's deposition testimony (or dug deeper during the deposition). Every 1L knows that. But Defendants didn't. *See* Decl. of Christen Mason Hebert, ¶ 11. That is their fault, not Pulliam's.

Courts routinely reject Rule 37 sanctions when initial disclosures put the opposing party on fair notice so that the ball was in their court to do discovery. *See Indel Food Prods. Inc. v. Dodson Int'l Parts Inc.*, 2022 WL 18585884, at *3 (W.D. Tex. Sept. 21, 2022) ("Dodson thus had nearly a year, at the very least, to prepare its defense to Indel's request for damages and cannot honestly claim that it was surprised or prejudiced by Indel's failure to disclose that request"); *Meeks v. United States*, 2015 WL 12657105, at *2 (W.D. Tex. Oct. 16, 2015) ("Defendant has deposed plaintiff and has had the opportunity to conduct full inquiry of her as to her injuries, medical expenses, and other damages."); *Charles v. Sanchez*, 2015 WL 1345385, at *4 (W.D. Tex. Mar. 23, 2015) ("Defendant simply cannot claim surprise. Defendants do not appear to have lacked knowledge of Plaintiff's damage

claims until the eve of trial."); *Realtime Data LLC v. EchoStar Corp.*, 2018 WL 6257472, at *3 (E.D. Tex. Nov. 15, 2018) (noting the defendants took a deposition, where they "had an opportunity to inquire" about the underlying bases for the damages claimed by the plaintiff); *Linear Grp. Servs., LLC v. Attica Automation, Inc.*, 2014 WL 3400714, at *3 (E.D. Mich. July 11, 2014) ("Any failure of Linear to prepare for perspective damages during the course of discovery is its own fault.").

Courts also reject Rule 37 sanctions when the party asserting prejudice could have taken reasonable steps to fix the problem long before trial. This Court's own procedures expressly obligate parties to work together to identify and resolve disputes. *See* George C. Hanks, Jr., United States District Judge, *Court Procedures*, § 6(E) ("Most discovery and scheduling disputes can and should be resolved by counsel without the intervention of the Court."). As Judge Easterbrook put it, "if defendants thought that plaintiffs had failed to perform their obligations under the rules, they should have asked the district judge for a sanction before discovery closed rather than waiting (as they did) until their motion for summary judgment." *Malik*, 675 F.3d at 649; *see also ResMan,* 2020 WL 5884820, at *3 ("While nothing requires a defendant to go through the Court, a defendant's failure to do so will be considered."); *Realtime Data*, 2018 WL 6257472, at *4 ("Prior to this Motion, Defendants have not filed a motion to compel seeking to require Plaintiff to supplement their initial disclosures."); *Storr v. Alcorn State Univ.*, 2017 WL 3471191, at *6 (S.D. Miss. Aug. 11, 2017) ("Had ASU made a timely motion, then the Court and the parties could have fashioned a remedy that would have allowed Storr to supplement and ASU to conduct any necessary follow-up discovery."); *Gatson v. Wilshire Commercial Capital LLC*, 344

F.R.D. 372, 379 (E.D. Tex. 2023) ("Furthermore, as Westlake argues, Plaintiff does not appear to have made a good faith effort to confer or attempt to confer with Westlake to resolve any discovery issue."); *City of Hattiesburg v. Hercules, Inc.*, 2016 WL 1090610, at *2 (S.D. Miss. Mar. 18, 2016) ("Indeed, the Court finds it noteworthy that Defendant did not seek any intermediate sanction under Rule 37(c), opting instead to jump directly to exclusion."); *Kelly v. Riverside Partners, LLC*, 397 F. Supp. 3d 75, 88 (D. Mass. 2019), *aff'd*, 964 F.3d 107 (1st Cir. 2020) ("In my view, these timely disclosures were enough for Mr. Kelly to have been on notice to ask for more specific disclosures from Defendants if he chose to do so. There was no prejudice to Mr. Kelly that was not self-inflicted by his failure to follow up.").

Finally, there is no violation or prejudice if undisclosed evidence is consistent with a plaintiff's damages theories in the Rule 26 disclosures and advanced "throughout this litigation." *Dexon Computer*, 2024 WL 2819633, at *6. Pulliam asserts no new damages theories that were not previously disclosed. Defendants cannot claim prejudice.

