IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN PULLIAM | § § § | |
| V. | § § § § | CIVIL ACTION NO.: 4:22-CV-4210 |
| FORT BEND COUNTY, TEXAS, ET. AL., | § § | |

**DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE IN OPPOSITION TO
THEIR MOTION TO EXCLUDE
UNDISCLOSED DAMAGES AND SUPPORTING EVIDENCE**

Defendants' motion does not seek exclusion of ***all*** 34 trial exhibits Plaintiff failed to disclose under Rule 26(a)(1)(A).[1] Instead, Defendants only seek exclusion of Plaintiff's claim for (i) $163,113 in alleged "lost profits," (ii) $22,730.91 in purported "criminal case expenses, " and (iii) any evidence offered to support these damages.[2] This sanction is appropriate given that Plaintiff:

- Failed to provide a computation for these purported damages, or the evidence on which they were based, as required by Rule 26(a)(1)(A)(iii); and

- He can provide no adequate reason why his failure was justified or harmless.

Plaintiff's response fails to cite any authority, or present any meaningful argument, which changes these facts. This Court should grant Defendants' motion.

---

[1] *See generally* Defs.' Mot. and Obj. (ECF No. 105 filed on Jul. 1, 2025).

[2] *See id*.

# PLAINTIFF FAILED TO COMPLY WITH RULE 26(a)(1)(A)(iii)

**A.  Simply identifying categories of damages, without computations, does not comply with Rule 26(a)(1)(A)(iii).**

Plaintiff argues that simply reciting categories of damages, without computations, is satisfactory under Rule 26(a)(1)(A)(iii).[3] This is incorrect.

The plain language of Rule 26(a)(1)(A)(iii) makes clear that parties are required to disclose "a computation of each category of damages" — not just a category. Fed. R. Civ. P. 26(a)(1)(A)(iii). The Fifth Circuit agrees with this interpretation — categories alone are insufficient. *See CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 279–80 (5th Cir. 2009) (noting that plaintiff's initial disclosures "failed to properly disclose the 'computations' for the various 'categories' of damages it now complain[ed] of" and affirming district court's decision to exclude new evidence on damages under Rule 37(c)). Categories alone, without computations, are also insufficient under 26(a)(1)(A)(iii) according to the Second Circuit. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (noting that "by its very terms, Rule 26(a) requires ... a 'computation,' supported by documents."). The Seventh Circuit also agrees. *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 94 F.4th 588, 606 (7th Cir. 2024) ("Rule 26 requires disclosure of any documents upon which damages computations are based, but doing so does not eliminate the requirement to provide the damages ***computations*** and ***categories*** the documents support.") (citation omitted) (emphasis added). The Western District of Texas also requires computations and categories Rule 26(a)(1)(A)(iii) — not just categories. *See In re Sambrano*, 440 B.R. 702, 709 (Bankr. W.D. Tex. 2010) ("Hartford's initial Rule 26(a) disclosures did not contain a computation of each category of damages claimed by Hartford; rather, Hartford simply listed its damages as

---

[3] Pl.'s Resp. (ECF No. 112 filed on Jul. 7, 2025) at 5 ("[T]here is nothing wrong with a computation that identifies categories of accruing damages.")

2

'damages related to completion costs associated with the SamCorp projects, bond claims, litigation that ensued because of SamCorp's default and attorneys' fees and expenses.' This ***does not satisfy the requirements of Rule 26(a) initial disclosures.***" (citation omitted)).

Plaintiff, however, cites three cases which he contends stand for the proposition that identifying categories, without computations, is sufficient under Rule 26(a)(1)(A)(iii).[4] None of these cases, however, even suggest that. <u>First</u>, in *Malik v. Falcon Holdings, LLC*, 675 F.3d 646, 649 (7th Cir. 2012), the Court's opinion provides no indication that the plaintiff's failure to disclose a computation in connection with its Rule 26(a)(1)(A)(iii) response is excused if only categories are provided. Instead, it appears the defendant was complaining that the computations that were provided should have instead contained more detail. *Id*. ("According to defendants, details should have been set out before the close of discovery, perhaps as early as the initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)….").

<u>Second</u>, *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017), does not find that providing a category of damages, without computations, satisfied Rule 26(a)(1)(A)(iii). Instead, the court found a "preliminary assessment" at the ***outset*** of the case would suffice as a computation "but it ***will not suffice*** as the case progresses." *Id*. (emphasis added). Moreover, the Court makes clear the ***plaintiff*** – not the defendant – has a duty to "'diligently obtain the necessary information and prepare and provide its damages computation within the discovery period.'" *Id*. (citing *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592 (D. Nev. 2011). The Court goes on to explain, "[i]n the event that a party learns that its disclosures are incomplete or inaccurate, it has a duty to supplement them 'in a timely manner.'" *Id*. (citing Fed. R. Civ. P. 26(e)).