**3. Defendants don't propose obviously workable alternatives to the harshest possible sanction of total exclusion of 34 exhibits.**

For the reasons explained, Pulliam does not think Defendants have suffered any cognizable prejudice. But if they have, Defendants can't skip to the harshest possible sanction of total exclusion without considering less severe remedies, particularly when Defendants' negligence is 100 percent the cause of their problems. There are obvious ways to cure any prejudice short of excluding Pulliam's exhibits. The Court could, for example, hear evidence of liability and then recess trial for two weeks (or another time convenient

for the Court) to allow Defendants to examine Pulliam's exhibits. The Court can then reconvene the trial for a half day to allow examination and cross on Pulliam's lost-profits and criminal attorneys' fees damages. He is, after all, an independent journalist with a YouTube channel as his main source of revenue. His damages involve simple math based on a steady trickle of income from his videos. His evidence consists mostly of user-friendly data that he obtains from YouTube. He isn't Exxon-Mobil. No experts are required. And recessing trial will impose no hardship on Defendants, who have sought and obtained multiple continuances. *See Jonibach Mgmt. Tr. v. Wartburg Enterprises, Inc.*, 136 F. Supp. 3d 792, 809 (S.D. Tex. 2015) ("The policy of favoring disposition of a case on the merits also supports a short extension for discovery on the narrow damages issue here. In sum, in the interests of justice, the Court finds the small delay that will be caused reopening discovery on this single issue is harmless."); *Wilson v. Navika Cap. Grp., LLC*, 2014 WL 223211, at *8 (S.D. Tex. Jan. 17, 2014) ("The Court finds that the trial continuance issued in this order will allow time for Plaintiffs who remain in the action following this order to provide individual damages computations.").

#### 4. Pulliam never acted in bad faith and so the "explanation" factor favors Pulliam too.

The last *CQ* factor is whether the non-disclosing party has a reasonable explanation for the nondisclosure. A deficiency is "substantially justified" if "justifi[ed] to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure [obligation]." *Olivarez v. GEO Group, Inc.*, 844 F.3d 200, 205 (5th Cir. 2016) (cleaned up). Here, Pulliam engaged in diligent discovery

practice, including amending his initial disclosures before the close of discovery. In contrast to Defendants, Pulliam made two separate requests for production, obtained admissions from Defendants, deposed six people and Fort Bend County, wrote a deficiency letter to Defendants over certain issues, and backed up discovery by comparing documents Defendants produced with documents Pulliam had separately obtained via public records requests. *See* Decl. of Christen Mason Hebert, ¶¶ 7–10; *see also* Ex. D (Pl.'s deficiency letter).

Pulliam did what parties are supposed to do. And had Defendants given him any inkling that they were dissatisfied with his initial disclosures, Pulliam would have discussed that and, if needed, taken corrective steps. Pulliam couldn't fix a problem during discovery that Defendants didn't identify until two years after discovery closed.

Without any contrary indication from Defendants, Pulliam had a good faith belief that his initial disclosures were adequate in themselves and adequately supplemented in his deposition. *See* Fed. R. Civ. P. 26(e)(1)(A) (a party must supplement or correct its discovery if such discovery is incomplete or incorrect, but only if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"); *Huffman v. City of Conroe, TX*, 2008 WL 4453563, at *2 (S.D. Tex. Sept. 26, 2008) (failure to disclose witness was harmless where the witness's knowledge of relevant facts became apparent in deposition). Under the "reasonable person" standard for being "substantially justified" under Rule 37, Pulliam reasonably believed he complied with his discovery obligations.

That a party acted consistently in good faith, as Pulliam did at all times, matters under this last *CQ* factor. Courts do not impose the drastic sanction of excluding key trial evidence absent bad faith. *Viera v. Signature Contracting Servs., LLC*, 2014 WL 2893208, at *2 (N.D. Tex. June 26, 2014) (holding exclusion was an inappropriate remedy where "there was never a conscious attempt to hide the computations of Plaintiffs' damages from Defendants. And, in fact, there is no evidence before the Court to suggest that Plaintiffs' noncompliance with Rule 26 was the result of willfulness, fault, or bad faith."); *U.S. E.E.O.C. v. IESI Louisiana Corp.*, 720 F. Supp. 2d 750, 754 (W.D. La. 2010) ("It does not appear to this Court that the EEOC's failure to disclose the remaining computations was the product of willfulness or bad faith. As such, exclusion of the underlying evidence which would lead to a dismissal of those claims is too harsh of a remedy."). Here, even assuming *arguendo* that the Court could discern a technical defect in Pulliam's initial disclosures, there is no evidence that such deficiency is the result of bad faith.

**CONCLUSION**

Defendants' motion to exclude should be denied entirely. If the Court disagrees and seeks to impose a Rule 37 sanction, a corrective procedure such as a trial recess to allow Defendants to examine the exhibits is appropriate, given the gross disparity in party diligence, Pulliam's good faith at all times, and the severe prejudice Pulliam will suffer should his damages exhibits be excluded.

Dated: July 6, 2025

Respectfully submitted,

/s/ Christen Mason Hebert
Christen Mason Hebert, Attorney-in-Charge
Texas Bar No. 24099898
Federal ID No. 3844981

Jeffrey Rowes*, of counsel
Texas Bar No. 24104956

Michael Peña*, of counsel
Texas Bar No. 24131580

INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org
jrowes@ij.org
mpena@ij.org

*Admitted *pro hac vice*

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and served by the CM/ECF system to all counsel of record.

/s/ Christen Mason Hebert
Christen Mason Hebert, Attorney-in-Charge

*Counsel for Plaintiff*