---

[4] *Id*. at 5.

Finally, in *Dexon Computer, Inc. v. Cisco Sys., Inc.*, No. 5:22-CV-53-RWS-JBB, 2024 WL 2819633, at *5 (E.D. Tex. Jan. 8, 2024), nowhere does the Court state or suggest simply identifying categories of damages, without computations, satisfies Rule 26(a)(1)(A)(iii). Instead, the Court found if the computations are produced by some other means – such as expert reports – the defendant cannot persuasively argue prejudice as a result of the deficient disclosure. *Id*. at *6.

Providing categories of damages without computations, as Plaintiff did here, does not comply with Rule 26(a)(1)(A)(iii).[5]

**B.   Plaintiff failed to disclose, or make available for inspection, documents or other evidentiary material on which the non-existent computations were based.**

Rule 26(a)(1)(A)(iii) also requires a disclosing party to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, …." Fed. R. Civ. P. 26(a)(1)(A)(iii). Admittedly, Plaintiff failed to comply with this requirement.[6] Indeed, none of the trial exhibits Plaintiff now seeks to introduce into evidence supporting his claim for "lost profits" or "criminal case expenses" were ever produced or identified in a Rule 26(a)(1) disclosure or produced in discovery.[7] Accordingly, Plaintiff failed to comply with Rule 26(a)(1)(A)(iii).[8]

## PLAINTIFF'S FAILURE WAS NOT SUBSTANTIALLY JUSTIFIED OR HARMLESS

When, as is the case here, a party fails to comply with Rule 26(a)(1)(A)(iii), Rule 37(c) provides the appropriate sanction. Fed. R. Civ. P. 37(c). Rule 37(c) provides that a party who

---

[5] *Id*. at Exs. A, B.

[6] Appx. 1 (ECF No. 105-1 filed on Jul. 1, 2025), Ex. 3; *see also* Appx. 2 (ECF No. 105-1 filed on Jul. 1, 2025), PX-34 through PX-45.

[7] *See id*.

[8] Pl.'s Resp. (ECF No. 112 filed on Jul. 7, 2025) at Exs. A, B.

4

fails to meet its disclosure obligations "is not allowed to use that information … to supply evidence … at trial, unless the failure was substantially justified or harmless." *Id*. Here, Plaintiff argues any failure under Rule 26(a)(1)(A)(iii) was substantially justified or harmless given that:

- **Lack of Diligence:** Defendants' counsel failed to request the computations, or the evidence on which the non-existent computations are based, in discovery;[9]

- **Unavailability:** The information upon which the alleged "criminal case expenses" and "lost profits" are based was not available when he made his initial disclosures — the damages were instead accruing; and[10]

- **Good Faith**: Plaintiff acted in good faith excusing any failure under Rule 26(a)(1)(A)(iii).[11]

Each of these reasons, however, is insufficient.

**A.   Lack of Diligence: The burden was on Plaintiff to comply with Rule 26(a)(1)(A)(iii), not Defendants.**

Plaintiff argues that the lack of a discovery request excuses his failure to comply with Rule 26(a)(1)(A)(iii).[12] The very language of Rule 26, however, suggests otherwise. *Id*. at 26(a)(1)(A). The Rule provides that disclosure obligations are automatic and must be made "without awaiting a discovery request." *Id*. Indeed, as the *Silvagni* case cited in Plaintiff's brief explains, plaintiff – not the defendant – has a duty to "'diligently obtain the necessary information and prepare and provide its damages computation within the discovery period.'" 320 F.R.D. at 241.

This principle is not contradicted or disputed in any of the cases Plaintiff cites in his response. For example, in *Indel Food Products Inc. v. Dodson Int'l Parts Inc.*, No. EP-20-CV-98-KC, 2022 WL 18585884, at *3 (W.D. Tex. Sept. 21, 2022), the court found a plaintiff's failure to

---

[9] *See generally* Pl.'s Resp. (ECF No. 112 filed on Jul. 6, 2025).

[10] *Id*. at 10 ("[Plaintiff] listed many of these categories as accruing because they were, …..").

[11] *Id*. at 14-16.

[12] *Id*. at 10-11.

comply with Rule 26(a)(1)(A)(iii) was harmless given that defendant "was … on notice of the evidence the jury appears to have relied on to calculate the damages award" ***because the evidence was disclosed in discovery***. Here, Defendants were never provided anything in discovery, much less the documents on which Plaintiff bases his claim for "criminal case expenses" and "lost profits."[13]

In *Meeks v. United States*, 2015 WL 12657105, at *2 (W.D. Tex. Oct. 16, 2015), the court found that computations for certain non-pecuniary damages, such as emotional distress, mental anguish, etc. are not always required given the imprecise nature of the damages. Defendants agree with this proposition. That is why they are not seeking to exclude Plaintiff's claim for damages in connection with reputation, humiliation, and mental anguish despite Plaintiff's failure to provide a computation of these damages.[14] Instead, Defendants only seek exclusion of Plaintiff's claim for pecuniary damages — *i.e.*, "lost profits" and "criminal case expenses."[15]

Also, in *Charles v. Sanchez*, 2015 WL 1345385, at *4 (W.D. Tex. Mar. 23, 2015), the court found a defendant did not suffer prejudice despite Plaintiff's failure to comply with Rule 26(a)(1)(A)(iii) given that "[p]laintiff … produced all of the information within his possession" supporting the damages sought. Again, this is not the case here. Plaintiff never disclosed any information to Defendants — much less evidence on which his claim for "lost profits" and "criminal cases expenses" are based.[16]

---

[13] Appx. 1 (ECF No. 105-1 filed on Jul. 1, 2025), Ex. 3; *see also* Appx. 2 (ECF No. 105-1 filed on Jul. 1, 2025), PX-34 through PX-45.

[14] *Cf.* Defs.' Mot. to Exc. and Obj. (ECF No. 105 filed on Jul. 1, 2025) *with* Appx. 2 (ECF No. 105-1 filed on Jul. 1, 2025), PX-27.

[15] *See id*.

[16] *Cf. id*. Appx. 1, Ex. 3 *with* Appx. 2, PX-34 through PX-45.

Likewise, in *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6257472, at *3 (E.D. Tex. Nov. 15, 2018), the Court found insufficient damage computations did not cause defendants prejudice because "the parties [had] already exchanged extensive discovery on the topic of damages, including interrogatories and depositions."  This is not the case here.  Plaintiff never disclosed any information to Defendants — much less evidence on which his claim for "lost profits" and "criminal cases expenses" are based.[17]

Finally, in *Linear Group Services, LLC v. Attica Automation, Inc.*, No. 13-10108, 2014 WL 3400714, at *1 (E.D. Mich. July 11, 2014), the court reasoned a defendant suffered no harm as a result of plaintiff's inadequate disclosures under Rule 26(a)(1)(A)(iii) because the "defendant [was in possession of] the primary evidence that [plaintiff] will rely on to" support it.  In this case, Defendant have never been in possession of any documents regarding "lost profits" or "criminal case expenses."[18]

Plaintiff cannot blame Defendants for his failure to comply with Rule 26(a)(1)(A)(iii).  The proponent of the damages has the burden to prove them.  The authority cited by Plaintiff in his own brief supports this conclusion.  *Silvagni*, 320 F.R.D. at 241. (explaining, plaintiff – not the defendant – has a duty to "'diligently obtain the necessary information and prepare and provide its damages computation within the discovery period.'").

**B.    Unavailability: The evidence and information on which the computations are based were available to Plaintiff, he just decided not to produce them.**

Plaintiff's response suggests his disclosures under Rule 26(a)(1)(A)(iii) were adequate given that it was based on the information he had available to him at that time.[19]  This again is

---

[17] *See id*.

[18] *See id*.

[19] Pl.'s Resp. (ECF No. 112 filed on Jul. 6, 2025) at 10.

7

incorrect. Take for instance Plaintiff's claim for "criminal case expenses" in this matter.[20] Plaintiff acknowledges that these alleged expenses were incurred between December 23, 2021 through March 24, 2023.[21] Plaintiff's last disclosure response, however, was produced on August 24, 2023 — five months after Plaintiff apparently incurred his final "criminal case expense."[22] Plaintiff, therefore, had ample time to comply with Rule 26(a)(1)(A)(iii).

| Date | Description | Notes | Amount |
|---|---|---|---|
| 12/23/2021 | Criminal Defense Retainer | DuBose Defense | $2,000.00 |
| 10/19/2022 | Criminal Defense Legal Fees | DuBose Defense | $2,687.50 |
| 10/19/2022 | Bank fee for above payment | | $20.00 |
| 12/14/2022 | Criminal Defense Legal Fees | DuBose Defense | $2,500.00 |
| 12/14/2022 | Bank fee for above payment | | $20.00 |
| 1/13/2023 | FBC District Clerk (Records) | | $19.00 |
| 1/13/2023 | FBC District Clerk (Fee) | | $3.95 |
| 2/14/2023 | Criminal Defense Legal Fees | DuBose Defense | $5,000.00 |
| 3/22/2023 | External DVD Drive | To view discovery | $161.29 |
| 3/22/2023 | USB Drives | Organize exhibits | $107.17 |
| 3/23/2023 | USB Drives, Notebooks | Organize exhibits, notes during trial | $65.42 |
| 3/23/2023 | USB Drives | Organize exhibits | $84.98 |
| 3/23/2023 | USB Drives | Organize exhibits | $61.60 |
| 3/24/2023 | Criminal Defense Legal Fees | DuBose Defense | $10,000.00 |
| | | Subtotal | $22,730.91 |

Likewise, Plaintiff's alleged "lost profits" date back to 2021.[23] There is no reason a computation, and supporting evidence, could not have been provided on August 24, 2023.[24] Moreover, Rule 26(e)(1)(A) requires a party who has made disclosures under Rule 26(a) to "supplement or correct its disclosure" in a timely manner if the party learns in some material respect the disclosure or response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A).

---

[20] Appx. 2 (ECF No. 105-1 filed on Jul. 1, 2025), PX-34, PX-35.

[21] *See id.*

[22] Pl.'s Resp. (ECF No. 112 filed on Jul. 6, 2025) at Exs. 1, 2.

[23] *Id.* Appx. 2 (ECF No. 105-1 filed on Jul. 1, 2025), PX-41.

[24] *Cf. id.* Appx. 1, Ex. 1 *with* Appx. 2, PX-41.

C. **Good Faith: Plaintiff's failure to produce evidence in his possession for years does not suggest good faith.**

Plaintiff argues his failure to comply with Rule 26(a)(1)(A)(iii) was made in good faith, which should warrant admission of the computations and evidence.[25] But, the Plaintiff's failure to produce this critical evidence – despite having possessed it for years – plainly falls short of his assertion that he acted in good faith. Under Rule 26(e), a party must timely supplement its disclosures and responses when it learns that information previously provided is incomplete or incorrect, yet here Plaintiff chose to withhold relevant documents until trial. This deliberate non-production cannot be characterized as mere oversight. Rather, it reflects an intentional strategy to conceal information, depriving Defendants of a meaningful opportunity to challenge it.

D. **Plaintiff's "obviously workable" alternative doesn't work.**

Plaintiff proposes that the Court hear evidence on liability, then recess the trial for two weeks to allow Defendants time to examine Plaintiff's undisclosed damage computations and evidence on which they are based.[26] This proposal, however, doesn't fix the problem.

- First, Defendants will still need to be provided the evidence on which the computation for lost profits is based. This includes analytics from his various social media platforms and, potentially, tax documents. A subpoena may also be required.

- Second, Defendant will then need to analyze this information. Defendants may also need to consult with an expert.

- Third, a second deposition of Plaintiff may be necessary.

- Fourth, Defendants may also need to retain an expert to provide his own opinions on Plaintiff's claim for "lost profits" and "criminal case expenses."

A two-week delay in trial will not provide a meaningful opportunity for Defendants to challenge this evidence.

---

[25] Pl.'s Resp. (ECF No. 112 filed on Jul. 6, 2025) at 14-16.
[26] *Id.* at 13-14.

## CONCLUSION

Plaintiff failed to comply with Rule 26(a)(1)(A)(iii).  Plaintiff does not provide any valid reasons justifying his failure.  Plaintiff should be excluded from seeking recovery of (i) $163,113 in alleged "lost profits," (ii) $22,730.91 in purported for "criminal case expenses, " and (iii) prohibited from introducing as evidence any exhibits offered to support these damages

Respectfully submitted,

Bridgette Smith-Lawson
Fort Bend County Attorney

By: */s/ Kevin T. Hedges*
    Kevin T. Hedges
    Attorney-in-Charge
    State Bar No. 09370100
    Federal ID No. 9939
    *kevin.hedges@fortbendcountytx.gov*
    Rolf F. Krueger
    State Bar No. 24080990
    Federal ID No. 3041756
    *rolf.krueger@fortbendcountytx.gov*
    Fort Bend County Attorney's Office
    401 Jackson Street, 3rd Floor
    Richmond, Texas 77469
    (281) 341-4555
    (281) 341-4557 (Fax)

ATTORNEYS FOR DEFENDANTS
FORT BEND COUNTY, TEXAS, SHERIFF
ERIC FAGAN, AND LIEUTENANT TAYLOR
ROLLINS

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served on the parties and counsel identified on the attached service list by electronic service on this the 7th day of July, 2025.

                                            */s/ Kevin T. Hedges*
                                            Kevin T. Hedges

## SERVICE LIST

Christen M. Hebert
Jeffrey T. Rowes
Michael Pena
Institute for Justice
816 Congress Avenue, Suite 970
Austin, Texas 78701
*chebert@ij.org*
*jrowes@ij.org*
*mpena@ij.org*